UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-12030MLW

JEFFREY DANIELS, )
    Plaintiff )
)
v. )
)
NATIONAL RAILROAD )
PASSENGER CORPORATION, )
    Defendant )

DEFENDANT NATIONAL RAILROAD PASENGER CORPORATION'S
ANSWER TO PLAINTIFF COMPLAINT
<u>DEFENDANT HEREBY REQUESTS A TRIAL BY JURY AS TO ALL ISSUES</u>

The defendant, National Railroad Passenger Corporation ("Amtrak"), hereby answers the plaintiff's Complaint as follows:

1. The defendant is not directed or required to respond to this paragraph, as it is a statement of plaintiff's cause of action.

2. The defendant is not directed or required to respond to this paragraph as it states statutory authority of jurisdiction and venue.

3. The defendant, Amtrak, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. The defendant, Amtrak, admits the allegations contained in paragraph 4 of the Complaint.

5. The defendant, Amtrak, admits the allegations contained in paragraph 5 of the Complaint.

6. The defendant, Amtrak, admits the allegations contained in paragraph 6 of the Complaint.

7. The defendant, Amtrak, admits the allegations contained in paragraph 7 of the Complaint.

8.  The defendant, Amtrak, denies the allegations contained in paragraph 8 of the Complaint.

9.  The defendant restates and incorporates herein by reference its answers to Paragraphs 1 through 8 of plaintiff' Complaint as if set forth word for word.

10. The defendant, Amtrak, denies the allegations contained in paragraph 10 of the Complaint.

11. The defendant, Amtrak, denies the allegations contained in paragraph 11 of the Complaint.

12. The defendant, Amtrak, denies the allegations contained in paragraph 12 of the Complaint.

WHEREFORE, defendant, Amtrak, denies the plaintiff is entitled to judgment against defendant as alleged in the Complaint.

## AFFIRMATIVE DEFENSES

1.  Plaintiff's claim fails to state a claim upon which relief can be granted under the Federal Employer's Liability Act (45 (USC §51-59), the Boiler Inspection Act (45 §23-24), or the Safety Appliance Act (45 USC §1 et. seq.)

2.  Plaintiff's claim is barred by the Statute of Limitations as set out in 45 USC § 56.

3.  Plaintiff's claim is barred because his negligence was the sole cause of his injuries. Higley v. Missouri Pacific R. Co., 685 SW2d 572 (1985).

4.  Plaintiff's claim is barred because the negligence of a third party was the cause of plaintiff's injuries.

5.  Plaintiff's proven damages, if any, must be diminished by the fact finder in proportion to the amount of the plaintiff's contributory negligence, 45 USC §53.

6.  Plaintiff's claim is barred because the alleged negligence and/or violations of the defendant Railroad, Amtrak, were not the proximate cause of the plaintiff's claimed injuries, but were rather the result of intervening and superseding causes for which the defendant, Railroad, Amtrak is not responsible. Davis v. Wolfe, 263 US 239 (1923).

7. Plaintiff's claim is barred because he choose an unsafe method of performing his work. <u>Virginian Ry. Co. v. Viars</u>, 193 F.2d 547 (1952).

8. Plaintiff's claim is barred, or his proven damages must be diminished, as he failed to mitigate his damages. <u>Brown v. Chicago and Northwestern Transportation Co.</u>, 516 NE2d 320 (1987).

9. Plaintiff's claim is barred because he was not an employee of the defendant Railroad, Amtrak, when he allegedly injured himself. <u>Kelley v. Southern Pacific Co.</u>, 419 US 318 (1974).

10. Plaintiff's claim is barred because he was not acting within the scope of his employment with the defendant Railroad, Amtrak, when he allegedly injured himself. <u>Getty v. Boston and Maine Corp.</u>, 505 F.2d 1226 (1974).

11. Plaintiff's claim is barred because the defendant Railroad, Amtrak provided the plaintiff with a reasonably safe place to work.

12. Plaintiff's claim is barred because the car was not in use for purposes of the Boiler Inspection Act or the Safety Appliance Act. <u>Baltimore and Ohio Railroad Co. v. Hooven</u>, 297 F. 919 (1924).

13. Plaintiff's claim is barred because the defendant Railroad, Amtrak, is not liable for its failure to have safety equipment that it is not required to have under the Boiler Inspection Act or the Safety Appliance Act. <u>King v. Southern Pacific Trans. Co.</u> 855 F.2d 1485 (1988).

14. Plaintiff's claim is barred because the equipment that was allegedly defective is not covered by either the Safety Appliance Act or the Boiler Inspection Act.

15. Plaintiff's claim is barred because the defendant, Railroad, Amtrak did not violate the provisions of the Safety Appliance Act or the Boiler Inspection Act.

16. Plaintiff's claim is barred due to principles of Federal Preemption.

DEFENDANT, AMTRAK, CLAIMS THE RIGHT TO TRIAL BY JURY ON ALL ISSUES.

WHEREFORE, defendant, Amtrak, respectfully requests that the Court:

1. Deny the relief sought by plaintiff in the complaint and dismiss the complaint with prejudice;

2. Award Amtrak reasonable costs and attorneys' fees; and

3. Order such other and further relief as the Court deems just and proper.

                                                NATIONAL RAILROAD
                                                PASSENGER CORPORATION,

                                                By its attorney,

                                                _____
                                                Edward P. Harrington
                                                Assistant General Counsel
                                                MBTA Law Department
                                                Ten Park Plaza
                                                Boston, MA  02116
                                                (617) 222-3192
                                                BBO #559482

Dated: _____

### CERTIFICATE OF SERVICE

I hereby certify that on the above date, I served a copy of the foregoing, postage pre-paid to: George J. Cahill, Jr., Esquire, Cahill, Goetsch & Maurer, P.C., 43 Trumbull Street, New Haven, CT 06510.

                                                _____
                                                Edward P. Harrington
                                                Assistant General Counsel