UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12030MLW

| | |
|---|---|
| JEFFREY DANIELS,<br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT STATEMENT

Date Complaint Filed: September 24, 2004
Date Complaint Served: October 1, 2004
Date of Defendant's Appearance: February 1, 2005

1.  Pursuant to Fed. R. Civ. P. 16(b) and 26(f), a conference was held on March 1, 2005.

The participants were:

George J. Cahill, Jr., for plaintiff Jeffrey Daniels.

Lawrence F. Boyle, for defendant National Railroad Passenger Corporation.

**I.   CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case, and costs of litigation and alternative dispute resolution, and, in consultation with their clients, have developed the following proposed case management plan.

Counsel further certify that they have conferred:

(a) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and

1129346v1

(b)   to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Counsel do not consent to trial by a Magistrate Judge.

## II.   JURISDICTION

The plaintiff alleges that this Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

## III.   BRIEF DESCRIPTION OF CASE

### A.   Claims of Plaintiff

The plaintiff, Jeffrey Daniels, brings this case under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. for personal injuries he allegedly sustained as the result of the defendant National Railroad Passenger Corporation's negligence. Plaintiff alleges that on July 19, 2002, while engaged in his duties as a B&B mechanic at or about Franklin, Massachusetts, he injured his right shoulder and his right thumb. Plaintiff alleges that the defendant failed to provide him with a safe place to work and caused the plaintiff to sustain an injury to his right shoulder and right thumb. Plaintiff Daniels claims past wages and benefits, past and future pain, suffering, and mental anguish.

### B.   Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant

The defendant claims that the plaintiff's damages and injuries were caused by his own carelessness and negligence and denies that it was negligent in any way.

### IV. STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state the following material facts are undisputed:

1. The defendant National Railroad Passenger Corporation is a common carrier engaged in the business of interstate commerce, and operates a railroad in such business between Washington, D.C. and Boston, Massachusetts.

2. In July, 2002, the plaintiff was employed by the defendant Railroad as a B&B mechanic.

3. In July, 2002, the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

### V. CASE MANAGEMENT

#### A. Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2. The parties do not request an early settlement conference, Mini-Trial, or Summary Jury Trial.

3. The parties will consent to Mediation but do not request a referral to a Rule 16.4 Alternative Dispute Resolution at this time.

4. The parties would prefer a settlement conference with a Magistrate Judge.

#### B. Joinder of Parties and Amendment of Pleadings

1. Plaintiff should be allowed until April 1, 2005, to file motions to join additional parties and until June 1, 2005, to file motions to amend the pleadings.

2. Defendant should be allowed until June 2, 2005, to file motions to join additional parties.

**C. Discovery**

1. The parties anticipate that discovery will be needed on the following subjects: whether plaintiff sustained any injuries; when and how plaintiff sustained his alleged injuries; whether the defendant Railroad was negligent under the FELA for failing to provide the plaintiff with a reasonably safe place to work on July 19, 2002; whether the plaintiff was contributorily negligent; whether there is causal connection between the defendant Railroad's negligence and the plaintiff's alleged injuries; and the nature and amount of the plaintiff's damages, if any, including past lost earnings, impairment to future earning capacity, medical expenses, pain and suffering, and mental anguish.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by February 1, 2005, and completed (not propounded) by March 1, 2006.

3. Discovery will not be conducted in phases.

4. Discovery on issues will be completed by March 1, 2006.

5. The plaintiff anticipates he may require a total of ten depositions of fact witnesses. The defendant anticipates it will require a total of six depositions of fact witnesses. The depositions will commence by May 2, 2005 and be completed by March 1, 2006.

6. The parties will not request permission to serve more than twenty-five (25) interrogatories.

7. Plaintiff's treating physicians will testify at trial based on their medical notes are records which will be provided to the defendant. The plaintiff does not intend to provide the

defendant with expert disclosures for physicians who are treating physicians and not retained experts.

Plaintiff does not intend to call any retained expert witnesses at trial at this time. If the plaintiff does retain an expert, he will provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by August 1, 2005. Depositions of any such experts will be completed by March 1, 2006.

8. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 1, 2005. Depositions of such experts will be completed by March 1, 2006.

9. A settlement conference is requested during or before October, 2005.

10. A damages analysis will be provided by any party who has a claim or counterclaim for damages by thirty (30) days prior to trial or contained in the Joint Trial Memorandum.

**D.     Dispositive Motions**

Dispositive motions will be filed on or before November 1, 2005.

**E.     Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by April 15, 2005.

**VI.    TRIAL READINESS**

The case will be ready for trial by May 1, 2006.

1129346v1

As officers of the Court, the undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Date: March 1, 2005  FOR THE PLAINTIFF, JEFFREY DANIELS

By /s/ George J. Cahill, Jr.
George J. Cahill, Jr., (BBO #069480)
CAHILL, GOETSCH & MAURER, P.C.
43 Trumbull Street
New Haven, CT 06510
(203) 777-1000

Date: March 1, 2005  FOR THE DEFENDANT, NATIONAL RAILROAD PASSENGER CORPORATION

By /s/ Lawrence F. Boyle
Lawrence F. Boyle (BBO #052680)
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

1129346v1