UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

_____X

JEFFREY DANIELS,                              CIVIL ACTION

    Plaintiff                                 NO. 04-12030-MLW

VS.

NATIONAL RAILROAD PASSENGER
  CORPORATION,

    Defendant                                 OCTOBER 26, 2005

_____X

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO COMPEL

      The plaintiff submits this Memorandum in support of his Motion To Compel filed

this same day.  Undersigned counsel and defendant's counsel, William Flanagan, held a

good faith conference pursuant to Fed. R. Civ. P. 37 and D. Mass. Loc. R. 37.1 on

August 30, 2005.  During the conference defense counsel agreed to withdraw certain

objections and supplement his discovery responses, however, defense counsel failed to

withdraw any objections or file any supplemental responses since the conference.

Accordingly, in addition to those matters the parties did not reach agreement on, this

motion also addresses interrogatories and requests for production that appeared to

have been resolved, but the defendant failed to comply with its oral representations.

      The detailed topics and results of the conference are set forth in Appendix A

attached hereto, and hereby included herein.

## I. NATURE OF CASE

The plaintiff was employed as an Amtrak mechanic. He brings this lawsuit pursuant to the Federal Employers' Liability Act Title 49 U.S.C. § 51 et seq.

On July 19, 2002 the plaintiff was a member of a crew trying to put a high rail truck on the railroad tracks in Bellingham, Massachusetts. A high rail truck can travel on the roadway and can also travel on railroad tracks with a different set of steel wheels that are mechanically lowered and raised. While the crew was aligning the high rail truck on the crossing to line up its steel wheels with the railroad track, the driver backed off the crossing. In an effort to get back on the crossing, the driver accelerated rapidly and spun its wheels on the ballast (rocks). In the process, stones were shot at the plaintiff, who was behind the truck to help align the rear wheels. When the rocks hit him he stepped backwards onto a wet railroad tie, his foot slipped and he fell to the ground injuring his right shoulder and neck. The plaintiff claims that the Railroad failed to provide him with a safe place to work because the driver should not have spun the wheels and the crossing was not safe since it was narrow and did not have graded sides. As a result of the accident, the plaintiff underwent shoulder surgery and was out of work for over one year.

## II. LAW

### A. Reasonably Calculated To Lead to The Discovery of Admissible Evidence

Plaintiff's requests need only be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

## B. Work-Product Doctrine

"The burden is on the party resisting discovery to establish that the documents are protected by work product. . . .  In order to qualify for protection under the work product doctrine, the material in question must (1) be a document or tangible thing; (2) which was prepared in anticipation of litigation; (3) be prepared by or for a party, or by or for its representatives . . . .  A 'dual purpose' document may be protected by work product if in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." (Cites and quotations omitted) Amica Mutual Ins. Co. v. W.C. Bradley Co., 217 F.R.D. 79, 82-83 (D. Mass. 2003).

Documents prepared and obtained in the ordinary course of business do not constitute work-product. Amica Mutual Ins., 217 F.R.D. at 82; Pasteris v. Robillard, 121 F.R.D. 18, 20 (D. Mass. 1988); Sham v. Huannis Heritage House Hotel, Inc., 118 F.R.D. 24, 26 (D. Mass. 1987).  Investigations by insurance companies are not per se conducted in anticipation of litigation as opposed to the ordinary course of business and the Courts should make a determination on a case-by-case basis. Amica 121 F.R.D. at 82.

## III. REQUESTS AT ISSUE

### Request No. 3
The Defendant's Claim Department's full and complete medical files, documents, notes and reports pertaining to the plaintiff, including but not limited to any and all prior injuries or claims, as well as the injury which forms the basis of the present complaint.
### Response No. 3
Objection:  this request is overly broad in that it seeks documents that contain the work product and/or mental impressions of the defendant's representatives.  Notwithstanding and without waiving the foregoing objections, the defendant states:   please see

3

response to request for productions No. 2 (Exhibit "A").   See also documents concerning alcohol and drug testing attached as Exhibit "E".

During the parties' Rule 37 conference, plaintiff's counsel limited the scope of this

request to all materials created before the instant lawsuit was filed.  Also, the plaintiff

does not seek communications between the claims department and counsel.  The

defendant refused to withdraw its objections.  The plaintiff has a right to these materials

and, absent a privilege log, is unable to assess whether any of the materials covered by

this request are privileged.  The plaintiff seeks a Court Order compelling the defendant

to provide responsive materials created before the instant lawsuit was filed.

**Request No. 6**
All medical, hospital, x-ray, MRI, and CT Scan records, reports, bills and treatment notes from any hospitals or physicians or other healing practitioners which you or your attorney obtained concerning any injuries or illnesses or illnesses ever suffered or sustained by the plaintiff.
**Response No. 6**
See responses to request for production documents Nos. 2 & 3, and Exhibit "A" attached hereto.

Responses to requests 2 and 3 contain objections.  The plaintiff has a right to

obtain medical records the defendant possesses concerning the plaintiff.   The plaintiff

seeks an order compelling all responsive documents since the defendant incorporated

its objections set forth in responses 2 and 3 and refused to withdraw its objections to

this request.    If the defendant claims Exhibit A contains all responsive documents, it

should have no objections to the Court compelling production of all responsive

documents.

**Request No. 11**
The Defendant's Safety Department's full and complete file pertaining to the plaintiff's injury which forms the basis of the present complaint, including but not limited to all personal injury reports, inspection reports, and reports of investigation.
**Response No. 11**
Objection: the request is improper in that it seeks disclosure of defendant's work product and/or mental impressions. Notwithstanding and without waiving the foregoing objection, the defendant produces the following documents: Forms 488, 260, 405, and Injured Employee's 10 day report, and the Preliminary Injury/Incident Investigation Report attached as Exhibit "B".

The Safety Department is responsible for safety on the railroad. They investigate

accidents and keep track of accidents in order to promote safety on the railroad. The

Safety Department's file pertaining to the plaintiff's injury is not work product. Likewise,

investigative reports done in the ordinary course of business are not work product. The

plaintiff seeks an Order compelling production of responsive documents.

**Request No. 12**
A copy of the trainmaster or responsible supervisor's complete file compiled and maintained by the trainmaster or supervisor with respect to the accident and plaintiff's injuries.
**Response No. 12**
See response to request No. 11.

The trainmaster/supervisor has a business duty to investigate accidents.

They investigate accidents and prepare reports in order to promote safety on the

railroad. The trainmaster/supervisor's file is not work product. Likewise, investigative

reports done in the ordinary course of business are not work product. The plaintiff

seeks an order compelling production of all responsive documents.

## Request No. 14

All injury and accident investigative and inspection reports, records, documents, notes, and findings pertaining to the injury and accident that forms the basis of the present complaint, including but not limited to any Informal Investigation Sheet; Summary Report of Personal Injury; Accident/Injury Report; Personal Injury Report; Supervisor's Injury Report, Mechanical Facility Inspection Reports, Three-Man Reports and Committee Reports (and all drafts of the aforementioned).

## Response No. 14

Objection: the request is improper in that it seeks disclosure of defendant's work product and/or mental impressions. Notwithstanding and without waiving the foregoing objection, please see the defendant's response to plaintiff's request for production of documents No. 11, and Exhibit "B".

The responsive documents have nothing to do with litigation. They are reports

and notes prepared in the ordinary course of the railroad's business and in an effort to

prevent future accidents. Accordingly, the plaintiff seeks an Order from the Court

compelling production of all responsive documents. Also, the plaintiff seeks to have the

Court overrule the defendant's objections and make it clear the defendant is under a

continuing obligation to produce any responsive documents that have not yet been

located and, if necessary, allow the plaintiff with a remedy in the event there is any

unjustified failure to produce responsive documents.

## Request No. 15

All documents, notes, emails, electronic files or memoranda prepared after the accident by anyone involved in investigating the accident or reporting thereon.

## Response No. 15

Objection: this request is improper in that it seeks disclosure of the defendant's work product, materials that contain the mental impressions of plaintiff's counsel, and/or materials that are protected by the attorney/client privilege. Notwithstanding and without waiving the foregoing objection, the defendant refers the plaintiff to its response to plaintiff's request for production of documents No. 11 and documents attached as Exhibit "B".

The plaintiff obviously does not seek documents prepared by counsel and has

made it clear that he does not seek documents prepared after this lawsuit was filed.

Documents pertaining to the investigation of the accident are clearly relevant and

discoverable.  To the extent the defendant has responsive documents that it claims are

work product, the date, description, author and recipients should be identified in a

privilege log to let the plaintiff assess whether the withheld materials are privileged and

whether he has a substantial need for these materials in the event a privilege does

apply.  Accordingly, the Court should order the defendant to produce a privilege log of

all documents responsive to this request that are being withheld on a claim of privilege.

Also, the plaintiff seeks to have the Court overrule the defendant's objections and

make it clear the defendant is under a continuing obligation to produce any responsive

documents that have not yet been located and, if necessary, allow the plaintiff with a

remedy in the event there is any unjustified failure to produce responsive documents.

**Request No. 20**
All maps, drawings, diagrams, measurements, surveys, photographs, or other
descriptions made either before, after, or at the time of the events in question
concerning: the events and happenings alleged in the complaint, the scene of the
accident, or the areas or persons or objects involved.
**Response No. 20**
None, other than those that are protected work product.

Defense counsel represented he has two photographs of the accident site but

failed to identify the date they were taken.  The burden is on the defendant to establish

whether these photographs, and any other materials responsive to this request are

protected by the work product doctrine.  The defendant has failed to meet this burden.

To the extent the defendant can establish the photographs are work product, they

should still be produced because the plaintiff has a substantial need for photographs of

the accident location as near to the date of the accident as possible.

7

**Request No. 23**

All films, photographs, videotapes, audiotapes, including transcripts or memoranda thereof, of or concerning the plaintiff made at any time. Such disclosure shall include all portions of materials, including out-takes, rather than only those portions a party intends to use. (To be produced within ten days after plaintiff's deposition).

**Response No. 23**

Objection: work product.

**Request No. 24**

Any and all surveillance material, including but not limited to photos, videotapes, notes, reports, bills and any other documents generated by the individuals or agency engaged in the surveillance of the plaintiff. (To be produced within ten days after plaintiff's deposition).

**Response No. 24**

Objection: work product.

The Court should compel the production of the requested surveillance materials because the plaintiff has a substantial need for these materials and cannot obtain them from another source. In fact, much of the information may constitute substantive evidence in this case since the defendant has an affirmative defense that the plaintiff failed to mitigate his damages.

The plaintiff has a right to all surveillance materials after the defendant takes his deposition. See Bachir v. Transoceanic Cable Ship Co., 1998 U.S. Dist. Lexis 19528, 98CV4625(JFK)(HBP) (S.D.N.Y. Dec. 15, 1998) (holding that all surveillance videotape evidence must be produced prior to plaintiff's deposition if defendant intends to use the evidence for any purpose beyond impeachment, and that the materials must be produced within ten days after the plaintiff's deposition if it intends to use for impeachment purposes only); Brennan v. Great Lakes Dredge & Dock Co., 1998 U.S. Dist. Lexis 6383, 96 CV 4142 (DC) (S.D.N.Y. May 6, 1998) (requiring the immediate production of surveillance tapes after plaintiff's deposition); Smith v. Diamond Offshore

8

Drilling, Inc., 168 F.R.D. 582 (S.D. Tex. 1996) (requiring defendant to disclose existence of surveillance, date of surveillance, and form of surveillance prior to plaintiff's deposition and requiring production of the surveillance materials shortly after plaintiff's deposition).

The plaintiff was deposed on August 30, 2005. Accordingly, the Court should compel the defendant to respond to requests 23 and 24 by a date certain. It is important to note that the defendant asserts an affirmative defense that the plaintiff failed to mitigate his damages. Thus, the members of the surveillance team are fact witnesses to a material issue in dispute in this case - whether the plaintiff mitigated his damages. Furthermore, simply because a defendant hires fact witnesses in anticipation of litigation, opposing parties should not be precluded from obtaining discovery about the factual information in their possession. Accordingly, the Court should compel production of the surveillance materials because the plaintiff has a substantial need for them and cannot obtain them from any other source. See Smith, supra, at 587. Also, surveillance materials concerning the plaintiff (and the eventual testimony of the surveillance team) may be substantive evidence. Id. Should the plaintiff not have the opportunity to review surveillance tapes, reports and bills, the plaintiff cannot assess the validity, reliability, and authenticity of the videotaped surveillance. The need to obtain these materials, and thereby the ability to depose the surveillance team, is of critical importance to the plaintiff in this case and will assist the parties in evaluating the strengths and weaknesses of the case for settlement purposes.

Lastly, the defendant has not stipulated the plaintiff did not exaggerate his

injuries and it has not stipulated that the plaintiff mitigated his damages, thereby making

the surveillance tapes and materials relevant in this lawsuit.

For the foregoing reasons, the Court should compel the defendant to completely

respond to Requests 23 and 24. Also, the plaintiff seeks to have the Court overrule the

defendant's objections and make it clear the defendant is under a continuing obligation

to produce any responsive documents that have not yet been located and, if necessary,

allow the plaintiff with a remedy in the event there is any unjustified failure to produce

responsive documents.

## IV. INTERROGATORIES AT ISSUE

### Interrogatory No. 1
Identify by name, date, author and recipients all documents, reports, memorandum, and
any other writings which you rely upon in defense of plaintiff's claims.
### Answer No. 1
Objection: overly broad, unduly burdensome, and lacks sufficient specificity to enable
the defendant to fairly respond.  Moreover, the plaintiff has the burden of proving
liability, causation, and damages, and the defendant has no burden to affirmatively
demonstrate that the plaintiff's version has not been met.

The plaintiff has a right to all documents the defendant may use to defend the

instant lawsuit.  See Fed. R. Civ. P. 26(a)(1)(A)(requiring a party to produce of copy of

all documents in its possession or control that it may use to support its claims or

defenses).   This interrogatory simply seeks the identity of the documents.   If the

defendant objects to producing documents that is not what is at issue with the instant

interrogatory.  Accordingly, the defendant should be compelled to identify all documents

it may rely upon to defend this lawsuit.  See Fed. R. Civ. P. 26(a)(1)(A).

**Interrogatory No. 4**

Does the defendant have any information tending to show that the plaintiff was not injured at work or that the plaintiff's injuries are not a result of the on-the-job injury which is the subject of this action? If so, what is the information and who would so testify?

**Answer No. 4**

Objection: overly broad, unduly burdensome, and lacks sufficient specificity to enable the defendant to fairly respond. Moreover, the plaintiff has the burden of proving liability, causation, and damages, and the defendant has no burden to affirmatively demonstrate that the plaintiff's burden is not met. In addition, the defendant has no personal knowledge concerning the extent of the plaintiff's injuries. The defendant has been provided with medical bills and reports, but has not yet had the plaintiff examined by an independent physician for purposes of this litigation. In addition, the defendant has not received the plaintiff's discovery responses and investigation and discovery are ongoing.

This information is clearly discoverable. See Fed. R. Civ. P. 26(a)(1)(A).

Accordingly, the Court should compel the defendant to provide a complete response to

this interrogatory.

**Interrogatory No. 16**

If defendant contends that plaintiff failed to mitigate his damages, provide complete factual details of the basis for such contention. Such description should include, but not be limited to, a complete description of each and every fact relied upon; the witnesses upon whom defendant relies and the detailed information each such witness is known to possess regarding plaintiff's alleged failure to mitigate; and identification of each and every piece of physical evidence supporting defendant's contentions.

**Answer No. 16**

Objection: it is the plaintiff's burden to prove his damages. The defendant has no burden to disprove the plaintiff's damages. In addition, discovery is ongoing and the plaintiff has yet to respond to the defendant's interrogatories or request for production of documents. Notwithstanding nor waiving the foregoing objections, the defendant states that it is presently apparent that the plaintiff did not return to work until January 7, 2004, even though he had been cleared to return to work on August 29, 2003.

The defendant has an affirmative defense stating that the plaintiff failed to

mitigate his damages. The plaintiff has a right to know what facts the defendant has to

support its affirmative defense. See Fed. R. Civ. P. 26(b)(1)(parties have a right to

discovery of materials reasonably calculated to lead to the discovery of admissible

evidence).   Accordingly, the defendant's objections should be overruled and the

defendant should be compelled to respond to this interrogatory absent objections.

## V.   REQUESTS AND INTERROGATORIES THE DEFENDANT AGREED TO WITHDRAW OBJECTIONS AND SUPPLMENT ITS RESPONSE

### Interrogatory No. 18
Specify the names and addresses (work and home) of all people engaged in surveillance or investigation of the plaintiff.
### Answer No. 18
Objection: this interrogatory is overly broad and impermissibly seeks the disclosure of information protected by the work product doctrine.

Defense counsel agreed to withdraw the defendant's objections to this

interrogatory and agreed to provide a supplemental response. It has been over seven

weeks since the parties' Rule 37 conference and the defendant has not supplemented

his response and withdrawn his objections in writing. The plaintiff has a right to all

surveillance materials after the defendant takes his deposition.   The plaintiff was

deposed in September of 2005. Accordingly, the Court should compel the defendant to

respond to this interrogatory by a date certain.

### Interrogatory No. 19
Do you, your attorney, or anyone acting on your or your attorney's behalf, have or know of any photographs, motion pictures, tape recordings or other descriptions concerning the plaintiff at any time since the incident referred to in the complaint.  If so, please identify any such item.
### Answer No. 19
See answer to Interrogatory No. 18.

Defense counsel agreed to withdraw the defendant's objection to this

interrogatory and agreed to provide a supplemental response. It has been over seven

weeks since the parties' Rule 37 conference and the defendant has not supplemented

his response and withdrawn its objections. The plaintiff has a right to all surveillance

materials after the defendant takes his deposition. See p. 8. The plaintiff was deposed

on August 30, 2005. Accordingly, the Court should compel the defendant to respond to

this interrogatory by a date certain.

**REQUEST 2**: All invoices, bills, receipts, or other documents evidencing medical and
other services rendered to the plaintiff in connection with medical examinations or
treatment for his alleged injuries resulting from the accident.
**Response**: Objection: plaintiff's counsel is presumably in possession of all such
documents. Notwithstanding and without waiving the foregoing objections, the
defendant produces bills and reports that allegedly pertain to the subject accident in the
attached Exhibit "A".
**REQUEST 6:** All medical, hospital, x-ray, MRI and CT Scan records, reports, bills and
treatment notes from any hospitals or physicians or other healing practitioners which
you or your attorney obtained concerning any injuries or illnesses ever suffered or
sustained by the plaintiff.
**Response:** See responses to request for production documents Nos. 2 & 3, and
Exhibit "A" attached hereto.

During the parties' Rule 37 conference, defense counsel agreed to withdraw all

of his objections and produce all responsive documents to the extent it has not already

done so. To date, the defendant has not supplemented its response to state that the

objections are withdrawn. Accordingly, the plaintiff seeks an Order from the Court

granting the motion to compel all responsive documents to Requests 2 and 6 by a date

certain.

## VI. CONCLUSION:

For the foregoing reasons, the Court should grant the plaintiff's Motion To

Compel in its entirety and overrule the defendant's objections thereto.

Respectfully submitted,

FOR THE PLAINTIFF, JEFFREY DANIELS

By _____
Scott E. Perry
George J. Cahill, Jr. (BBO #069480)
CAHILL, GOETSCH & MAURER, P.C.
43 Trumbull Street
New Haven, Connecticut 06510
(203) 777-1000

14

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was mailed, first class mail, postage prepaid on this ___$26$___ day of October, 2005, to William Joseph Flanagan, Esq., Morrison Mahoney, LLP, 250 Summer Street, Boston, Massachusetts 02210.

Scott E. Perry