UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:  04-12030MLW

| | |
|---|---|
| JEFFREY DANIELS, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONAL RAILROAD PASSENGER | ) |
| CORPORATION, | ) |
| Defendant. | ) |
| | ) |

**OPPOSITION OF DEFENDANT, NATIONAL RAILROAD PASSENGER
CORPORATION, TO PLAINTIFF, JEFFREY DANIELS', MOTION TO COMPEL
SUPPLEMENTAL DISCOVERY RESPONSES**

The defendant, National Railroad Passenger Corporation, hereby opposes the plaintiff's

Motion to Compel Supplemental Discovery Responses.  As grounds therefore, the defendant has,

at this time, formally supplemented both it's Answers to the Plaintiff's Interrogatories and

Requests for Production of Documents, thereby eliminating most of the issues in dispute.  A

copy of the Defendant's Supplemental Answers to the Plaintiff's Interrogatories is attached

hereto as Exhibit A.  A copy of the Defendant's Supplemental Responses to the Plaintiff's

Request for Production of Documents is attached hereto as Exhibit B.

The defendant has provided plaintiff's counsel with all the information that was requested

in the plaintiff's motion to compel. However, defendant, National Railroad Passenger

Corporation, will not voluntarily withdraw its objections regarding the surveillance reports

(Request 23 and 24), Interrogatory No. 4, Interrogatory 16, and Request No. 15.

978661v1

**Requests 23 and 24 (Surveillance Reports)**

The defendant continues to object to providing the plaintiff with the surveillance reports taken by the Central Bureau of Investigation, Inc. These reports constitute protected work product prepared in anticipation of litigation and are therefore privileged from disclosure. The defendant is under no obligation to provide these surveillance reports taken of the plaintiff, Jeffrey Daniels. In it's supplemental answers to discovery, the defendant has provided the plaintiff with a privilege log of these reports, the people involved in the investigation, the surveillance photos taken and have made available for inspection a videotape of Depot Street, as well as video clips taken during the surveillance. (See Exhibit A, Supplemental Answer No. 18 and Exhibit B, Supplemental Response No. 23 and Supplemental Response No. 24). The reports from the defendant's investigators, however, are indisputably work product and are protected.

Both Requests 23 and 24 seek the work product of the defendant and information prepared in anticipation of litigation and for trial. "The 'work product' doctrine embodied in Rule 26(B)(3) protects the communications between an insurer and an insured, or material created by an insurer, if that material is prepared in anticipation of litigation or for trial." Hickman, 329 U.S. at 510. In determining whether these materials are protected by the work product doctrine "the controlling test is whether, in light of the nature of the document and the factual context of the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." Id. (citing Colonial Gas. Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. 600, 605 (D. Mass. 1992)).

As shown, the materials sought undeniably constitute work product materials within the meaning of Mass. R. Civ. P. 26(b)(3). In the present case, the factual situation clearly establishes that the materials sought by the plaintiff were prepared by the defendant in anticipation of

978661v1

litigation.  Hickman, 329 U.S. at 510 ("This work [product] is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways").  It thus remains the moving party's burden to prove that: (1) she has a "substantial need" for the materials sought; and (2) she "is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Mass. R. Civ. P. 26(b)(3).

These surveillance reports are further protected from disclosure to the extent they contain the mental impressions of the defendant's representatives concerning the litigation.  Fed. R. Civ. P. 26(b)(3).

Excluding the actual nine surveillance reports, all the information that is in the possession of defendant has been provided to the plaintiff.  Interrogatory No. 18 has been fully answered through the identification of all the people engaged in the surveillance of the plaintiff.   The surveillance privilege log (See Exhibit B, Attachment 8) outlines the details of the nine surveillance reports and the investigators responsible for them.  The photographs of the surveillance have been provided to the plaintiff (See Exhibit B, Attachment 7) and the video clips of the surveillance of the plaintiff have been specified and made available for plaintiff's inspection at the office of defendant's counsel. (See Exhibit B, Supplemental Response No. 23). Therefore, the defendant, National Railroad Passenger Corporation, has completely compiled with Requests 23 and 24, but continues to object to provide the nine surveillance reports which constitute protected work product within the meaning of Mass. R. Civ. P. 26(b)(3).

**Interrogatory No. 1**
Identify by name, date, author and recipients all documents, reports, memorandum, and any other writings which you rely upon in defense of plaintiffs claims.
**Answer No. 1**

3

978661v1

Objection:  overly broad, unduly burdensome, and lacks sufficient specificity to enable the defendant to fairly respond.  Moreover, the plaintiff has the burden of proving liability, causation, and damages, and the defendant has no burden to affirmatively demonstrate that the plaintiff's version has not been met.

The defendant, National Railroad Passenger Corporation, continues to object to Interrogatory No. 1 on the grounds that it is overly broad and wrongly states the requirements outlined in the Federal Rules.  Fed. R. Civ. P. 26(a)(1)(A) does not require that the party produce a copy of all documents in its possession or control that it may use to support its defense of the lawsuit, as is asserted by the plaintiff.  Quite to the contrary, this rule deals with *initial disclosure* when a party without awaiting a discovery request must provide the opposing party with the name and, if known, the address and telephone number of each individual likely to have discoverable information that may be used to support its defenses (Fed. R. Civ. P 26(a)(1)(A)) and a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in its possession, custody, or control of the party and that the may be used to support its *claims or defenses*. (Fed. R. Civ. P. 26(a)(1)(B)).

Fed. R. Civ. P. 26(a)(1)(B) refers to documents in support of claims or defenses, in which the party has the burden of proof.  Interrogatory No. 1 seeks *any* documents that the defendant may use *in the defense* of its claim.  This Interrogatory apparently seeks to encompass *any and all* possible documents that the defendant may use, whether or not they go toward an affirmative defense, for which the defendant has the burden of proof at trial.  Therefore, this Interrogatory is overly broad since it asks the defendant to presently identify documents that it may rely upon at a future time to defend this lawsuit.  The defendant should not be obligated to anticipate how it may argue at trial that the plaintiff should not be believed.  The plaintiff can certainly propound

978661v1

discovery requests that are specific to certain types or categories of documents (as he has done),

but the initial request is simply too broad.

**Interrogatory No. 4**
Does the defendant have any information tending to show that the plaintiff was not injured at work or that the plaintiff's injuries are not a result of the on-the-job injury which is the subject of this action? If so, what is the information and who would so testify?
**Answer No. 4**
Objection: overly broad, unduly burdensome, and lacks sufficient specificity to enable the defendant to fairly respond. Moreover, the plaintiff has the burden of proving liability, causation, and damages, and the defendant has no burden to affirmatively demonstrate that the plaintiff's burden is not met. In addition, the defendant has no personal knowledge concerning the extent of the plaintiff's injuries. The defendant has been provided with medical bills and reports, but has not yet had the plaintiff examined by an independent physician for purposes of this litigation. In addition, the defendant has not received the plaintiff's discovery responses and investigation and discovery are ongoing.
**Supplemental Answer No. 4**
Objection: seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the defendant concerning the litigation. Notwithstanding nor waiving this objection, the defendant states that the plaintiff complained to Patricia Mallon of shoulder problems before the accident.

The defendant has supplemented its answer by identifying previous statements made by the plaintiff to his supervisor concerning shoulder problems. The defendant, National Railroad Passenger Corporation, continues to object to Interrogatory No. 4 in that it requests information tending to show that the plaintiff was not injured at work or that the plaintiff's injuries are not a result of the on-the-job injury which is subject of this action. This Interrogatory seeks the mental impressions of counsel, which are highly protected, in that the request requires defense counsel to determine which records, if any, "tend to show" that the plaintiff was not injured. See Colonial Gas Co. v. Aetna Cas. & Surety Co., 144 F.R.D. 600 (D.Mass. 1992) (opinion work product revealing attorney's mental impressions receives heightened protection under work product doctrine). The defendant has no burden to prove liability, causation or damages.

978661v1

The elements that a plaintiff needs to prove in a FELA action are: (1) the injury occurred while the plaintiff was working within the scope of his or her employment with the railroad, (2) the employment was in furtherance of the railroad's interstate transportation business, (3) the employer railroad was negligent, and (4) the employer's negligence played some part in causing the injury for which compensation is sought under the Act. 45 U.S.C.A. §§51-60 (1988). The plaintiff, not the defendant, has the burden of proving these elements at trial. *Id.* §§51-60.

**Interrogatory No. 16**
If defendant contends that plaintiff failed to mitigate his damages, provide complete factual details of the basis for such contention. Such description should include, but not be limited to, a complete description of each and every fact relied upon; the witnesses upon whom defendant relies and the detailed information each such witness is known to possess regarding plaintiff's alleged failure to mitigate; and identification of each and every piece of physical evidence supporting defendant's contentions.
**Answer No. 16**
Objection: it is the plaintiff's burden to prove his damages. The defendant has no burden to disprove the plaintiff's damages. In addition, discovery is ongoing and the plaintiff has yet to respond to the defendant's interrogatories or request for production of documents. Notwithstanding nor waiving the foregoing objections, the defendant states that it is presently apparent that the plaintiff did not return to work until January 7, 2004, even though he had been cleared to return to work on August 29, 2003.

The defendant, National Railroad Passenger Corporation, continues to object to Interrogatory No. 16 in that it requests that the defendant provide complete factual details of the basis for its failure to mitigate damages claim. The general rule with respect to mitigation of damages is that a plaintiff may not recover for damages that were avoidable by the use of reasonable precautions on his part. Burnham v. Mark IV Homes, Inc., 387 Mass. 575, 586 (1982). Here, the plaintiff failed to return to work for over four months after he was cleared to do so. Therefore, this is not an affirmative defense, but is simply evidence that the plaintiff's damages are less than claimed.

6

978661v1

The plaintiff has the burden of proving the elements of a F.E.L.A. action at trial.

45 U.S.C.A. §§51-60 (1988). If this was an affirmative defense of the defendant, it would have

the burden of proving affirmative defenses. See Paul v. Missouri Pac. R. Co., 963 F.2d 1058, 1059

(1992). Here, the documents involved and produced to the plaintiff indicate that plaintiff did not

return to work until January 7, 2004, even though he was able to return on August 29, 2003. The

defendant asserts that the plaintiff's failure to return to work is simply evidence that will be used

to show that plaintiff's damages are less than claimed.

Additionally, the defendant has provided the plaintiff with all medical records in it's possession, as well as the complete personnel file on Jeffery Daniels from Amtrak.

**Request No. 15**
All documents, notes, emails, electronic files or memoranda prepared after the accident by anyone involved in investigating the accident or reporting thereon.
**Response No. 15**
Objection: this request is improper in that it seeks disclosure of the defendant's work product, materials that contain the mental impressions of plaintiff's counsel, and/or materials that are protected by the attorney/client privilege. Notwithstanding and without waiving the foregoing objection, the defendant refers the plaintiff to its response to plaintiff's request for production of documents No. 11 and documents attached as Exhibit "B".
**Supplemental Response No. 15**
Notwithstanding or waiving this objection please see:

> **ATTACHMENT 9**   Interoffice Memorandum dated July 23, 2002 concerning positive drug test.

The defendant, National Railroad Passenger Corporation, also continues to object to

Request No. 15, which seeks that it produce all documents, notes, emails, electronic files or

memoranda prepared after the accident. The defendant has produced all three accident reports

that were prepared in the ordinary course of Amtrak's business, but the defendant objects to

producing the aforementioned surveillance reports and any attorney-client communications.

There is an attorney-client relationship between National Railroad Passenger Corporation and the

defense counsel retained by the MBTA to defend its insured. See generally McCourt Co., Inc. v.

978661v1

FPC Prop., Inc., 386 Mass. 145, 146 (1982). Consequently, the attorney-client privilege applies to communications between National Railroad Passenger Corporation and defense counsel retained by an insurer and, in the absence of a waiver, these communications are absolutely protected from disclosure.

Where a person, as a client or prospective client, consults a member of the bar in his or her capacity as such, the communication in confidence or matters that are necessary to the proper conduct of legal business is privileged at the option of the client. See In the Matter of John Doe Grand Jury Investigation, 408 Mass. 480, 482 (1990). The purpose of the privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer being fully informed by the client. Upjohn Co. v. United States, 449 U.S. 383, 389 (1981)

The Supreme Judicial Court has assigned "extraordinarily high value" on the right of every citizen to obtain the thoughtful advice of a fully informed attorney concerning legal matters. In the Matter of John Doe Grand Jury Investigation, 408 Mass at 485. Moreover, Mass. R. Civ. P. 26(b)(3) codifies the privilege first recognized in Hickman, 329 U.S. at 495, to refuse discovery of documents prepared in anticipation of litigation by or for a party, his attorney, insurer, or agent. See, e.g., Lindsey v. Ogden, 10 Mass. App. Ct. 142, 153-55 (1980) (bank documents containing notations of party's accountants and tax attorney and their respective worksheets within privilege.)

WHEREFORE, the defendant, National Railroad Passenger Corporation, respectfully requests the plaintiff's Motion to Compel be DENIED in its entirety.

978661v1

Respectfully submitted,

NATIONAL RAILROAD
PASSENGER CORPORATION

By its Attorney,

*/s/ William Joseph Flanagan*
_____
Joseph Flanagan, BBO #556598
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
617-439-7500

DATED:     11/16/05

9

978661v1