UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12030MLW

| | |
|---|---|
| JEFFREY DANIELS,<br>Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION,<br>Defendant. | )<br>)<br>)<br>) |

## DEFENDANT, NATIONAL RAILROAD PASSENGER CORPORATION'S, SUPPLEMENTAL ANSWERS TO THE PLAINTIFF'S AMENDED FIRST SET OF INTERROGATORIES

**Interrogatory No. 4**

Does the defendant have any information tending to show that the plaintiff was not injured at work or that the plaintiff's injuries are not a result of the on-the-job injury which is the subject of this action? If so, what is the information and who would so testify?

**Answer No. 4**

Objection: overly broad, unduly burdensome, and lacks sufficient specificity to enable the defendant to fairly respond. Moreover, the plaintiff has the burden of proving liability, causation, and damages, and the defendant has no burden to affirmatively demonstrate that the plaintiff's burden is not met. In addition, the defendant has no personal knowledge concerning the extent of the plaintiff's injuries. The defendant has been provided with medical bills and reports, but has not yet had the plaintiff examined by an independent physician for purposes of this litigation. In addition, the defendant has not received the plaintiff's discovery responses and investigation and discovery are ongoing.

**Supplemental Answer No. 4**

Objection: seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the defendant concerning the litigation. Notwithstanding nor waiving this objection, the defendant states that the plaintiff complained to Patricia Mallon of shoulder problems before the accident.

978587v1

**Interrogatory No. 18**

Specify the names and addresses (work and home) of all people engaged in surveillance or investigation of the plaintiff.

**Answer No. 18**

Objection: this interrogatory is overly broad and impermissibly seeks the disclosure of information protected by the work product doctrine.

**Supplemental Answer No. 18**

Surveillance was taken by the Central Bureau of Investigation, Inc., 490 Chapman Street, Suite 301, Canton, MA 02021. The following people were involved in the surveillance/investigation of the plaintiff Jeffrey Daniels:

    Robin Breton
    Wayne Collette

**Interrogatory No. 19**

Do you, your attorney, or anyone acting on your or your attorney's behalf, have or know of any photographs, motion pictures, tape recordings or other descriptions concerning the plaintiff at any time since the incident referred to in the complaint. If so, please identify any such item.

**Answer No. 19**

See answer to Interrogatory No. 18.

**Supplemental Answer No. 19**

Photograph of Jeffrey Daniels on September 18, 2002 at 12:51 p.m.
Photograph of Jeffrey Daniels on September 18, 2002 at 12:33 p.m.
Photograph of Jeffrey Daniels on November 15, 2002 at 10:33 a.m.
Photograph of Jeffrey Daniels on December 19, 2002 at 2:06 p.m.
Photograph of Jeffrey Daniels on December 19, 2002 at 2:06 p.m.
Photograph of Jeffrey Daniels on February 5, 2003 at 11:43 a.m.
Photograph of Jeffrey Daniels on February 5, 2003 at 11:58 a.m.
Photograph of Jeffrey Daniels on March 6, 2003 at 11:02 a.m.
Photograph dated December 1, 2003 at 10:58 a.m.
7 Photographs dated October 30, 2003 of the Railroad Track.
10 Photographs of truck.
Videotape recording dated May 16, 2005 of Depot Street.

Additionally, the defendant is in possession of video clips from the plaintiff's surveillance by the Central Bureau of Investigation, Inc. on the following dates: December 18, 2002; December 19, 2002; February 5, 2003; September 18, 2002; September 24, 2002; March 6, 2003; December 1, 2003; December 18, 2003; December 23, 2003.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12030MLW

| | |
|---|---|
| JEFFREY DANIELS,<br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **DEFENDANT, NATIONAL RAILROAD PASSENGER CORPORATION'S, SUPPLEMENTAL RESPONSES TO THE PLAINTIFF'S REQUEST FOR DOCUMENTS**

### Request No. 1

The Defendant's Medical Department's/Occupational Health Services Department's full and complete medical file pertaining to the plaintiff, including but not limited to all notes, reports, emails, telephone logs, medical questionnaires and correspondence pertaining to the plaintiff.

### Response No. 1

The medical file has been requested and this response will be supplemented.

### Supplemental Response No. 1

    **ATTACHMENT 1**    The Medical Department's/Occupational Health Services Department's medical file pertaining to Jeffrey Daniels.

### Request No. 2

All invoices, bills, receipts, or other documents evidencing medical and other services rendered to the plaintiff in connection with medical examinations or treatment for his alleged injuries resulting from the accident.

978668v1

### Response No. 2

Objection: plaintiff's counsel is presumably in possession of all such documents. Notwithstanding and without waiving the foregoing objections, the defendant's produces bills and reports that allegedly pertain to the subject accident in the attached Exhibit "A".

### Supplemental Response No. 2

Any documents that presently exist and are in the defendant's possession, custody, and control have been produced.

### Request No. 3

The Defendant's Claim Department's full and complete medical files, documents, notes and reports pertaining to the plaintiff, including but not limited to any and all prior injuries or claims, as well as the injury which forms the basis of the present complaint.

### Response No. 3

Objection: this request is overly broad in that it seeks documents that contain the work product and/or mental impressions of the defendant's representatives. Notwithstanding and without waiving the foregoing objections, the defendant states: please see response to request for productions No. 2 (Exhibit "A"). See also documents concerning alcohol and drug testing attached as Exhibit "E".

### Supplemental Response No. 3

    **ATTACHMENT 1**    The Medical Department's/Occupational Health Services Department's medical file pertaining to Jeffrey Daniels.

### Request No. 4

The Defendant's Personnel Department's full and complete personnel file pertaining to the plaintiff, including but not limited to any and all accident and injury reports pertaining to any prior injuries or claims.

### Response No. 4

The personnel file has been requested and this response may be supplemented.

### Supplemental Response No. 4

    **ATTACHMENT 2**    Amtrak's personnel file regarding Jeffrey Daniels, including any accidents or injury reports.

2

978668v1

### Request No. 6

All medical, hospital, x-ray, MRI, and CT Scan records, reports, bills and treatment notes from any hospitals or physicians or other healing practitioners which you or your attorney obtained concerning any injuries or illnesses ever suffered or sustained by the plaintiff.

### Response No. 6

See responses to request for production documents Nos. 2 & 3, and Exhibit "A" attached hereto.

### Supplemental Response No. 6

      **ATTACHMENT 6**      Drug and alcohol testing results following the subject accident of July 19, 2002.

Any documents that presently exist and are in the defendant's possession, custody, and control have been produced.

### Request No. 8

All prior inspection, maintenance and repair records, whether special or regular, regarding or referring to the accident site, appurtenances, and equipment involved in this accident for the period five years prior to the date of the plaintiffs injury up to the present.

### Response No. 8

None, other than maintenance records relating to the truck that was involved in the alleged accident. A search is underway for the maintenance records for the truck and this response may be supplemented.

### Supplemental Response No. 8

      **ATTACHMENT 3**      All EMIS and maintenance records for Truck No. TN69641.

### Request No. 9

All EMIS records for any equipment involved in plaintiff's accident for a period of one (1) year preceding the accident and one (1) month after the accident.

### Response No. 9

Objection: the abbreviation "EMIS" is undefined. Notwithstanding and without waiving the foregoing objection, the defendant refers the plaintiff to its response to request for production of documents No. 8.

3

978668v1

**Supplemental Response No. 9**

    **ATTACHMENT 3**    All EMIS and maintenance records for Truck No. TN69641.

**Request No. 11**

The Defendant's Safety Department's full and complete file pertaining to the plaintiffs injury which forms the basis of the present complaint, including but not limited to all personal injury reports, inspection reports, and reports of investigation.

**Response No. 11**

Objection: the request is improper in that it seeks disclosure of defendant's work product and/or mental impressions. Notwithstanding and without waiving the foregoing objection, the defendant produces the following documents: Forms 488, 260, 405, and Injured Employee's 10 day report, and the Preliminary Injury/Incident Investigation Report attached as Exhibit "B".

**Supplemental Response No. 11**

Any documents that presently exist and are in the defendant's possession, custody, and control have been produced.

**Request No. 12**

A copy of the trainmaster or responsible supervisor's complete file compiled and maintained by the trainmaster or supervisor with respect to the accident and plaintiffs injuries.

**Response No. 12**

See response to request No. 11.

**Supplemental Response No. 12**

Any documents that presently exist and are in the defendant's possession, custody, and control have been produced.

**Request No. 14**

All injury and accident investigative and inspection reports, records, documents, notes, and findings pertaining to the injury and accident that forms the basis of the present complaint, including but not limited to any Informal Investigation Sheet; Summary Report of Personal Injury; Accident/Injury Report; Personal Injury Report; Supervisor's Injury Report, Mechanical Facility Inspection Reports, Three-Man Reports and Committee Reports (and all drafts of the aforementioned).

978668v1

**Response No. 14**

Objection: the request is improper in that it seeks disclosure of defendant's work product and/or mental impressions. Notwithstanding and without waiving the foregoing objection, please see the defendant's response to plaintiff's request for production of documents No. 11, and Exhibit "B".

**Supplemental Response No. 14**

    **ATTACHMENT 12**    Amtrak Readville B & B Department Daily Activity Report from July 15, 2002 through July 19, 2002.

Any documents that presently exist and are in the defendant's possession, custody, and control have been produced.

**Request No. 15**

All documents, notes, emails, electronic files or memoranda prepared after the accident by anyone involved in investigating the accident or reporting thereon.

**Response No. 15**

Objection: this request is improper in that it seeks disclosure of the defendant's work product, materials that contain the mental impressions of plaintiff's counsel, and/or materials that are protected by the attorney/client privilege. Notwithstanding and without waiving the foregoing objection, the defendant refers the plaintiff to its response to plaintiff's request for production of documents No. 11 and documents attached as Exhibit "B".

**Supplemental Response No. 15**

Notwithstanding or waiving this objection please see:

    **ATTACHMENT 9**    Interoffice Memorandum dated July 23, 2002 concerning positive drug test.

**Request No. 20**

All maps, drawings, diagrams, measurements, surveys, photographs, or other descriptions made either before, after, or at the time of the events in question concerning: the events and happenings alleged in the complaint, the scene of the accident, or the areas or persons or objects involved.

**Response No. 20**

None, other than those that are protected work product.

**Supplemental Response No. 20**

      **ATTACHMENT 7**      All Photographs including:

      Photograph of Jeffrey Daniels on September 18, 2002 at 12:51 p.m.
      Photograph of Jeffrey Daniels on September 18, 2002 at 12:33 p.m.
      Photograph of Jeffrey Daniels on November 15, 2002 at 10:33 a.m.
      Photograph of Jeffrey Daniels on December 19, 2002 at 2:06 p.m.
      Photograph of Jeffrey Daniels on December 19, 2002 at 2:06 p.m.
      Photograph of Jeffrey Daniels on February 5, 2003 at 11:43 a.m.
      Photograph of Jeffrey Daniels on February 5, 2003 at 11:58 a.m.
      Photograph of Jeffrey Daniels on March 6, 2003 at 11:02 a.m.
      Photograph dated December 1, 2003 at 10:58 a.m.
      7 Photographs dated October 30, 2003 of the Railroad Track.
      10 Photographs of truck.

**Request No. 22**

The records of the Defendant's Payroll Department concerning the plaintiffs weekly earnings for the period three years prior to the date of the injury which forms the basis of the present complaint up to the present.

**Response No. 22**

See response to request for production of documents No. 21 and documents attached as Exhibit "C".

**Supplemental Response No. 22**

      **ATTACHMENT 4**      Payroll records concerning Jeffrey Daniels' weekly earnings for the three years prior to the accident up until July 1, 2003.

**Request No. 23**

All films, photographs, videotapes, audiotapes, including transcripts or memoranda thereof, of or concerning the plaintiff made at any time. Such disclosure shall include all portions of material, including out-takes, rather than only those portions a party intends to use. (To be produced within ten days after plaintiff's deposition).

**Response No. 23**

Objection: work product.

**Supplemental Response No. 23**

      **ATTACHMENT 7**      All Photographs including:

6

> Photograph of Jeffrey Daniels on September 18, 2002 at 12:51 p.m.
> Photograph of Jeffrey Daniels on September 18, 2002 at 12:33 p.m.
> Photograph of Jeffrey Daniels on November 15, 2002 at 10:33 a.m.
> Photograph of Jeffrey Daniels on December 19, 2002 at 2:06 p.m.
> Photograph of Jeffrey Daniels on December 19, 2002 at 2:06 p.m.
> Photograph of Jeffrey Daniels on February 5, 2003 at 11:43 a.m.
> Photograph of Jeffrey Daniels on February 5, 2003 at 11:58 a.m.
> Photograph of Jeffrey Daniels on March 6, 2003 at 11:02 a.m.
> Photograph dated December 1, 2003 at 10:58 a.m.
> 7 Photographs dated October 30, 2003 of the Railroad Track.
> 10 Photographs of truck.

The defendant is in possession of a videotape dated May 16, 2005 of Depot Street. This video is available for inspection at the office of defendant's counsel.

Additionally, the defendant is in possession of video clips from the plaintiff's surveillance by the Central Bureau of Investigation, Inc. on the following dates: December 18, 2002; December 19, 2002; February 5, 2003; September 18, 2002; September 24, 2002; March 6, 2003; December 1, 2003; December 18, 2003; December 23, 2003. These video clips are available for inspection at the office of defendant's counsel.

Please also see:

>   **ATTACHMENT 10**   Interoffice Memorandum dated September 30 2000 regarding Drug and Alcohol Testing.
>
>   **ATTACHMENT 11**   Interoffice Memorandum dated March 16, 1999 regarding Employee Occupational Injuries.

### Request No. 24

Any and all surveillance material, including but not limited to photos, videotapes, notes, reports, bills, and any other documents generated by the individuals or agency engaged in the surveillance of the plaintiff. (To be produced within ten days after plaintiff's deposition).

### Response No. 24

Objection: work product.

### Supplemental Response No. 24

Objection: The defendant objects to this request to the extent that the request seeks production of documents protected by the work product doctrine and which is beyond the scope of discovery permitted by Mass. R. Civ. P. 26. Notwithstanding nor waiving this objection, please see :

7

978668v1

        **ATTACHMENT 8**    Surveillance privilege log.

Please see defendant's Supplemental Answer to Interrogatory No. 18 for a list of people who were involved in the surveillance/investigation. Additionally, please see defendant's Supplemental Response to Request No. 23 for a list of photographs and video clips obtained of the plaintiff during surveillance by the Central Bureau of Investigation, Inc.

**Request No. 27**

Plaintiff's statements or memoranda of statements either written or oral, signed or unsigned, that were made concerning his ability or efforts to resume work after the injury which forms the basis of the present Complaint or relied on by the defendant in its claim that the plaintiff failed to mitigate his damages.

**Response No. 27**

The plaintiff's medical file has been requested and this response may be supplemented.

**Supplemental Response No. 27**

        **ATTACHMENT 1**    The Medical Department's/Occupational Health Services Department's medical file pertaining to Jeffrey Daniels.

**Request No. 28**

A copy of all rules and written instructions governing plaintiff's craft or occupation at the time of the accident including but not limited to Rule Books, Safety Instructions, Directions, Special Instructions, Orders, Regulations, Customs, Practices, Operating Rules and Bulletins.

**Response No. 28**

The following documents are available for inspection at the office of defendant's counsel:

1. Amtrak Safety Rules and Instructions for Maintenance of Way Employees;

2. NORAC Operating Rules; and,

3. Roadway Worker Protection Manual.

**Supplemental Response No. 28**

The above-mentioned documents were requested but never received by the defendant. When they become available and are in the defendant's possession they will be immediately available to the plaintiff.

**Request No. 35**

The "Job Description Sheet" for the plaintiff's job title.

**Response No. 35**

See response to request for production of documents No. 34 and Exhibit "D". This response may be supplemented.

**Supplemental Response No. 35**

    **ATTACHMENT 5**    Job description or "job description sheet" for Jeffrey Daniels' job.

Respectfully submitted,

NATIONAL RAILROAD
PASSENGER CORPORATION

By its Attorney,

Joseph Flanagan, BBO #556598
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
617-439-7500

DATED: 11/16/05

9

978668v1

## CERTIFICATE OF SERVICE

I, William Joseph Flanagan, attorney for the defendant, hereby certify that I have this day served the foregoing **Defendant's Supplemental Responses to the Plaintiff's Amended First Set of Request for Documents** to all counsel of record in this action by mailing same, postage prepaid to:

George J. Cahill, Jr., Esquire
CAHILL, GOETSCH & MAURER, P.C.
43 Trumbull Street
New Haven, CT 06510

Dated: 11/15/05     Attorney: [signature]