FILED
IN CLERKS OFFICE

2005 DEC -9 P 1:09

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS.

_____X

| | |
|---|---|
| JEFFREY DANIELS, | CIVIL ACTION |
| Plaintiff | NO. 04-12030-MLW |
| VS. | |
| NATIONAL RAILROAD PASSENGER CORPORATION, | |
| Defendant | DECEMBER 8, 2005 |

_____X

### PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

Pursuant to the Court's November 27, 2005 Order, the plaintiff submits this Reply Memorandum in support of his Motion To Compel filed on October 26, 2005. Contrary to defendant's assertion, Requests 3, 11, 12, and 14 in addition to Requests 15, 23 and 24 are still in issue. Also, Interrogatory 1 is still in issue in addition to Interrogatories 4 and 16. Lastly Request 28 is in issue because despite representing that responsive documents would be produced in a supplemental disclosure and not objecting to this Request, the Defendant failed to produce responsive documents (Amtrak's Rules applicable to the plaintiff) in its Supplemental Disclosure. The plaintiff clearly needs a Court Order to obtain the responsive documents.

**Request 28**:
A copy of all rules and written instructions governing plaintiff's craft or occupation at the time of the accident including but not limited to Rule Books, Safety Instructions,

Directions, Special Instructions, Orders, Regulations, Customs, Practices, Operating Rules and Bulletins.

**Response No. 28:**

The following documents are available for inspection at the office of defendant's counsel:

    1. Amtrak Safety Rules and Instructions for Maintenance of Way Employees;

    2. NORAC Operating Rules;

    3. Roadway Worker Protection Manual.

**Supplemental Response No. 28:**

The above-mentioned documents were requested but never received by the defendant. When they become available and are in defendant's possession they will be immediately available to the plaintiff.[1]

In the Defendant's initial response to this request, it represented that "[t]he following documents are available for inspection at the office of defendant's counsel: 1. Amtrak Safety Rules and Instructions for Maintenance of Way Employees; 2. NORAC Operating Rules and 3. Roadway Worker Protection Manual."

Before taking three depositions on November 3, 2005 at defense counsel's office, undersigned counsel requested the opportunity to inspect and review the aforementioned Rules. Defense counsel represented that he never received these rules from the Defendant despite representing in the response that said records were "available for inspection at the office of defendant's counsel." App. A, J. Teauge Dep. Tr. p. 41. On November 9, 2005 and November 30, 2005 (App. B) undersigned counsel sent a letter requesting that copies of the Rules be made and sent to plaintiff's counsel and making it clear plaintiff's counsel would pay reasonable copying costs. See D. Mass. R. 26.6(b)(2)(requiring copies be produced upon party's agreement to pay copying costs). Copies of the Rules were never sent.

---

[1] Def.'s Exhibit B, p. 8.

Before the plaintiff's Motion to Compel was filed, undersigned counsel mentioned that the Rules were not produced and defense counsel represented that they would be supplemented. Accordingly, Request 28 was never referenced in the plaintiff's Motion to Compel. However, after receipt of defendant's November 16, 2005 supplemental production and supplemental answers, it appears, despite repeated representations to the contrary and not objecting, the defendant will not produce these materials without Court intervention. In Defendant's November 16 supplemental response to Request 28, it represents "The above-mentioned documents were requested but never received by the defendant. *When they become available and are in the defendant's possession they will be immediately available to the plaintiff*." (Emphasis added). With all due respect, the defendant was obligated to produce these records over two months ago and it should be compelled to produce these records by a date certain.

The plaintiff respectfully requests that the Court compel production of these Rules by a date certain. Despite the requirement that counsel and parties engage in good faith efforts to cooperate in discovery, it is apparent that defense counsel and Amtrak will not produce Amtrak's Rules without Court intervention.

Request 3 is still in issue:

**Request No. 3**
The Defendant's Claim Department's full and complete medical files, documents, notes and reports pertaining to the plaintiff, including but not limited to any and all prior injuries or claims, as well as the injury which forms the basis of the present complaint.
**Response No. 3**
Objection: this request is overly broad in that it seeks documents that contain the work product and/or mental impressions of the defendant's representatives. Notwithstanding and without waiving the foregoing objections, the defendant states: please see response to request for productions No. 2 (Exhibit "A"). See also documents concerning alcohol and drug testing attached as Exhibit "E".

3

Requests 11, 12, and 14 are still in issue because despite representing in the parties' Rule 37 conference that it would withdraw its objections, the defendant filed supplemental responses and did not state that all prior objections have been withdrawn. Thus, the plaintiff seeks an order compelling production of all responsive documents to these Requests.

**Request No. 23**
All films, photographs, videotapes, audiotapes, including transcripts or memoranda thereof, of or concerning the plaintiff made at any time. Such disclosure shall include all portions of materials, including out-takes, rather than only those portions a party intends to use. (To be produced within ten days after plaintiff's deposition).
**Request No. 24**
Any and all surveillance material, including but not limited to photos, videotapes, notes, reports, bills and any other documents generated by the individuals or agency engaged in the surveillance of the plaintiff. (To be produced within ten days after plaintiff's deposition).

The same reasons that support producing photographic or videotaped surveillance, support production of surveillance reports. Notably, factual observations set forth in surveillance reports should be produced because the plaintiff has a substantial need for these materials and cannot obtain them from another source. In fact, much of the information may constitute substantive evidence in this case since the defendant has an affirmative defense that the plaintiff failed to mitigate his damages.

The cases cited in plaintiff's Memorandum of Law Bachir v. Transoceanic Cable Ship Co., 1998 U.S. Dist. Lexis 19528, 98CV4625(JFK)(HBP) (S.D.N.Y. Dec. 15, 1998); Brennan v. Great Lakes Dredge & Dock Co., 1998 U.S. Dist. Lexis 6383, 96 CV 4142 (DC) (S.D.N.Y. May 6, 1998); Smith v. Diamond Offshore Drilling, Inc., 168 F.R.D. 582 (S.D. Tex. 1996) dealt with photographic or videotaped surveillance, however, the

4

factual information contained in the surveillance reports amount to focused observations of the plaintiff's activity and condition at a specific point in time. Notably, not all factual observations set forth in surveillance reports are caught on videotape or photographed, yet testimony about these factual observations of the plaintiff's activity and condition can have just as significant of an impact on a jury as a picture. Accordingly, the same reasons that justify production of videotaped surveillance warrant production of factual observations of the plaintiff's activities and condition set forth in surveillance reports.

It is important to note that the defendant asserts an affirmative defense that the plaintiff failed to mitigate his damages. Thus, the members of the surveillance team are fact witnesses to a material issue in dispute in this case - whether the plaintiff mitigated his damages. Simply because a defendant hires fact witnesses in anticipation of litigation, opposing parties should not be precluded from obtaining discovery about the factual information in their possession. The defendant has not stipulated the plaintiff did not exaggerate his injuries and it has not stipulated that the plaintiff mitigated his damages, thereby making the factual observations in surveillance reports relevant substantive evidence in this lawsuit. Accordingly, the Court should compel production of the factual observations of the plaintiff set forth in surveillance reports because the plaintiff has a substantial need for them and cannot obtain them from any other source. See Bachir, supra, at 3-4.

Lastly, it appears that the Defendant is only making "video clips" available for inspection, however the plaintiff seeks production of all videotaped surveillance, not just "video clips." Portions of videotape not made into a video clip are likely to contain

information substantiating the plaintiff's claims. The defendant cannot just produce portions of the videotaped surveillance that it wants to produce and retain portions that are not helpful to its position in this case. See Bachir, supra, at 2-3 (requiring production of all surveillance tapes in defendant's possession or control and not just those portions it intends to use at trial).

For the foregoing reasons, the Court should compel the defendant to completely respond to Requests 23 and 24 and produce all videotaped surveillance and all factual observations set forth in surveillance reports.

Interrogatory 1 is still in issue.

**Interrogatory No. 1**
Identify by name, date, author and recipients all documents, reports, memorandum, and any other writings which you rely upon in defense of plaintiff's claims.

The defendant has sixteen affirmative defenses. Three notable affirmative defenses are that (a) the plaintiff failed to mitigate his damages; (b) the plaintiff's claim is barred because his negligence was the sole cause of his injuries and (c) the plaintiff was negligent. See Answer, Aff. Defenses 8, 3 and 5 respectively. Accordingly, the defendant should be compelled to identify by name, date, author and recipients all documents, reports and memorandum and any other writings that it may use in defense of this lawsuit (unless solely for impeachment) including but not limited to all documents that may use to support any of its sixteen of its affirmative defenses in this action. Fed. R. Civ. P. 26(a)(1)(B).

**Interrogatory No. 4**
Does the defendant have any information tending to show that the plaintiff was not injured at work or that the plaintiff's injuries are not a result of the on-the-job injury which is the subject of this action? If so, what is the information and who would so testify?

6

The defendant has affirmative defenses that the plaintiff's action is barred by the statute of limitations and that the plaintiff was not acting within the scope of his employment when he allegedly injured himself. App. C, Answer, Affirmative Defenses 2 and 10. This information is clearly discoverable. See Fed. R. Civ. P. 26(a)(1)(A). Accordingly, the Court should compel the defendant to provide a complete response to this interrogatory.

**Interrogatory No. 16**
If defendant contends that plaintiff failed to mitigate his damages, provide complete factual details of the basis for such contention. Such description should include, but not be limited to, a complete description of each and every fact relied upon; the witnesses upon whom defendant relies and the detailed information each such witness is known to possess regarding plaintiff's alleged failure to mitigate; and identification of each and every piece of physical evidence supporting defendant's contentions.
**Answer No. 16**
Objection: it is the plaintiff's burden to prove his damages.  The defendant has no burden to disprove the plaintiff's damages.  In addition, discovery is ongoing and the plaintiff has yet to respond to the defendant's interrogatories or request for production of documents.  Notwithstanding nor waiving the foregoing objections, the defendant states that it is presently apparent that the plaintiff did not return to work until January 7, 2004, even though he had been cleared to return to work on August 29, 2003.

The defendant has an affirmative defense stating that the plaintiff failed to mitigate his damages. See App. C, Answer, Aff. Def. No. 8. Yet, for some reason in its Opposition, the defendant states that failure to mitigate damages is not an affirmative defense.  The burden is on the defendant to prove by a preponderance of the evidence that the plaintiff failed to mitigate his damages. See Jones v. Consolidated Rail Corp., 800 F.2d 590, 593 (6th Cir. 1986); Schneider v. National Railroad Passenger Corp., 987 F.2d 132, 136 (2nd Cir. 1993) (stating Jones is the governing legal standard for the duty of mitigation of damages in FELA cases).  The plaintiff has a right to know what facts

the defendant has to support its affirmative defense and a detailed description of exactly how the defendant claims the plaintiff failed to mitigate his damages. See Fed. R. Civ. P. 26(b)(1)(parties have a right to discovery of materials reasonably calculated to lead to the discovery of admissible evidence). Accordingly, the defendant's objections should be overruled and the defendant should be compelled to respond to this interrogatory absent objections.

**CONCLUSION:**

For the foregoing reasons, the Court should grant the plaintiff's Motion To Compel in its entirety and overrule the defendant's objections thereto.

Respectfully submitted,

FOR THE PLAINTIFF, JEFFREY DANIELS

By _____
Scott E. Perry
George J. Cahill, Jr. (BBO #069480)
CAHILL, GOETSCH & MAURER, P.C.
43 Trumbull Street
New Haven, Connecticut  06510
(203) 777-1000

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, first class mail, postage prepaid on this ___8th___ day of December, 2005, to William Joseph Flanagan, Esq., Morrison Mahoney, LLP, 250 Summer Street, Boston, Massachusetts 02210.

_Scott Perry_

Scott E. Perry