UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

———————————————————X

JEFFREY DANIELS,                                    CIVIL ACTION

    Plaintiff                                         NO. 04-12030-MLW

VS.

NATIONAL RAILROAD PASSENGER
  CORPORATION,

    Defendant                                       FEBRUARY 22, 2006
———————————————————X

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO QUASH AND FOR A PROTECTIVE ORDER

The plaintiff hereby moves to quash a subpoena <u>duces tecum</u> served on Giant Liquors.  The plaintiff also moves for a protective order barring the deposition of a representative of Giant Liquors.  The subpoena and deposition notice were sent out on February 9, 2006 and are for a deposition on February 24, 2006.  The Court's deadline for filing and serving all non-expert discovery was January 13, 2006 and the deadline for completing all non-expert discovery was February 21, 2006.  The plaintiff's Motion should be granted because the discovery is untimely, and it should also be granted because the subpoena is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Undersigned counsel was out of the office from February 11 to February 19 and did not return to the office until February 20.  Pursuant to Rule 37, undersigned counsel

spoke to defense counsel on February 22, 2006 at about noon and he refused to withdraw the subpoena and deposition notice. See Appendix A, Affidavit.

The plaintiff clearly has standing to quash a subpoena seeking personal records about him from a third party. See Chemical Bank v. Dana, 149 F.R.D. 11, 13 (D. Conn. 1993) (holding defendant had standing to contest a subpoena served on non-party bank for banking records); Carey v. Bersford Metals Corp., 1991 U.S. Dist. Lexis 3776 (S.D.N.Y. March 28, 1991) (holding that plaintiff has standing to quash subpoena served on his banks for his banking records); Beach v. City of Olathe, Kansas, et al., 2001 U.S. Dist. Lexis 16214 (D. Kan. Sept. 17, 2001) (holding individual defendant has standing to file motion to quash served on a non-party company seeking defendant's personnel file); Alper v. United States, 190 F.R.D. 281, 284 (D. Mass. 2000) (granting party's motion to quash subpoena served on its retained expert).

The subpoena and deposition notice are clearly outside the discovery deadlines set by this Court. Specifically, the Court ordered that all non-expert discovery be filed and served no later than January 13, 2006. Also, the Court ordered all non-expert discovery be completed no later than February 21, 2006. The deposition notice and subpoena are dated February 9 and seek to compel a deposition and document production by February 24, 2006. (A complete copy of both are attached hereto as Appendix B). The defendant is violating this Court's orders and the Motion To Quash and For a Protective Order should be granted.

Also, the subpoena should be quashed because it is overly broad. It encompasses an unlimited period of time in that it seeks "any and all records regarding

employment by Giant Liquors of Jeffrey Daniels including but not limited to records of hours worked, job applications, job restrictions, medical records, injury reports, and job evaluations."

The subpoena also seeks "any other documents regarding Jeffrey Daniels." "Documents" are defined as "any original, and all copies of any writings, memoranda, tape or other sound recordings, contracts, agreements, invoices, checks, statements, receipts, letters, notes, telephone logs, diaries, calendar entries, telegrams, telexes, or other forms of communication or correspondence, books, catalogs, pamphlets, periodicals, lists, brochures, reports, minutes, books, or records of account, schedules, tax returns, computer print-outs, tapes, memories, photostats, microfilm, or other written information, in whatever form, which is in the custody or possession or under the control of the plaintiff."

Clearly, the defendant is on a fishing expedition for anything related to the plaintiff. The subpoena is overly broad and unduly burdensome in that it has no time limits and is limitless in scope. Moreover, the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Simply put, the subpoena is not limited in time, scope or type of information sought.

For the foregoing reasons, the Court should quash the subpoena <u>duces</u> <u>tecum</u> and issue a protective order barring the deposition of a representative of Giant Liquors.

Respectfully submitted,

FOR THE PLAINTIFF, JEFFREY DANIELS

By _/s/ Scott E. Perry_
Scott E. Perry
George J. Cahill, Jr. (BBO #069480)
CAHILL, GOETSCH & MAURER, P.C.
43 Trumbull Street
New Haven, Connecticut 06510
(203) 777-1000

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, first class mail, postage prepaid on this 22nd day of February, 2006, to William Joseph Flanagan, Esq., Morrison Mahoney, LLP, 250 Summer Street, Boston, Massachusetts 02210.

_/s/ Scott E. Perry_
Scott E. Perry