UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12030MLW

| | |
|---|---|
| JEFFREY DANIELS,<br>Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION,<br>Defendant | )<br>)<br>)<br>) |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH DEPOSITION SUBPOENA AND DEFENDANT'S CROSS MOTION TO CONDUCT LIMITED FURTHER DISCOVERY

The defendant opposes the plaintiff's motion to quash the deposition of Giant Liquors, Inc. The defendant cross moves for leave to conduct limited further discovery in the form of the deposition of Giant Liquors in accordance with the notice of deposition attached as Exhibit "A", and to propound two interrogatories which are attached as Exhibit "B". As grounds, the defendant states that the deposition is expected to be a brief, but necessary deposition of the plaintiff's father's liquor business where the plaintiff is known to have frequented during his alleged two year period of disability. Discovery has revealed that the plaintiff previously worked at the liquor store, and was seen observed by surveillance, during his two year period of disability following the accident, and to have been present at the store for hours, apparently in an employment capacity.

The nature and extent of the plaintiff's damages are certainly an issue in this case. The plaintiff contends that he suffered a shoulder injury in the accident and discovery has revealed that the plaintiff had prior shoulder problems. The extent of the plaintiff's physical activities following the accident, including whether he was able to lift boxes, stock shelves, and carry out

1168489v1

any other duties that would be expected of a liquor store employee, is certainly relevant to this case, and the jury should have all available information to enable them to evaluate this claim.

Defense counsel served a second set of interrogatories, consisting of two interrogatories, on January 25, 2006. The interrogatories, attached as Exhibit "B", simply seek a description of any contention the plaintiff may make at trial that the defendant violated any rules, statute, or standards, or whether the design of the subject railroad crossing should have been different. These interrogatories are consistent with the extensive interrogatories served by the plaintiff, which were the subject of a discovery hearing before this Court, which sought disclosure by the defendant of the complete factual basis for any contention that the plaintiff was not injured at work or that the plaintiff failed to mitigate his damages. See plaintiff's previously filed motion to compel, answers to interrogatories Nos. 4 and 16. The defendant further states as follows:

1. The defendant's limited discovery requests are hardly burdensome. The deposition will be scheduled on a convenient date for plaintiff's counsel and should take less than two hours.

2. Defense counsel has only taken one deposition in this case – of the plaintiff. Plaintiff's counsel, meanwhile, has employed an aggressive discovery strategy and has taken depositions of six different employees of Amtrak/Massachusetts Bay Commuter Railroad Company. In addition to taking the depositions of the two witnesses to the accident, plaintiff deposed one of Amtrak's investigators, the plaintiff's supervisor, the Human Resources Manager of Amtrak, and the Director of Human Resources of Massachusetts Bay Commuter Railroad Company (Amtrak's successor for the commuter rail service). In addition, the plaintiff re-deposed the plaintiff's supervisor, Patricia Mallon, with leave of this court, in order to explore the issue of whether the plaintiff ever complained of a prior shoulder injury.

2

3. In November 2005, plaintiff's counsel filed a motion to extend discovery deadlines. The defendant did not oppose the motion.

4. At a hearing on plaintiff's discovery motions on December 20, 2005, plaintiff's counsel requested that the discovery deadlines be further extended. The defendant did not oppose the plaintiff's request, which the court allowed.

5. The defendant has cooperated with plaintiff's counsel in not only scheduling the numerous depositions, but also in making the subject truck available at the site of the accident in Bellingham, Massachusetts to provide plaintiff's counsel an opportunity to meet with this client at the scene with the subject truck. The defendant sought no reimbursement of any costs or expenses associated with transporting the vehicle to the scene of the accident, which was attended by an MBCR employee and the plaintiff (currently employed by MBCR).

6. The defendant voluntarily produced for the plaintiff's inspection and viewing all surveillance photos and video to plaintiff's counsel. Further, in accordance with the plaintiff's discovery motion, this Court permitted the plaintiff to take the deposition of the defendant's surveillant, and the plaintiff noticed the deposition for February 21, 2006, but the deposition was indefinitely postponed by plaintiff's counsel. It is not clear whether it will be taken.

7. The plaintiff conducted the resumed deposition of the plaintiff's supervisor, Patricia Mallon, and the deposition of MBCR's human resources manager, on February 7, 2006.

8. Defense counsel informed plaintiff's counsel on that date that he wished to take the deposition of Giant Liquors, and the deposition notice was served on February 10, 2006.

9. The proposed interrogatories and deposition notice are a reasonable attempt to obtain needed information to defend this lawsuit on behalf of Amtrak. The jury should have information on whether the plaintiff was in fact working during his alleged two year period of

3

disability, and defense counsel should be permitted to ask plaintiff's counsel for the factual basis for his contention that any rules were violated, or that the subject railroad crossing should have designed differently, just as the plaintiff asked the defendant for the factual basis of its contentions. The discovery requests only seek disclosure of relevant information that will be helpful to the finder of fact.

10. The discovery requests will not delay the trial or disposition of this matter and the defendant is prepared to go forward with the status conference on April 3, 2006.

WHEREFORE, the defendant respectfully requests as follows:

1. Plaintiff's motion to quash the deposition subpoena of Giant Liquors be DENIED;

2. The court grant the defendant leave to propound the two interrogatories contained in the defendant's second set of interrogatories to be answered by the plaintiff within the next 30 days;

3. The discovery deadline be extended to permit the requested discovery.

4. Any other relief that the Court deems just and appropriate.

Respectfully submitted,
The defendant,
By its Attorney,
**MORRISON MAHONEY LLP**

*/s/ William Joseph Flanagan*
_____
William Joseph Flanagan, BBO# 556598
250 Summer Street
Boston, MA 02210
(617) 439-7500

Dated: March 2, 2006

4

1168489v1

<u>Certificate of Service</u>

I hereby certify that this document(s) filed
through the ECF system will be sent electronically
to the registered participants as identified on the
notice of Electronic Filing (NEF) and paper copies
will be sent to those indicated as non registered participants
on this 2nd day of March, 2006.

*/s/ William Joseph Flanagan*
_____
William Joseph Flanagan, BBO#556598