UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

_____X

| | |
|---|---|
| JEFFREY DANIELS, | CIVIL ACTION |
| Plaintiff | NO. 04-12030-RBC |
| VS. | |
| NATIONAL RAILROAD PASSENGER CORPORATION, (Amtrak) | |
| Defendant | OCTOBER 4, 2006 |

_____X

## PLAINTIFF'S TRIAL MEMORANDUM[1]

### 1(a). PLAINTIFF'S CONCISE SUMMARY OF EVIDENCE TO BE OFFERED

The plaintiff Jeffrey Daniels brings this case under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., for personal injuries he sustained as the result of the defendant Amtrak's negligence. The plaintiff asserts that his injuries were caused in whole or in part by the negligence of the defendant Railroad. The plaintiff claims damages for past lost earnings, and past pain, suffering, mental anguish and loss of enjoyment of life's activities.

At approximately 10:00 a.m. on July 19, 2002 while working as a Bridges and Buildings Mechanic at the River Road railroad crossing in Bellingham, Massachusetts, the plaintiff claims truck tires spun and shot rocks at him and caused him to fall on the rail and injure his right shoulder and neck.

---

[1] The parties filed a Joint Motion to extend the deadline to submit a Joint Trial memorandum yesterday. The parties seek a one-week extension of time up to October 11 and to extend the deadline for submitting pleadings due on October 11 to October 18. In the event the Court grants the pending motion to extend the deadlines, the plaintiff reserves his right to submit an Amended Trial Memorandum.

The plaintiff expects to prove that the accident was caused by his employer's and his co-workers' negligence. He also expects to prove he got tendonitis in his right shoulder leading to impingement of his shoulder joint and that he had undergo surgery on his shoulder as a result of the accident. The plaintiff also expects to prove that he suffered a herniated disc in his neck as a result of the accident. The plaintiff also expects to prove he lost $65,048 in wages.

**1(b) DEFENDANT'S CONCISE SUMMARY OF EVIDENCE TO BE OFFERED**

**2. FACTS ESTABLISHED BY PLEADINGS OR BY STIPULATION OR ADMISSION**

1. The defendant, Amtrak, is a railroad corporation duly established by law, and having a usual place of business in Boston, Massachusetts.

2. At the time of the accident, the defendant was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between Washington, D.C. and Boston, Massachusetts.

3. At the time the plaintiff received the injuries complained of, he was employed by the defendant Railroad as a B & B Mechanic.

4. At the time the plaintiff received the injuries complained of, the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

**3. (THERE IS NO NUMBER 3 IN THE ORDER FOR PRETRIAL CONFERENCE)**

**4. FACTUAL ISSUES IN DISPUTE**

1.   Was the defendant negligent pursuant to the FELA?

2. Was the defendant's negligence pursuant to the FELA a cause of the injuries alleged by plaintiff?

3. What was the nature and extent of any injuries the plaintiff allegedly suffered?

4. Is Amtrak is entitled to a defense of contributory negligence, and if so, was the plaintiff contributorily negligent?

5. What amount of money damages will fairly and fully compensate the plaintiff for all his injuries?

6. What was the amount of the plaintiff's lost wages resulting from the accident?

7. Did the plaintiff fail to mitigate his damages?

**5. ISSUES OF LAW, INCLUDING EVIDENTIARY QUESTIONS, TOGETHER WITH SUPPORTING AUTHORITY**

a. The plaintiff intends to file a motion *in limine* to preclude the defendant's retained expert from testifying because his testimony is not relevant, and unduly prejudicial.

b. The plaintiff intends to file a motion *in limine* to preclude any questions or evidence about drug use, or the drug test following the accident per Fed. R. Evid. 402 and 403;

c. The plaintiff may object to some of defendant's exhibits pursuant to Fed. R. Evid. 402, 403 and 802.

**6. ANY REQUESTED AMENDMENTS TO THE PLEADINGS**

The plaintiff does not request any amendments to the pleadings.

**7. ADDITIONAL MATTERS TO AID IN DISPOSITION OF THE ACTION**

The defendant is taking the trial deposition of a radiologist who reviewed x-rays of the plaintiff's right shoulder. The deposition is expected to occur during the week of October 9, 2006. There may be additional evidentiary issues that need to be brought before the Court following the radiologist's trial deposition.

**8a. LIST OF WITNESSES BY PLAINTIFF**

**Jeffrey Daniels** will testify about the circumstances and events surrounding his July 19, 2002 accident. He will also testify about the duties, training and earnings of an Amtrak B&B Mechanic. He will also testify about the medical treatment he received, his rehabilitation efforts, his efforts to return to work, past pain and suffering, and loss of enjoyment of life's activities, and his lost wages.

**Dr. John F. Tilzey, M.D.**, of Burlington, MA, plaintiff's treating orthopedist, will testify by videotape regarding his diagnosis, examinations, surgery of and course of treatment for the plaintiff, as well as the plaintiff's prognosis, disability, and causation.

**Gary Marchand**, 90 Bank Street, North Attleborough, MA 02760, Amtrak B&B Foreman, will testify about the facts and circumstances surrounding the accident, Amtrak Safety Rules, and about portions of his deposition testimony.

**James Teague**, 22 Rhodora Street, Lowell, MA 01851, Amtrak Safety Liaison, will testify about the facts and circumstances surrounding the accident, Amtrak Safety Rules, procedures and practices, and portions of his deposition testimony.

**Patty Mallon**, 8 Patch's Pond Lane, Wilmington, MA, Amtrak Roadmaster- B&B Engineering, is expected to testify about Amtrak's investigation of the accident and the facts and circumstances surrounding the accident and Amtrak's Safety Rules and about portions of her deposition testimony.

**Joseph Mello**, 10 Bernon Drive, Lincoln, RI, Amtrak Driver - B&B Department, will testify about the facts and circumstance surrounding the accident, Amtrak Safety Rules and portions of his deposition testimony.

**Suzanne Allan**, 55 Robin Street, West Roxbury, MA 02132, Amtrak Human Resources Manager, is expected to testify about the facts and circumstances surrounding Amtrak's approval of Mr. Daniels return to work following the accident and portions of her deposition testimony.

**Elizabeth Trowbridge**, 12 Upland Road, Burlington, MA, Massachusetts Bay Commuter Railroad Director of Human Resources, is expected to testify about when MBCR cleared Mr. Daniels to return to work and how MBCR would not clear him to return to work until after Amtrak's Medical Department approved Mr. Daniels return to work. She is also expected to testify consistent with portions of her deposition testimony.

**Dr. Harold E. Longmaid** (Radiologist from Milton Hospital) may be called to testify about the x-rays he took and reviewed and his x-ray report concerning the plaintiff's right shoulder.

*Plaintiff reserves the right to call any witnesses identified by defendant.*

*Plaintiff reserves the right to call additional witnesses for purposes of rebuttal or impeachment.*

**8(b)  LIST OF WITNESSES BY AMTRAK**

**9a. PLAINTIFF'S LIST OF EXHIBITS:**

   Ex. 1a through 1gg: (33) Photographs of accident location

   Ex. 2: Amtrak's Injury Illness Report and Personal Statement (2 pages).

   Ex. 3: Amtrak's Investigation Committee Report (4 pages).

   Ex. 4: Amtrak's Preliminary Injury/Incident Investigation Report (1 page)

Ex. 5: Milton Hospital Emergency Room Report 7/19/02 (1 page)

Ex. 6: Milton Hospital Work-Related Injury Triage Sheet (1page)

Ex. 7: Milton Hospital Radiology Report (2 pages)

Ex. 8: Milton Hospital right shoulder x-rays

Ex. 9: June 30, 2003 email from Dennis Coffey to Christa Cuupernull

Ex. 10: August 8, 2003 email from Adam Emery to Elizabeth Trowbridge (partially redacted)

Ex. 11: August 14, 2003 email from Adam Emery to Elizabeth Trowbridge

Ex. 12: October 31, 2003 email from Marilyn McCouch to Suzanne Allan

Ex. 13: December 5, 2003 email from Adam Emery to Patty Mallon

Ex. 14: MBCR Personnel Action Request: Return from Leave 1/7/04

Ex. 15: January 5, 2004 email from MA Boston to Elizabeth Bowden

Ex. 16: October 24, 2005 email from Marilyn McCouch to Suzanne Allan

Ex. 17: Amtrak Safety Rule 4001

Ex. 18: Amtrak Safety Rule 4175

Ex. 19: Portions of James Teauge Dep. Tr. dated November 3, 2005 (Per 801(d)2(D)).

Ex. 20: Portions of Patty Mallon's Dep. Tr. dated October 7, 2005 (Per 801(d)2(D)).

Ex. 21: Portions of Joseph Mello's Dep. Tr. dated November 3, 2005 (Per 801(d)2(D)).

Ex. 22: Portions of Suzanne Allan's Dep. Tr. dated November 3, 2005 (Per 801(d)2(D)).

Ex. 23: Portions of Gary Marchand's Dep. Tr. dated October 7, 2005 (Per 801(d)2(D)).

Ex. 24: July 18, 2006 Videotaped Testimony / Deposition Transcript of Dr. John F. Tilzey

Ex. 25: May 10, 2003 Lahey Clinic Discharge Summary (2 pages)

Ex. 26: January 29, 2003 Lahey Clinic Neurosurgery Progress Note (Dr. Sparacio) (1 page) (partially redacted)

Ex. 27: March 13, 2003 Lahey Clinic Neurosurgery Progress Note (Dr. Sparacio) (1 page)

Ex. 28: CDC National Vital Statistics Report 2002

*Plaintiff reserves the right to introduce any exhibits identified by defendant, and reserves the right to use additional exhibits for purposes of rebuttal or impeachment*

10. **TRIAL COUNSEL**:

       Scott E. Perry, Esq. (Plaintiff)
       CAHILL & GOETSCH, P.C.
       Attorneys for Plaintiff
       43 Trumbull Street
       New Haven, Connecticut  06511
       (203)777-1000

       William Joseph Flanagan (Defendant)
       Morrisson Mahoney LLP
       250 Summer Street
       Boston, MA 02210
       (617) 439-7500

Respectfully submitted,

FOR THE PLAINTIFF, JEFFREY DANIELS


By _____/s/ Scott Perry_____
  Scott E. Perry
  George J. Cahill, Jr. (BBO #069480)
  CAHILL, GOETSCH & MAURER, P.C.
  43 Trumbull Street
  New Haven, Connecticut  06510
  (203) 777-1000

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2006, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
Scott E. Perry