UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

_____X

JEFFREY DANIELS,                                    CIVIL ACTION

      Plaintiff                                    NO. 04-12030-RBC

VS.

NATIONAL RAILROAD PASSENGER
  CORPORATION, (Amtrak)

      Defendant                                    OCTOBER 12, 2006
_____X


**PARTIES' JOINT TRIAL MEMORANDUM**


**1(a).  PLAINTIFF'S CONCISE SUMMARY OF EVIDENCE TO BE OFFERED**

The plaintiff Jeffrey Daniels brings this case under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., for personal injuries he sustained as the result of the defendant Amtrak's negligence.  The plaintiff asserts that his injuries were caused in whole or in part by the negligence of the defendant Railroad and its employees.  The plaintiff claims damages for lost earnings, pain, suffering, mental anguish and loss of enjoyment of life's activities.

At approximately 10:00 a.m. on July 19, 2002 while working as a Bridges and Buildings Mechanic at the River Road railroad crossing in Bellingham, Massachusetts, the plaintiff claims truck tires spun and shot rocks at him and caused him to fall on the rail and injure his right shoulder and neck.

The plaintiff will prove that the accident was caused by his employer's and his co-workers' negligence.  He will prove he got tendonitis in his right shoulder leading to

impingement of his shoulder joint and that he had to undergo surgery on his shoulder as a result of the accident.  The plaintiff also suffered a herniated disc in his neck as a result of the accident.  The plaintiff will prove he lost approximately $58,000 in after tax income as a result of the accident.

**1(b)  DEFENDANT'S CONCISE SUMMARY OF EVIDENCE TO BE OFFERED**

The evidence will show that the plaintiff fell due to his failure to take adequate precautions for his own safety.  He was performing a task that both he, and the other workers, had performed on numerous occasions and should not ordinarily have presented any unreasonable risk of danger to the plaintiff.  He simply slipped on a wet tie or rail and fell.  Neither the defendant nor its employees were negligent.  The defendant also contests the cause and extent of the plaintiff's injuries, disability, and lost earnings.

**2.  FACTS ESTABLISHED BY PLEADINGS OR BY STIPULATION OR ADMISSION**

1.  The defendant, Amtrak, is a railroad corporation duly established by law, and having a usual place of business in Boston, Massachusetts.

2.  At the time of the accident, the defendant was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between Washington, D.C. and Boston, Massachusetts.

3.  At the time the plaintiff received the injuries complained of, he was employed by the defendant Railroad as a B & B Mechanic.

4.  At the time the plaintiff received the injuries complained of, the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

**3.  (THERE IS NO NUMBER 3 IN THE ORDER FOR PRETRIAL CONFERENCE)**

**4.  FACTUAL ISSUES IN DISPUTE**

1.    Was the defendant negligent pursuant to the FELA?

2.    Was the defendant's negligence pursuant to the FELA a cause of the injuries alleged by plaintiff?

3.    What was the nature and extent of any injuries the plaintiff allegedly suffered?

4.    Was the plaintiff contributorily negligent?

5.    What amount of money damages will fairly and fully compensate the plaintiff for all his injuries?

6.    What was the amount of the plaintiff's lost wages resulting from the accident?

**5.  ISSUES OF LAW, INCLUDING EVIDENTIARY QUESTIONS, TOGETHER WITH SUPPORTING AUTHORITY**

a. The plaintiff intends to file a motion *in limine* to preclude the defendant's retained expert from testifying because his testimony is not relevant, and unduly prejudicial.

b. The plaintiff intends to file a motion *in limine* to preclude any questions or evidence about drug use, or the drug test following the accident per Fed. R. Evid. 402 and 403.

c. The plaintiff intends to file a motion *in limine* to preclude any questions or evidence concerning the plaintiff's criminal record per Fed. R. Evid. 402 and 403.

d. The plaintiff intends to file a motion *in limine* to preclude questions about or references to collateral source payments from the Railroad Retirement Board.

e. The parties may object to some of the exhibits pursuant to Fed. R. Evid. 402, 403 and 802.

f.   The plaintiff may request that the Court take judicial notice of the plaintiff's life expectancy pursuant to Fed. R. Evid. 201.  The defendant objects to any evidence of life expectancy or permanent injury.

## 6.  ANY REQUESTED AMENDMENTS TO THE PLEADINGS

The plaintiff does not request any amendments to the pleadings.

## 7.  ADDITIONAL MATTERS TO AID IN DISPOSITION OF THE ACTION

The parties are not aware of any additional matters at this time.

## 8a. LIST OF WITNESSES BY PLAINTIFF

**Jeffrey Daniels** will testify about the circumstances and events surrounding his July 19, 2002 accident.  He will also testify about the duties, training and earnings of an Amtrak B&B Mechanic.  He will also testify about the medical treatment he received, his rehabilitation efforts, his efforts to return to work, past pain and suffering, and loss of enjoyment of life's activities, and his lost wages.

**Dr. John F. Tilzey, M.D.**, of Burlington, MA, plaintiff's treating orthopedist, will testify by videotape regarding his diagnosis, examinations, surgery of and course of treatment for the plaintiff, as well as the plaintiff's prognosis, disability, and causation.

**Gary Marchand**, 90 Bank Street, North Attleborough, MA 02760, Amtrak B&B Foreman, will testify about the facts and circumstances surrounding the accident, Amtrak Safety Rules, and about portions of his deposition testimony.

**James Teague**, 22 Rhodora Street, Lowell, MA 01851, Amtrak Safety Liaison, will testify about the facts and circumstances surrounding the accident, Amtrak Safety Rules, procedures, practices, and feasibility of alternative crossing designs, portions of his deposition testimony.

**Patty Mallon**, 8 Patch's Pond Lane, Wilmington, MA, Amtrak Roadmaster- B&B Engineering,

is expected to testify about Amtrak's investigation of the accident and the facts and circumstances surrounding the accident and Amtrak's Safety Rules and about portions of her deposition testimony.

**Joseph Mello**, 10 Bernon Drive, Lincoln, RI, Amtrak Driver - B&B Department, will testify about the facts and circumstance surrounding the accident, Amtrak Safety Rules and portions of his deposition testimony.

**Suzanne Allan**, 55 Robin Street, West Roxbury, MA 02132, Amtrak Human Resources Manager, is expected to testify about the facts and circumstances surrounding Amtrak's approval of Mr. Daniels return to work following the accident and portions of her deposition testimony.

**Elizabeth Trowbridge**, 12 Upland Road, Burlington, MA, Massachusetts Bay Commuter Railroad Director of Human Resources, is expected to testify about when MBCR cleared Mr. Daniels to return to work and how MBCR would not clear him to return to work until after Amtrak's Medical Department approved Mr. Daniels return to work. She is also expected to testify consistent with portions of her deposition testimony.

*Plaintiff reserves the right to call any witnesses identified by defendant.*

*Plaintiff reserves the right to call additional witnesses for purposes of rebuttal or impeachment.*

**8(b)  LIST OF WITNESSES BY AMTRAK**

1.    Any witness identified above by the plaintiff.

2.    Brian Pape, PhD., 8 Tiger Lane, Hudson, New Hampshire.  Dr. Pape is a toxicologist and is expected to testify concerning the plaintiff's positive lab test for

cocaine metabolites on the date of the accident, the body's metabolism of cocaine, and the effects of cocaine.

3.    Representative of Labs/Amtrak concerning authenticity of lab test report.

4.    Representative(s) of Milton Hospital including Mona Gabriel, regarding authenticity of medical records, and drawing of urine sample for drug test, and chain of custody.

5.    Representative of Lahey Clinic regarding authenticity of medical records.

6.    Representative of Giant Liquors regarding plaintiff's activities and work performed during alleged period of disability.

7.    Robin Breton, Central Bureau of Investigation, Inc., or other representative, regarding observations and surveillance of plaintiff while on period of alleged disability.

8.    Felicia Allen, compliance coordinator at MBCR, will testify concerning plaintiff's return to work procedures.

9.    Representative(s) of Northwest Toxicology, including but not limited to David Kuntz, Ron Shearon, and/or Ivette Trujillo, regarding drug test and chain of custody.


*Defendant reserves the right to call any witnesses identified by plaintiff.*

*Defendant reserves the right to call additional witnesses for purposes of rebuttal or* impeachment.

**9a. PLAINTIFF'S LIST OF EXHIBITS:**

Ex. 1a through 1gg: (33) Photographs of accident location

Ex. 2: Amtrak's Injury Illness Report and Personal Statement (2 pages).

Ex. 3: Amtrak's Investigation Committee Report (4 pages).

Ex. 4: Amtrak's Preliminary Injury/Incident Investigation Report (1 page)

Ex. 5: Milton Hospital Emergency Room Report 7/19/02 (1 page)

Ex. 6: Milton Hospital Work-Related Injury Triage Sheet (1page)

Ex. 7: Milton Hospital Radiology Report (2 pages)

Ex. 8: June 30, 2003 email from Dennis Coffey to Christa Cuupernull

Ex. 9: August 8, 2003 email from Adam Emery to Elizabeth Trowbridge (partially redacted)

Ex. 10: August 14, 2003 email from Adam Emery to Elizabeth Trowbridge

Ex. 11: October 31, 2003 email from Marilyn McCouch to Suzanne Allan

Ex. 12: December 5, 2003 email from Adam Emery to Patty Mallon

Ex. 13: MBCR Personnel Action Request: Return from Leave 1/7/04

Ex. 14: January 5, 2004 email from MA Boston to Elizabeth Bowden

Ex. 15: October 24, 2005 email from Marilyn McCouch to Suzanne Allan

Ex. 16: Amtrak Safety Rule 4001

Ex. 17: Amtrak Safety Rule 4175

Ex. 18: Portions of James Teauge Dep. Tr. dated November 3, 2005 (Per 801(d)2(D)).

Ex. 19: Portions of Patty Mallon's Dep. Tr. dated October 7, 2005 (Per 801(d)2(D)).

Ex. 20: Portions of Joseph Mello's Dep. Tr. dated November 3, 2005 (Per 801(d)2(D)).

Ex. 21: Portions of Suzanne Allan's Dep. Tr. dated November 3, 2005 (Per 801(d)2(D)).

Ex. 22: Portions of Gary Marchand's Dep. Tr. dated October 7, 2005 (Per 801(d)2(D)).

Ex. 23: July 18, 2006 Videotaped Testimony / Deposition Transcript of Dr. John F. Tilzey

Ex. 24: May 10, 2003 Lahey Clinic Discharge Summary (2 pages)

Ex. 25: January 29, 2003 Lahey Clinic Neurosurgery Progress Report (Dr. Sparacio) (1 page) (partially redacted)

Ex. 26: March 13, 2003 Lahey Clinic Neurosurgery Progress Report (Dr. Sparacio) (1 page)

Ex. 27: Amtrak's Safety Rules and Instructions (partially redacted to exclude Rule 4002)

Ex. 28: Amtrak Roadway Worker Protection Manual

Ex. 29: Amtrak NORAC Rules (partially redacted to exclude Rule G: Drugs & Alcohol)

Ex. 30: Amtrak Videotape of Hi-Rail Truck Being Put On Crossing

Ex. 31: CDC National Vital Statistics Report 2002


*Plaintiff reserves the right to introduce any exhibits identified by defendant, and reserves the right to use additional exhibits for purposes of rebuttal or impeachment.  The defendant reserves the right to object to any exhibits not listed in this Pretrial Memorandum.*

## 9b. DEFENDANT'S LIST OF EXHIBITS:

1.    Photographs of accident location.

2.    Photographs of truck involved in accident.

3.    Videotape of subject truck/accident location.

4.      Milton Hospital records.

5.      Lahey Clinic Medical Center records.

6.      Drug test and related records including records from Northwest Toxicology.

7.      NORAC Operating Rules, 7th edition.

8.      Treating physician medical status report statement of disability.

9.      Plaintiff's criminal records:  operating after suspending license, March 20, 2006,
        West Roxbury District Court; operating under the influence of liquor, March 24,
        2003, Somerville District Court; assault and battery with a dangerous weapon,
        May 22, 2000, Concord District Court; larceny, May 22, 2000, Concord District
        Court; operating after a revoked registration, compulsory insurance violation,
        attaching wrong motor vehicle plates, November 16, 1995, Natick District Court;
        possession with intent to distribute Class D substance, October 16, 1995,
        Roxbury District Court; operating after a revoked license, August 4, 1995,
        Woburn District Court; operating after a revoked license, November 13, 1995,
        Milford District Court.

10.     Plaintiff's job application to Amtrak and job description.

11.     Truck maintenance record.

12.     Amtrak earnings history records.

13.     Amtrak Agreement Standards and Qualifications for Hiring Purposes.

14.     Amtrak Roadway Worker Protection Manual.

15.     Amtrak Maintenance of Way Employees Safety Rules and Instruction.

16.     Bridge Worker Safety Standards.

17.     December 7, 2003, e-mail from Patty Mallon to Tim Corbin.

18.     December 23, 2003, authorization for examination, treatment, or testing.

19.     August 14, 2003, e-mail from Adam Emery to Elizabeth Trowbridge.

20.     June 30, 2003, e-mail from Dennis Coffey to Christa Cuppernull.

21.     August 8, 2003, e-mail from Adam Emery to Elizabeth Trowbridge.

22.     September 22, 2005, e-mail (with preceding threat) from Felicia Allen to
        Elizabeth Trowbridge.

23.     May 17, 2005, e-mail (with preceding threat) from Samantha Vasseur to Felicia
        Allen.

24.     Authorization for Examination, Treatment, or Testing dated December 23, 2003.

25.     Medical Review Officers Report of Drug Screen Results dated January 5, 2004
        with accompanying drug test result form.

26.     Medical Review Officers Report of Drug Screen Results dated September 5,
        2003 with accompanying alcohol testing and drug test form.

27.     Mobilization Pre-employment Questionnaire dated August 13, 2003.

28.     Human resources policies & procedures, procedure number HRPP-010.

29.     Human resources policies & procedures, procedure number HRPP-027.

30.     Human resources policies & procedures, procedure number HRPP-023.

31.     Amtrak computer screen printout "display actions" marked as exhibits 4 and 5
        during the deposition of Suzanne Allan.

32.     Personnel Action Request dated June 30, 2003.

33.     November 3, 2003, e-mail from Suzanne Allan and preceding e-mail.

34.     Amtrak medical report-injury/illness.

35.     Readville B&B Department Daily Activity Report for July 19, 2002.

36.    PERS-19 and Standards of Excellence.

37.    MBCR Payroll Employee Cumulative Report.

38.    Brotherhood of Maintenance of Way Employees Collective Bargaining Agreement.

39.    Amtrak Rule G Waiver Agreement.

40.    Surveillance photos and video.

41.    Plaintiff's answers to interrogatories.

42.    Injured Employees 10-Day Report

43.    Any exhibit identified by the plaintiff.


*The defendant reserves the right to supplement this list of exhibits.*

*The plaintiff reserves the right to object to any exhibits that are not listed in this Pretrial Memorandum.*


**10.    TRIAL COUNSEL:**

       Scott E. Perry, Esq. (Plaintiff)
       CAHILL & GOETSCH, P.C.
       Attorneys for Plaintiff
       43 Trumbull Street
       New Haven, Connecticut  06511
       (203)777-1000

       William Joseph Flanagan (Defendant)
       Morrisson Mahoney LLP
       250 Summer Street
       Boston, MA 02210
       (617) 439-7500

Respectfully submitted,

FOR THE PLAINTIFF, JEFFREY DANIELS

By _____
    Scott E. Perry
    George J. Cahill, Jr. (BBO #069480)
    CAHILL, GOETSCH & MAURER, P.C.
    43 Trumbull Street
    New Haven, Connecticut  06510
    (203) 777-1000

FOR THE DEFENDANT, NATONAL
RAILROAD PASSENGER CORPORATION


By _____
    William Joseph Flanagan (BBO #556598)
    Morrison Mahoney, LLP
    250 Summer Street
    Boston, Massachusetts 02210
    (617) 439-7500

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on October _12_, 2006, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


_____
Scott E. Perry