UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

———————————————————X

JEFFREY DANIELS,                                    CIVIL ACTION

    Plaintiff                                              NO. 04-12030-RBC

VS.

NATIONAL RAILROAD PASSENGER
 CORPORATION,

    Defendant                                             OCTOBER 18, 2006

———————————————————X

### PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF POST ACCIDENT DISCIPLINE

**The Fact That The Plaintiff Was Disciplined Following The Accident For A Positive Drug Test Does Not Preclude Any of His Damages Under the FELA**

After the July 19, 2002 accident, the plaintiff was given a routine drug test that tested positive for the presence of cocaine metabolites. The plaintiff was required to undergo approximately 14 days of inpatient drug treatment. The plaintiff moves to preclude any evidence the plaintiff was disciplined following the accident.[1]

---

[1] The plaintiff has also filed a Motion *In Limine* To Preclude Drug Test Results on 402 and 403 grounds.

In an FELA case, post accident discipline, including termination, does not preclude a plaintiff from seeking damages for lost wages resulting from his injuries. *Kulavic v. Chicago & Illinois Midland Railway Co.*, 1 F.3d 507 (7th Cir. 1993). In *Kulavic*, the railroad tried to prevent the injured plaintiff from presenting evidence of any future earning capacity claim because he was terminated when he did not provide sufficient medical proof to the railroad to excuse his post-accident absence. The employee's termination was upheld under the Railway Labor Act (RLA). At trial the district court barred the plaintiff from claiming any future impairment to earning capacity after the date of his discharge. The Seventh Circuit Court of Appeals reversed. The Seventh Circuit held the arbitration award by the Public Law Board (PLB) should not have been given preclusive effect in the plaintiff's FELA action and that he should have been permitted to introduce evidence of his future impairment to earning capacity, including lost future wages and benefits. Id. at 520.

In the FELA case of *Pothul v. Consolidated Rail Corp.*, 94 F. Supp. 2d. 269 (N.D.N.Y. 2000), the plaintiff was dismissed after suffering an on the job back injury based on the railroad's determination his injury record constituted injury proneness. While that RLA appeal was pending the railroad instructed the plaintiff to appear for a medical evaluation. The plaintiff failed to appear for the medical examination and was dismissed. The railroad claimed the plaintiff should not be entitled to recover any lost wages and benefits subsequent to the date of his termination. The District Court

denied the railroad's motion for partial summary judgment and held plaintiff is not litigating the dismissal for failing to appear at a medical examination but rather is litigating whether he is entitled under the FELA to recover damages for an impairment to earning capacity flowing from his work-related injuries. Id. at 271-73.

Like the FELA plaintiffs in *Kulavic* and *Pothul*, the plaintiff here is entitled to seek damages for his lost wages following the accident despite the fact he was disciplined and required to undergo 14 days of inpatient drug counseling after a positive drug test following the accident.  To rule otherwise contradicts the governing case law. Moreover, if a court were to rule otherwise, it would stand as a blanket invitation for railroads, when faced with an FELA lawsuit, to find any basis whatsoever to discipline or terminate a plaintiff employee in order to reduce or eliminate their liability for lost wages.  Such a result is untenable, as it would violate the broad remedial purpose of the FELA.  See *Atchison, Topeka and Sante Fe R. Co. v. Buell*, 480 U.S. 557, 562 (1987).  Lastly, evidence of his discipline would be unduly prejudicial.  See. Fed. R. Evid. 403.

FOR THE PLAINTIFF,

BY _____
Scott E. Perry
George J. Cahill, Jr. (BBO #069480)
CAHILL, GOETSCH & MAURER, P.C.
43 Trumbull Street
New Haven, Connecticut 06511
(203) 777-1000

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2006, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
Scott E. Perry