UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____X

Jeffrey Daniels                    Civil Action
                                   No: 04-12030-RBC

　Plaintiff

VS.

National Railroad Passenger        OCTOBER 18, 2006
Corporation

　Defendant

_____X

## PLAINTIFF'S MOTION *IN LIMINE* REGARDING INADMISSIBILITY OF COLLATERAL SOURCES

The collateral source rule applies to suits brought under the Federal Employers' Liability Act. *Eichel v. New York Central R.R. Co.*, 375 U.S. 253 (1963). In *Eichel*, the Supreme Court emphatically held that Railroad Retirement benefits are a collateral source strictly inadmissible in FELA jury trials:

> In our view the likelihood of misuse by the jury clearly outweighs the value of this evidence. Insofar as the evidence bears on the issue of malingering, there will generally be other evidence having more probative value and involving less likelihood of prejudice than the receipt of a disability pension. Moreover, it would violate the spirit of the federal statutes if the receipt of disability benefits under the Railroad Retirement Act of 1937, 50 Stat. 309, as amended, 45 U.S.C. §228b(a)4, were considered as evidence of malingering by an employee asserting a claim under the Federal Employers' Liability Act. We have recently had occasion to be reminded that evidence of collateral benefits is readily subject to misuse by a jury. Tipton v. Socony Mobil Oil Co., Inc., 375 U.S. 34. It has long been recognized that evidence showing that the defendant is insured creates a substantial likelihood of misuse. Similarly, we must recognize that the petitioner's receipt of collateral social insurance benefits involves a substantial likelihood of prejudicial impact. We hold therefore that the District Court properly excluded the evidence of disability payments.

*Eichel*, supra at 255. *Eichel* creates a collateral source rule for FELA cases that is far stricter than the general rule. *Vanskike v. ACT Industries, Inc.*, 665 F.2d 188, 200 (8th Cir. 1981), 725 F.2d 1146, 1151-52 (8th Cir. 1984). The rule in *Eichel* is so strong, in fact, that it overrides the trial court's usual discretion to admit any relevant evidence:

> Courts have consistently interpreted Eichel to preclude admission of evidence of collateral benefits whether such evidence is presented during the liability or damages phase of the trial . . . . Rule 403 does provide great discretion to trial judges to make evidentiary rulings . . . . Nevertheless, the discretion normally applicable to admit all relevant evidence of collateral benefits is greatly limited in FELA cases. Rule 403 is designed as a guide for the handling of situations in which no specific rules have been formulated. *See, Advisory Committee's Note*, Fed. R. Evid. 403. In *Eichel*, the Supreme Court balanced the probative value of such evidence against any unfair prejudice and determined that in such cases, the value is greatly outweighed by possible prejudice.

*Sheehy v. Southern Pac. Transp. Co.*, 631 F.2d 649, 651-52 (9th Cir. 1980). So great is the prejudicial effect of allowing such testimony that even limiting jury instructions may not cure the error. *Page v. St. Louis Southwestern Railway Co.*, 349 F.2d 820, 821 (9th Cir. 1965). The Supreme Court recently refused to overturn its longstanding precedent against introduction of disability benefits in FELA trials. *Green v. Denver & Rio Grande Western Railway Co.*, 59 F.3d 1029 (CA 10 1995), *cert. denied*, 516 U.S. 1009 (1995).

Here, the plaintiff Jeffrey Daniels has received collateral source payments, including disability benefits from the Railroad Retirement Board. Other than claiming the usual damage elements of past lost wages, Mr. Daniels never affirmatively testified he did not receive disability benefits, and Amtrak is not allowed to refer to any such collateral source payments. *See Lange v. Missouri Pacific R.R. Co.*, 703 F.2d 322, 324 (CA8 1983) (holding collateral source evidence may be admissible if the plaintiff specifically testifies he has not received any disability benefits); *Santa Maria v. Metro-North Com. RR.*, 81 F.3d 265, 272-73 (CA2 1996).

Accordingly, Amtrak should be precluded from asking any questions or offering any evidence about disability benefits or other collateral sources.

FOR THE PLAINTIFF,

BY _____
Scott E. Perry
George J. Cahill, Jr. (BBO #069480)
CAHILL, GOETSCH & MAURER, P.C.
43 Trumbull Street
New Haven, Connecticut 06511
(203) 777-1000

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2006, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
Scott E. Perry