UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

_____X

| | |
|---|---|
| JEFFREY DANIELS, | CIVIL ACTION |
| Plaintiff | NO. 04-12030-RBC |
| VS. | |
| NATIONAL RAILROAD PASSENGER CORPORATION, | |
| Defendant | OCTOBER 18, 2006 |

_____X

### PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF PRIOR INJURIES OR CLAIMS

The plaintiff moves to preclude Amtrak from asking any questions or offering any evidence pertaining to prior injuries or claims that have nothing to do with the injuries that are the subject of this lawsuit. The plaintiff is claiming that a July 19, 2002 accident caused tendonitis and impingement of his right shoulder leading to surgery and suffered a herniated disc in his neck.

The plaintiff testified at his deposition about the following prior accidents and claims:

(1) in approximately 1991 he fell down the stairs and broke his femur and that he thinks the lawsuit was against the MBTA and settled for about $15,000;

(2) in approximately 1990 he was in a car accident and sprained his neck and settled his claim;

(3) when he was approximately 8 years old he injured his ankles and cannot recall what else when struck by a car;

(4) in the late 1980s he when his head was cut open after it struck the visor on a train and he made a workers' compensation claim against the MBTA.

The plaintiff moves to preclude Amtrak from asking any questions or offering any evidence about the foregoing prior accidents and claims because they are not relevant to any issue in this case. See Fed. R. Evid. 402. Evidence of prior accidents and claims are likely to prejudice the jury into thinking the plaintiff is injury prone, an overly litigious person or that he was some how contributory negligent because he has had prior accidents. Also, to the extent there is any probative value about these prior accidents and claims, it is outweighed by the substantial prejudice that will result from such evidence. See Fed. R. Evid. 403. Moreover, this evidence is likely to mislead and confuse the jury and should be precluded. Id.

Wherefore, the plaintiff moves, *in limine*, to preclude questions or evidence pertaining to irrelevant and prejudicial prior accidents and claims.

FOR THE PLAINTIFF,

BY _____
Scott E. Perry
George J. Cahill, Jr. (BBO #069480)
CAHILL, GOETSCH & MAURER, P.C.
43 Trumbull Street
New Haven, Connecticut 06511
(203) 777-1000

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2006, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
Scott E. Perry