UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____X

| | |
|---|---|
| Jeffrey Daniels | Civil Action<br>No: 04-12030-RBC |
| Plaintiff | |
| VS. | |
| National Railroad Passenger Corporation | October 18, 2006 |
| Defendant | |

_____X

## PLAINTIFF'S MOTION *IN LIMINE*
## REGARDING INADMISSIBILITY OF PRIOR CRIMINAL CONVICTIONS

The plaintiff moves the Court to preclude Amtrak from offering any evidence or questioning any witnesses about the plaintiff's prior criminal convictions because they are not relevant and any probative value is substantially outweighed by the danger of unfair prejudice.

**BACKGROUND**

The defendant propounded an interrogatory seeking information about the plaintiff's prior criminal record. In response to that interrogatory, the plaintiff referred the defendant to an authorization he signed and sent to the defendant to permit the defendant to obtain his criminal records. *See* App. A, Interrogatory and Answer; App. B. Authorization signed by the plaintiff and provided to the defendant in the summer of 2005.

At his August 30, 2005 deposition the plaintiff was asked about prior convictions and testified about the following: an incident approximately in 1990 where he was convicted of possession of marijuana; a conviction for DUI in 2001; a conviction for possession of a controlled substance in 2001; and a 2003 DUI conviction.

The defendant seeks to offer records of the following convictions:

operating after suspending license, March 20, 2006, West Roxbury District Court; operating under the influence of liquor, March 24, 2003, Somerville District Court; assault and battery with a dangerous weapon, May 22, 2000, Concord District Court; larceny, May 22, 2000, Concord District Court; operating after a revoked registration, compulsory insurance violation, attaching wrong motor vehicle plates, November 16, 1995, Natick District Court; possession with intent to distribute Class D substance, October 16, 1995, Roxbury District Court; operating after a revoked license, August 4, 1995, Woburn District Court; operating after a revoked license, November 13, 1995, Milford District Court.

## INADMISSIBILITY OF PRIOR CONVICTIONS

<u>What Would Be the Relevance of Admitting The Plaintiff's Prior Convictions?</u>

There is no relevance of any of the plaintiff's prior criminal convictions and there is no relevance to his convictions following his deposition. The only possible relevance would be impeachment; however, in answering the defendant's interrogatory about prior convictions he referred the defendant to documents obtained from written authorizations he signed at the defendant's request. Accordingly, there is no basis to claim that he did not truthfully respond to questions about his criminal history.

<u>What Would Be The Prejudicial Effect of Admitting The Plaintiff's Prior Convictions?</u>

The plaintiff failed to mention the following convictions at the time of his deposition: 1. assault and battery with a dangerous weapon and larceny from a May 22, 2000 incident; and 2. several motor vehicle related convictions from more than nine years before his deposition (operating after a revoked registration, compulsory

2

insurance violation, attaching wrong motor vehicle plates, November 16, 1995, Natick District Court; operating after a revoked license, August 4, 1995, Woburn District Court; operating after a revoked license, November 13, 1995, Milford District Court).[1]

The case of *Shows v. M/V Red Eagle*, 695 F.2d 114 (5th Cir. 1983), is directly on point. *Shows* was a Jones Act case, which adopts the law of the FELA. The plaintiff Shows was injured while transferring from a crew boat on to an offshore platform. His conviction for bank robbery was over 10 years old, but at trial the defendant brought up his prior criminal conviction in order to impeach his credibility. The jury returned a defense verdict. The Fifth Circuit held that even though the conviction was relevant to the plaintiff's credibility, allowing such impeachment was reversible error:

> Although evidence of Shows' conviction was relevant to his credibility, eliciting that fact given its age, coupled with the details of imprisonment was unfairly prejudicial and had "an undue tendency to suggest decision on an improper basis. ..." Advisory Committee's Notes to Fed.R.Evid. 403. Specifically, the evidence presented the risk that a jury would not be fair to Shows' claim, not because it did not believe him, but because as a convict he was not deserving of their justice. . . . In sum, we are left with the firm belief that this evidence was wafted before the jury to trigger their punitive instincts and there is great risk that is did so.

*Shows v. M/V Red Eagle*, 695 F.2d 114, 118-119 (5th Cir. 1983).

The unduly prejudicial effect of a conviction on a civil plaintiff's case is obvious. The Tenth Circuit so acknowledged in *Wilson v. Union Pacific RR. Co.,* 56 F.3d 1226 (CA10 1995), a FELA case in which the plaintiff's recent (i.e. less than 10 years) drug

---

[1] The defendant seeks to offer "possession with intent to distribute Class D substance, October 16, 1995, Roxbury District Court," however this is the incident the plaintiff testified about in his deposition but he was mistaken on the year and said 1990.

conviction was not allowed into evidence in order to impeach his credibility. In the words of the Tenth Circuit:

> Union Pacific was not permitted to introduce evidence of Mr. Wilson's drug conviction in order to impeach his credibility as a witness under Fed. R. Evid. 609(a). Evidence of a conviction for drug possession alone is not highly relevant to the issue of credibility. *United States v. Puco,* 453 F.2d 539, 543 (2nd. Cir. 1971). Moreover, such evidence can be highly prejudicial and arouse jury sentiment against a party-witness. *Meller v. Heil Co.,* 745 F.2d 1297, 1303 (10th Cir), *cert. denied,* 467 U.S. 1206 (1984). Given the substantial deference accorded to the trial court in balancing these factors, we find no error in the court's exclusion of evidence relating to Mr. Wilson's drug conviction.

*Wilson, supra,* at 1231. Invocation at trial of a party's assault with a dangerous weapon and larceny is even more prejudicial. For example, in *United States of America v. Green,* 548 F.2d 1261, 12171 (CA6 1977), the Circuit Court held that the invocation of a "dope peddler" image was "a highly inflammable trial tactic which innately prejudiced Appellants' right to a fair trial." Likewise, the invocation of a "thug" image is innately prejudicial.

What is the Probative Value of The Plaintiff's Prior Convictions?

The plaintiff's prior convictions have no connection whatsoever to his slip and fall accident of July 2002, and has no probative value regarding the central elements of his FELA case. The only argument Amtrak can make for the introduction of the plaintiffs' prior convictions is to impeach his credibility. However, the plaintiff supplied the defendant with an authorization to get his criminal records. Thus, to the extent that the plaintiff's prior convictions have any probative value at all in regards to his credibility, that probative value is only of very slight weight in the context of his FELA case.

We know that the prejudicial effect of the plaintiff's prior convictions would be devastating to his case, as confirmed by common sense and the comments of the Circuit Courts quoted above. There is indeed a high probability that the jury, after hearing the plaintiff was convicted of assault with a dangerous weapon or a larceny, will not be fair to his FELA claim only "because as a convict he [i]s not deserving of their justice." *Shows, supra*, at 118. Human nature dictates there is a great risk that such evidence would trigger the punitive instincts of the jurors. Thus the prejudicial effect exerts an extremely heavy weight.

**THE COURT SHOULD NOT PERMIT ANY EVIDENCE OF THE PLAINTIFF'S CRIMINAL CONVICTION RECORD BECAUSE IT WAS NOT PRODUCED UNTIL OCTOBER 11, 2006**

The Court should not permit the plaintiff's Criminal Conviction Records into evidence because they were not produced by the defendant until October 11, 2006, just three weeks before trial. *See* Fed. R. Civ. P. 37(c)(1)(stating "a party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial... information not so disclosed"). The defendant cannot proffer any reasons that would substantially justify its withholding of this evidence until three weeks before trial.

The nonexistent probative value of the plaintiff's prior convictions does not begin to outweigh its heavy prejudicial effect. Accordingly, the plaintiff respectfully requests that the Court make a finding that any evidence regarding his prior convictions is inadmissible at trial, and issue an order barring Amtrak from bringing such matters to the attention of the jury.

FOR THE PLAINTIFF,

BY *[signature: Scott Perry]*
Scott E. Perry
George J. Cahill, Jr. (BBO #069480)
CAHILL, GOETSCH & MAURER, P.C.
43 Trumbull Street
New Haven, Connecticut 06511
(203) 777-1000

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2006, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*[signature]*
Scott E. Perry

# *APPENDIX A*

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

_____X

JEFFREY DANIELS,                    CIVIL ACTION

   Plaintiff                         NO. 04-12030-MLW

VS.

NATIONAL RAILROAD PASSENGER
  CORPORATION,

   Defendant                         AUGUST 9, 2005

_____X

## PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORIES

Q1. Please state your full name, age, home address, occupation, social security number, marital status, educational background and initial date of employment with Amtrak.

A1. Jeffrey Allen Daniels, 636 W. Park St., Dorchester, MA 02124; B&B Mechanic for Amtrak, 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, married; two years of college; 9/15/97 start date.

Q2. Please state the exact date, time and location where the alleged accident occurred, identify any vehicle involved in your accident and the exact location where the accident(s) as alleged in your Complaint occurred.

A2. At approximately 11:40 a.m. on July 19, 2002; Franklin, MA; Highrail Rackbody Amtrak Truck #140.

Q24. If you have been convicted of a felony within the past ten years or a misdemeanor within the past five years, please list the following:

    a. the dates or arrest, arraignment, indictment, conviction, and release from incarceration;
    b. the court;
    c. the charges;
    d. the docket number;
    e. the crimes for which you have been convicted or charges.

A24.
    To the best of my recollection I plead guilty in Wrenthem, MA to Driving under the influence and possession of cocaine in approximately 2001. Also, see:
      a. see authorization for any and all criminal records
      b. see authorization for any and all criminal records
      c. see authorization for any and all criminal records
      d. see authorization for any and all criminal records
      e. see authorization for any and all criminal records

# *APPENDIX B*

## PERSONAL MASSACHUSETTS CRIMINAL RECORD REQUEST FORM

If you would like a copy of your own Massachusetts criminal record, complete this form, sign it in front of a notary public, and mail it, **along with a check or money order made payable to the Commonwealth of Massachusetts in the amount of $25.00 pursuant to M.G.L. c.6, §172A** and a self-addressed stamped envelope to this agency. Walk-in service is not available. If you are incarcerated and a notary public is not available, have an official of the correctional facility endorse same. This agency's mailing address is: the Criminal History Systems Board, 200 Arlington Street, Suite 2200, Chelsea, MA 02150 ATTN: CORI Unit.

**Please be advised that it is unlawful to request or require a person to provide a copy of his criminal offender record information, except as authorized by the Criminal History Systems Board, as per M.G.L. c. 6 §172.**

_DANIELS_  _JEFFREY_  _A._
Last name        First name        Middle name

_NONE_
Maiden name        Alias

_2-24-59_          _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_
Date of birth (MM/DD/YY)   Social Security Number
                           (requested but not required)

_636 West Park St.  Dorchester  MA.  02124_
Mailing address   Town   State   Zip code

I hereby swear, under the pains and penalties of perjury, that the information I have provided above is true, and to the best of my knowledge and belief.

_Jeffrey Daniels_       _8-9-05_
Signature of requestor   Date

### AUTHENTICATION OF SIGNATURE BY NOTARY PUBLIC OR CORRECTIONAL FACILITY

__8/9/2005__ , SS.  New Haven, Connecticut

The above-named __Jeffrey A. Daniels__, appeared before me, the undersigned authority, this __9th__ day of __August__, 200_5_, and acknowledge the foregoing signature to be made of his ~~or her~~ own true free act and deed.

_Marilyn A. Donroe_
Notary public            Correctional Facility Official (give rank and title)

_February 28, 2010_
My commission expires    Correctional Facility Address and Phone

MARILYN A. DONROE - Notary Public
My Commission Expires  _2/28/2010_