UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____X

| | |
|---|---|
| Jeffrey Daniels | Civil Action<br>No: 04-12030-RBC |
| Plaintiff | |
| VS. | |
| National Railroad Passenger Corporation | OCTOBER 18, 2006 |
| Defendant | |

_____X

### Plaintiff's Notice of Objections To Defendant's Exhibits

1.   Photographs of accident location.

2.   Photographs of truck involved in accident.

3.   Videotape of subject truck/accident location.

4.   **Milton Hospital records**

The plaintiff objects to the 1985 Milton Hospital Emergency Room Record per Fed. R. Evid. 402 and 403. The plaintiff objects to the drug test records from Milton Hospital per Fed. R. Evid. 402 and 403. *See* Plaintiff's Motion *In Limine* re: Drug Test.

5.   **Lahey Clinic Medical Center records.**

The plaintiff objects to all Dr. Tilzey's notes because they are hearsay pursuant to Fed. R. Evid. 802 and because they are cumulative and/or likely to

1

mislead the jury in light of Dr. Tilzey's videotaped trial testimony. *See* Fed. R. Evid. 403. Also, the defendant should have offered any such records during Dr. Tilzey's trial testimony so that the plaintiff had an opportunity to redirect Dr. Tilzey on any questions arising from his office notes. Lastly the plaintiff objects to any reference to the plaintiff's positive drug test or his drug use history per 402 and 403.

6. **Drug test and related records including records from Northwest Toxicology.**

The plaintiff objects to these records because they were not disclosed to the plaintiff and discovery ended in the spring of 2006. If the defendant intended to use such record he should have produced them during discovery as required by Fed. R. Evid. 26(a). The defendant can offer no reason why these records were not produced in a timely manner and they should be excluded on this grounds. *See* Fed. R. Civ. P. 37(c)(1)(stating "a party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial... information not so disclosed") Also, the plaintiff objects to these records per Fed. R. Evid. 802, 402 and 403, and on lack of authenticity. *See* Plaintiff's Motion *In Limine* re: Drug Test.

7. **NORAC Operating Rules, 7th edition.**

The plaintiff only objects to any rules about drug use per Fed. R. Evid. 402 and 403. *See* Plaintiff's Motion *In Limine* re: Drug Test and Motion *In Limine* re: Discipline.

8. **Treating physician medical status report statement of disability.**

9. **Plaintiff's criminal records:** operating after suspending license, March 20, 2006, West Roxbury District Court; operating under the influence of liquor, March 24, 2003, Somerville District Court; assault and battery with a dangerous weapon, May 22, 2000, Concord District Court; larceny, May 22, 2000, Concord District Court; operating after a revoked registration, compulsory insurance violation, attaching wrong motor vehicle plates, November 16, 1995, Natick District Court; possession with intent to distribute Class D substance, October 16, 1995, Roxbury District Court; operating after a revoked license, August 4, 1995, Woburn District Court; operating after a revoked license, November 13, 1995, Milford District Court.

The plaintiff objects to any evidence of his criminal record because (1) the criminal records were not produced to the plaintiff until October 10, 2006 and discovery ended in the spring of 2006 and the defendant has proffered no explanation for its failure to disclose this record in a timely manner; see Fed. R. Civ. P. 37(c)(1)(stating "a party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial... information not so disclosed") (2) the records are hearsay in violation of Fed. R. Evid. 802; and (3) they are not relevant and any probative value is substantially outweighed by the risk of unfair prejudice per Fed. R. Evid. 402 and 403. See Plaintiff' *Motion In Limine* re: Prior Crimes.

10. **Plaintiff's job application to Amtrak and job description.**

The plaintiff objects because it is not relevant per Fed. R. Evid. 402 and any probative value is substantially outweighed by the risk of substantial prejudice per Fed. R. Evid. 403. See Plaintiff's *Motion In Limine* re: Prior Crimes.

11. **Truck maintenance record.**

3

The plaintiff objects per 402 and 403 since he is not claiming there was anything wrong with the truck and because the records consist of a list of dates and monetary amounts with no explanation as to what was repaired or what parts were involved in the repairs. Therefore, the records would confuse and mislead the jury.

**12.   Amtrak earnings history records.**

The plaintiff objects to all parts of these records, other than the "Gross" payment amounts for each pay period, per Fed. R. Evid. 402 and 403. Specifically, the amount of taxes withheld has nothing to do with the plaintiff's net earnings since there are deductions, credits, and refunds, and earned income credits that a person pays and are reflected in a person's income tax returns. The pay records, therefore, are confusing and misleading and not probative of what the plaintiff's net wages after taxes actually were. Withholding amounts are not relevant to showing what the plaintiff actually paid in taxes.

**13.   Amtrak Agreement Standards and Qualifications for Hiring Purposes.**

The plaintiff objects to per Fed. R. Evid. 802, 402 and 403 because it is hearsay, not relevant and likely to confuse and mislead the jury.

**14.   Amtrak Roadway Worker Protection Manual.**

The plaintiff objects to only those portions referencing drug rules per Fed. R. Evid. 402 and 403. *See* Plaintiff's Motion In Limine re: Drug Test and Motion *In Limine* re: Discipline.

**15.   Amtrak Maintenance of Way Employees Safety Rules and Instruction.**

The plaintiff objects to only those portions referencing drug rules per Fed. R. Evid. 402 and 403. See Plaintiff's Motion *In Limine* re: Drug Test and Motion *In Limine* re: Discipline.

**16.   Bridge Worker Safety Standards.**

The plaintiff objects to these FRA standards pursuant to Fed. R. Evid. 402 because they deal with work on railroad bridges and fall protection when working above ground and the accident in this case had nothing to do with a bridge or fall protection. Also, the plaintiff objects because the defendant has not disclosed any experts to discuss FRA standards. Lastly, the plaintiff objects to any portion referencing drug rules per Fed. R. Evid. 402 and 403. See Plaintiff's Motion *In Limine* re: Drug Test.

**17.   December 7, 2003, e-mail from Patty Mallon to Tim Corbin.**

**18.   December 23, 2003, authorization for examination, treatment, or testing.**

The plaintiff objects because this document is not relevant and likely to confuse and mislead the jury. See Fed. R. Evid. 402 and 403.

**19.   August 14, 2003, e-mail from Adam Emery to Elizabeth Trowbridge.**

**20.   June 30, 2003, e-mail from Dennis Coffey to Christa Cuppernull.**

**21.   August 8, 2003, e-mail from Adam Emery to Elizabeth Trowbridge.**

The plaintiff objects to the last sentence of the email per Fed. R. Evid. 402 and 403. See Plaintiff's Motion *In Limine* re: Drug Test.

**22.   September 22, 2005, e-mail (with preceding threat) from Felicia Allen to Elizabeth Trowbridge.**

5

23. May 17, 2005, e-mail (with preceding threat) from Samantha Vasseur to Felicia Allen.

24. Authorization for Examination, Treatment, or Testing dated December 23, 2003.

   Plaintiff objects per 402 and 403.

25. Medical Review Officers Report of Drug Screen Results dated January 5, 2004 with accompanying drug test result form.

   The plaintiff objects to this exhibit because it is hearsay per 802 and because it is not relevant per 402 and any probative value is substantially outweighed by the risk of unfair prejudice per 403.  See Plaintiff's Motion *In Limine* re: Drug Test.

26. Medical Review Officers Report of Drug Screen Results dated September 5, 2003 with accompanying alcohol testing and drug test form.

   The plaintiff objects to this exhibit because it is hearsay per 802 and because it is not relevant per 402 and cumulative and likely to mislead the jury per 403.  See Plaintiff's Motion *In Limine* re: Drug Test.

27. Mobilization Pre-employment Questionnaire dated August 13, 2003.

28. Human resources policies & procedures, procedure number HRPP-010.

   The plaintiff objects per Fed. R. Evid. 802 because this document is hearsay.  Also, it is not relevant per 402 and will confuse and mislead the jury per 403.

29. Human resources policies & procedures, procedure number HRPP-027.

The plaintiff objects per Fed. R. Evid. 802 because this document is hearsay. Also, it is not relevant per 402 and will confuse and mislead the jury per 403.

30. **Human resources policies & procedures, procedure number HRPP-023.**

The plaintiff objects per Fed. R. Evid. 802 because this document is hearsay. Also, it is not relevant per 402 and will confuse and mislead the jury per 403. Also, any probative value is substantially outweighed by the risk of unfair prejudice. See Plaintiff's Motion *In Limine* re: Drug Test.

31. **Amtrak computer screen printout "display actions" marked as exhibits 4 and 5 during the deposition of Suzanne Allan.**

The plaintiff objects per Fed. R. Evid. 802 because these documents are hearsay. Also, they are not relevant per 402 and will confuse and mislead the jury per 403. Also, any probative value is substantially outweighed by the risk of unfair prejudice. See Plaintiff's Motion *In Limine* re: Discipline.

32. **Personnel Action Request dated June 30, 2003.**

33. **November 3, 2003, e-mail from Suzanne Allan and preceding e-mail.**

34. **Amtrak medical report-injury/illness.**

35. **Readville B&B Department Daily Activity Report for July 19, 2002.**

36. **PERS-19 and Standards of Excellence.**

The plaintiff objects per 802, 402 and 403. See Plaintiff's Motion *In Limine* re: Drugs.

37. **MBCR Payroll Employee Cumulative Report.**

The plaintiff objects to these records of the plaintiff's earnings because they are from 1/13/04 and thereafter and are simply not relevant per Fed. R. Evid. 402. The plaintiff's pay records after he returned to work have nothing to do with this case.

**38.    Brotherhood of Maintenance of Way Employees Collective Bargaining Agreement.**

The plaintiff objects to this document because it has never been produced by the defendant and discovery ended in the spring of 2006. *See* Fed. R. Civ. P. 37(c)(1)(stating "a party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial... information not so disclosed"). The plaintiff also objects because it is hearsay per 802 and not relevant per Fed. R. 402.

**39.    Amtrak Rule G Waiver Agreement.**

The plaintiff objects per Fed. R. Evid. 402 and 403. *See* Plaintiff's Motion *In Limine* re: Discipline and Motion *In Limine* re: Drug Test.

**40.    Surveillance photos and video.**

The plaintiff objects to the videotapes because he was never provided a copy of the tapes despite numerous requests and a promise to pay for reasonable costs to copy the tapes. The plaintiff objects to the photos and tapes per Fed. R. Evid. 402 and 403.

**41.    Plaintiff's answers to interrogatories.**

Depending on which interrogatory answers are offered, the plaintiff may object per Fed. R. Evid. 402 and 403.

**42.   Injured Employees 10-Day Report**

The plaintiff objects to this report because it contains information about his drug test results is not relevant per 402 and 403.  See Plaintiff's Motion *In Limine* Re: Drug Test.

**43.   Any exhibit identified by the plaintiff.**

                                 FOR THE PLAINTIFF,

                                 BY _/s/ Scott Perry_
                                 Scott E. Perry
                                 George J. Cahill, Jr. (BBO #069480)
                                 CAHILL, GOETSCH & MAURER, P.C.
                                 43 Trumbull Street
                                 New Haven, Connecticut 06511
                                 (203) 777-1000

## CERTIFICATE OF SERVICE

I hereby certify that on October _18_, 2006, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                 _/s/ Scott Perry_
                                 Scott E. Perry