UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12030MLW

| | |
|---|---|
| JEFFREY DANIELS, <br> Plaintiff | ) <br> ) <br> ) |
| v. | ) <br> ) |
| NATIONAL RAILROAD PASSENGER <br> CORPORATION, <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S MOTION IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* REGARDING INADMISSIBILITY OF PRIOR CRIMINAL CONVICTIONS**

The defendant, National Railroad Passenger Corporation ("Amtrak"), hereby opposes the plaintiff, Jeffrey Daniels ("Plaintiff"), Motion *In Limine* regarding the inadmissibility of the Plaintiff's prior criminal convictions, on the grounds that they satisfy Rule 609 and are relevant to his credibility and character for truthfulness, particularly in respect to his blatantly inconsistent statements at his deposition and on his Amtrak employment application.

The plaintiff falsely stated in his July 27, 1997 job application to Amtrak that he had no criminal record. See Exhibit "A", P.3. Further, when questioned about his criminal record during his deposition, he falsely testified that he has only been convicted of two operating under the influence offenses in 2001 and 2003, and two drug possession charges in 2001 (cocaine) and 1990 (marijuana). See Exhibit "B", PP. 16-20. In fact, the plaintiff's prior convictions punishable in excess of one year include:

1. Assault and battery with a dangerous weapon in February 2000 (2 ½ to 10 years punishment, M.G.L. c.265, §13A, received 1 year suspended sentence);

2. Larceny in February 2000 (2 years to 5 years punishment, M.G.L. c.266, §30, received 1 year suspended sentence);

1189078v1

3. Operating a vehicle under the influence of alcohol in August 2001 and February 2003 (maximum of 2 ½ years punishment, M.G.L. c.90, §24, received 1 year probation and 10 day suspended sentence respectively);

4. Possession of a class B substance in August 2001 (2 ½ to 10 years punishment, M.G.L. c.94C, §32A, received 1 year probation);

5. Possession with intent to distribute a class D substance in January 1995 (maximum of 2 years punishment, M.G.L. c.94C, §32C, received 1 year split sentence);

6. Operating a motor vehicle after revocation of registration, November 16, 1995;

7. Compulsory insurance violation, November 16, 1995;

8. Attaching wrong motor vehicle plates, November 16, 1995;

9. Operating after revocation of license, August 4, 1995;

10. Operating after revocation of license, November 13, 1995.[1]

## ARGUMENT

The court should deny the Plaintiff's Motion *In Limine* regarding the inadmissibility of the prior convictions because they are directly relevant to the Plaintiff's credibility and character for truthfulness. Several of the Plaintiff's prior convictions were punishable in excess of one year in prison and fall within the ten year time frame required by Rule 609. See Fed. R. Evid. 609. Considering the probative value of the Plaintiff's prior inconsistent and contradictory statements, admissibility of his prior convictions is not unduly prejudicial to the Plaintiff, where his credibility is a critical issue in this case of disputed liability and damages. Moreover, the plaintiff has alternatively admitted to drug use on the job (in connection with employment action taken against him by Amtrak following the subject accident), but in his deposition has denied such drug use. See defendant's opposition to plaintiff's motion in limine to exclude evidence concerning drug use.

---

[1] The plaintiff was also convicted of operating after a suspended license on March 20, 2006, which is after the date of his deposition.

2

The purpose of admitting a prior conviction is to show that the witness has a tendency to lie, which is an attack on his character and credibility. In federal court, for a prior conviction to be admissible to impeach a witness's testimony, the conviction must either be punishable by death or in excess of one year imprisonment, or involve dishonesty or false statements. See Fed. R. Evid. 609(a)(1). Prior to admitting the conviction, the court must conduct a balancing test under Rule 403 to determine if admission of the prior conviction will result in unfair prejudice to the accused. See id., advisory committee's notes; United States v. Figueroa, 976 F.2d 1446, 1456-67 (1st Cir. 1992) (expanding prejudice analysis to civil litigants). However, if the prior conviction involved dishonesty or false statements, then the trial court must admit the conviction, regardless of its prejudicial effect. See U.S. v. Tracy, 36 F.3d 187 (1st Cir. 1994).

The time frame for admitting convictions is limited to ten years from the later of the date of conviction or the witness's release from confinement. See Fed. R. Evid. 609(b). However, the judge may discretionarily waive the time frame if the conviction's probative value substantially outweighs its prejudicial effect. Id.

Evidence of a prior conviction is limited to the crime charged, conviction rendered, and punishment meted out. U.S. v. Albers, 93 F.3d 1469, 1479-80 (10th Cir. 1996); Gora v. Costa, 971 F.2d 1325, 1330 (7th Cir. 1992) (evidence limited to the crime charged, the date, and the disposition). The underlying facts of a conviction are inadmissible, apart from demonstrating to the judge that the conviction involved an element of dishonesty or falsity. See id.; Fed. R. Evid. 609(a)(2), Advisory Committee's Notes.

Here, the Plaintiff's prior convictions are relevant and should be admissible to impeach his credibility as a witness because they satisfy the requirements of Rule 609(a)(1), have probative value which outweighs their prejudicial effect, and Amtrak gave the Plaintiff sufficient

3

notice of its intent to use such prior convictions. The prior convictions are probative of the Plaintiff's credibility, where he lied about his prior convictions in his deposition for this case in 2005 and on his Amtrak employment application in 1997. The Plaintiff's character for truthfulness is in question and, if he testifies, the court should allow Amtrak to raise his prior convictions to impeach his testimony because the cause of the fall down accident is disputed and his credibility is in question.

While the Plaintiff's Motion *In Limine* alleges that "there is no basis to claim that he did not truthfully respond to questions about his criminal history," the Plaintiff's deposition indicates otherwise. In his deposition, the Plaintiff only admitted to OUI convictions in 2001 and 2003, possession of marijuana in 1990, and possession of cocaine in 2001 in conjunction with the OUI. When asked if he had any other convictions, the Plaintiff responded in the negative. When asked if those were all his convictions, the Plaintiff responded in the affirmative. The plaintiff was required to tell the truth, however he failed to do so, and conveniently omitted several prior convictions, and never corrected his false statements.

Where a plaintiff lies at his deposition and on an employment application about the extent of his criminal history, his credibility as a witness is in question and the court should admit evidence of his prior convictions to "reveal[] inconsistencies and contradictions between [his] deposition and trial testimony." Smith v. Tidewater Marine Towing, Inc., 927 F.2d 838, 841 (5th Cir. 1991) (plaintiff denied at his deposition and on Tidewater's employment application that he had ever been in "trouble with the law"). In Smith, the court allowed evidence of a prior felony conviction to impeach the plaintiff's testimony, but restricted the inquiry to the fact and date of conviction and identity of the offense. Id. The court found that under the circumstances, the prior conviction was properly admitted to impeach the witness's testimony where his credibility was at

4

issue and the purpose of the admitting the conviction was not to prejudice the jury against him. Id.

Likewise, this court should admit the Plaintiff's prior convictions because his credibility is in question due to inconsistent and contradictory statements in his deposition and on his Amtrak employment application. If the Plaintiff takes the stand, the court should allow Amtrak to question him about his prior convictions in order to assess his credibility as a witness. "The salience of the credibility issue weighs in favor of admitting the prior convictions." United States v. Brito, 437 F.3d 53, 64 (1st Cir. 2005).

The plaintiff inaccurately contends that Shows v. M/V Red Eagle, 695 F.2d 114 (5th Cir. 1983), is "directly on point." In Shows, the plaintiff had one ten year-old prior conviction and no inconsistent out of court statements, while here the Plaintiff has numerous prior convictions over a ten year time frame and made several inconsistent out of court statements. The Plaintiff lied on his Amtrak employment application in 1997, when he denied having any criminal convictions, despite having a conviction for possession to distribute a class D substance in 1995 and multiple motor criminal and motor vehicle convictions. Additionally, when asked about the extent of his criminal history at his deposition in 2005, the Plaintiff lied and omitted his convictions for assault and battery with a dangerous weapon in 2000, larceny in 2000, and convictions for operating a vehicle after his license was revoked and for attaching the wrong motor vehicle plates to his car in 1995.

Furthermore, Shows is not "directly on point" because the cross-examination by the defense attorney was clearly improper and the judge never conducted a balancing test or restricted the inquiry into the prior conviction, but rather just allowed the cross-examination concerning the plaintiff's history of incarceration to continue. See id., at 116. Shows is

distinguishable because the plaintiff only had one prior armed robbery conviction ten years earlier, there were no prior inconsistent out of court statements, the judge failed to perform a Rule 403 balancing test, the cross examination concerned subjects that were impermissible, and the court refused to remand for the limited purpose of a balancing exercise. Id. at 118.

Similarly, Plaintiff's reliance on United States v. Green, 548 F.2d 1261 (6th Cir. 1977), is misplaced. Green is inapplicable to this case because it does not involve the admissibility of prior convictions. Green's "highly inflammable trial tactic" language quoted by the Plaintiff had nothing to do with the admissibility of prior convictions to impeach a witness's credibility, but rather concerned a prosecutor's closing argument in a criminal case in which the prosecutor drew impermissible inferences from inadmissible evidence and suggested the defendants were guilty of a more heinous crime than the crime with which they were charged. Id. at 1270-71.

While it is generally desirable for the court to rule on a motion *In Limine* as soon as possible, the court does not have to rule prior to the plaintiff taking the stand. United States v. Oakes, 565 F.2d 170, 171-72 (1st Cir. 1977) (ruling probative value of manslaughter conviction outweighed prejudicial effect and admitting certified docket entry of prior conviction when defendant took the stand on gun related charges). The court may delay its ruling on the pretrial Motion *In Limine* to admit evidence of the Plaintiff's prior convictions because it has no duty to rule on such motions until the Plaintiff takes the stand. United States v. Dahlin, 734 F.2d 393, 396 (8th Cir., 1984) (refusing to rule against pre-trial motion excluding prior convictions until defendant took the stand where reliability was an issue and deferral was within court's discretion).

**CONCLUSION**

The Plaintiff's prior convictions are admissible because they satisfy the admissibility requirements of Rule 609, are relevant to his credibility and character for truthfulness, and are not unduly prejudicial, particularly where the Plaintiff put his credibility at issue when he lied at his deposition and on his Amtrak employment application. Therefore, the court should deny the Plaintiff's Motion *In Limine* regarding the inadmissibility of the Plaintiff's prior convictions and admit them for impeachment purposes.

Respectfully submitted,
The defendant,
By its Attorney,
**MORRISON MAHONEY LLP**

*/s/ William Joseph Flanagan*
_____
William Joseph Flanagan, BBO# 556598
250 Summer Street
Boston, MA 02210
(617) 439-7500

Dated: October 25, 2006

Certificate of Service

I hereby certify that this document(s) filed
through the ECF system will be sent electronically
to the registered participants as identified on the
notice of Electronic Filing (NEF) and paper copies
will be sent to those indicated as non registered participants
on this 25th day of October, 2006.

*/s/ William Joseph Flanagan*
_____
William Joseph Flanagan, BBO#556598

1189078v1