UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12030RBC

| | |
|---|---|
| JEFFREY DANIELS,<br>Plaintiff<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S LIMITED OPPOSITION TO THE PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE EVIDENCE OF PRIOR INJURIES OR CLAIMS**

The defendant, National Railroad Passenger Corporation, ("the defendant") hereby files and serves its limited opposition to the plaintiff's Motion *In Limine* To Preclude Evidence of Prior Injuries or Claims ("the plaintiff's motion"). The defendant does not oppose the plaintiff's motion to the extent that the plaintiff's motion concerns his childhood accident. The defendant should be permitted to inquire into other relevant prior accidents or claims. As further grounds for the limited opposition, the defendant states as follows:

The plaintiff's motion lists the following prior accidents and claims as testified to by the plaintiff at his deposition:

1. in approximately 1991 he fell down the stairs and broke his femur and that he thinks the lawsuit was against the MBTA and settled for about $15,000;

2. in approximately 1990 he was in a car accident and sprained his neck and settled his claim;

3. when he was approximately 8 years old he injured his ankles and cannot recall what else when struck by a car;

4. in the late 1990's he [sic] when his head was cut open after it struck the visor on a train and he made a workers' compensation claim against the MBTA.

1189341v1

Plaintiff's motion, p. 2.

Contrary to plaintiff's counsel's suggestion, the evidence of the plaintiff's prior injuries are relevant in two important respects:

1. The plaintiff is claiming neck injuries as a result of the subject accident, and the cause of the neck injury is an issue in this case. The fact that the plaintiff had neck injuries in two prior accidents should certainly be considered by the jury when attempting to determine the cause of his allegedly current and ongoing complaints.

2. There is a question concerning the cause of the plaintiff's shoulder injury, which is the major injury he is claiming in this lawsuit. He previously complained to a co-worker about having shoulder problems, and x-ray evidence is suggestive of previous trauma. There is also evidence that the plaintiff was late in getting back to work following his recovery from the shoulder injury. Thus, the fact that the plaintiff had two previous work related claims for personal injury, while working for the MBTA, may be relative. The jury would be warranted in finding that the plaintiff has manipulated the claims process to obtain compensation for an unrelated shoulder condition, and then manipulate the claims process for as long a period of disability as possible. The defendant respectfully suggests that the disputed evidence is therefore relevant to these issues.

WHEREFORE, the defendant, National Railroad Passenger Corporation, respectfully requests that this Court adopt all positions set forth in the instant limited opposition.

1189341v1

            The Defendant,
            National Railroad Passenger Corporation,
            By its attorney,

            */s/William Joseph Flanagan*
            _____
            William Joseph Flanagan, BBO#556598
            Morrison Mahoney LLP
            250 Summer Street
            Boston, MA 02210
            (617) 439-7500

### Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 25th day of October, 2006.

*/s/ William Joseph Flanagan*
_____
William Joseph Flanagan, BBO#556598

1189341v1