UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12030RBC

| | |
|---|---|
| JEFFREY DANIELS, <br> Plaintiff <br><br> v. <br><br> NATIONAL RAILROAD PASSENGER CORPORATION, <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S OPPOSITION TO THE PLAINTIFF'S MOTION *IN LIMINE*
REGARDING INADMISSIBILITY OF COLLATERAL SOURCES**

The defendant, National Railroad Passenger Corporation, ("the defendant") hereby opposes the plaintiff's Motion *In Limine* Regarding Inadmissibility of Collateral Sources ("the plaintiff's motion") on the grounds that contrary to the plaintiff's assertion, there is no *per se* rule concerning the inadmissibility of same and such evidence is properly admissible for the limited purpose of proving another matter, such as malingering. Because there is no *per se* rule, the correct inquiry is a balancing test pursuant to Fed.R.Evid. 403, which the defendant respectfully suggests should be made at trial. As further grounds, the defendant states as follows:

**A.   Facts**

This matter arises out of a July 19, 2002 incident when the plaintiff fell at work during a routine task. As a result of the accident, the plaintiff received collateral source payments, including disability benefits from the Railroad Retirement Board. (The plaintiff's motion, p. 2). Following the accident, the plaintiff testified that he "helped out" at Giant Liquors in Roxbury, Massachusetts. According to surveillance conducted on the plaintiff, the plaintiff was regularly active at the liquor store during his alleged period of disability. The plaintiff was cleared to work on August 29, 2003. The plaintiff did not return to work until January 7, 2004.

1189363v1

B. **Collateral Source Evidence Is Properly Admissible As Evidence Of The Plaintiff's Malingering**

The plaintiff cites Eichel v. New York Central R.R. Co., 375 U.S. 253 (1963) for the sweeping, and erroneous, proposition that the plaintiff's receipt of Railroad Retirement benefits is strictly inadmissible. However, contrary to the plaintiff's assertion, Eichel does not stand for such a proposition as there is no per se rule excluding evidence of collateral source payments:

> We do not read Eichel as requiring the per se exclusion of collateral source evidence in FELA cases.
>
> * * * *
>
> [T]he narrow question in Eichel was simply 'whether or not to uphold the district court's discretionary ruling.'

McGrath v. Consolidated Rail Corp., 136 F.3d 838, 841 (. 1st Cir. 1998) (internal citations omitted).

Contrary to the plaintiff's motion, evidence of collateral source payments may be admissible for the limited purpose of proving another matter, provided the probative value of the evidence outweighs its potentially prejudicial effect. Id.; DeMedeiros v. Koehring Co., 709 F.2d 734 (1st Cir. 1983) (allowing evidence that the plaintiff was receiving workers' compensation disability benefits for the limited purpose of proving the plaintiff's motivation in declining employment opportunity); Fitzgerald v. Expressway Sewerage Construction, Inc., et al., 177 F.3d 71, 75 (1st Cir. 1999) ("The relevance of the evidence is plain and its probative value on the relevant issue is high"); see also Toro, et. al. v. Sanchel, et al., 141 F. Supp.2d 195 (D. Puerto Rico) (2001) (collateral source rule not absolute and courts have carved out exceptions).

In the instant matter, the defendant seeks to introduce evidence of the plaintiff's receipt of disability payments as evidence of the presence of malingering. Courts have held that evidence of collateral source payments is properly admissible on the issue of malingering provided a cautionary jury instruction is given:

2

1189363v1

> [W]e do not believe that the Eichel court established a bright-line rule barring the admission of collateral source evidence on the issue of malingering.
>
> * * * *
>
> If there is little likelihood of prejudice and no strong potential for improper use, and a careful qualifying jury instruction is given, then receipt of compensation benefits may be admissible for the limited purpose of proving another matter.

McGrath v. Consolidated Rail Corp., 136 F.3d 838, 841 (. 1st Cir. 1998). The facts of the instant matter, namely the surveillance, the plaintiff's deposition testimony concerning Giant Liquors, and the fact that the plaintiff did not return to work until January 7, 2004, all suggest the presence of malingering. The fact that the plaintiff received disability benefits only further supports this assertion and is therefore highly probative. Any potential prejudice would be addressed by a qualifying jury instruction. Therefore, provided a cautionary instruction is given, evidence of the plaintiff's receipt of collateral source payments, including disability benefits, is properly admissible.

WHEREFORE, the defendant, National Railroad Passenger Corporation, respectfully requests that this Court deny the plaintiff's motion and that the court performs the requisite balancing test at trial after/during preparation of the evidence.

> The Defendant,
> National Railroad Passenger Corporation,
> By its attorney,
>
> /s/ William Joseph Flanagan
> _____
> William Joseph Flanagan, BBO#556598
> Morrison Mahoney LLP
> 250 Summer Street
> Boston, MA 02210
> (617) 439-7500

3

1189363v1

<u>Certificate of Service</u>

I hereby certify that this document(s) filed
through the ECF system will be sent electronically
to the registered participants as identified on the
notice of Electronic Filing (NEF) and paper copies
will be sent to those indicated as non registered participants
on this 25th day of October, 2006.

*/s/ William Joseph Flanagan*
_____
William Joseph Flanagan, BBO#556598