UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12030RBC

| | |
|---|---|
| JEFFREY DANIELS, Plaintiff | ) ) ) |
| v. | ) ) |
| NATIONAL RAILROAD PASSENGER CORPORATION, Defendant | ) ) ) ) |

**DEFENDANT'S OPPOSITION TO THE PLAINTIFF'S MOTION *IN LIMINE* TO LIMIT DR. PAPE'S TESTIMONY AND PRECLUDE NORTHWEST TOXICOLOGY DRUG TESTING REPORT AND SUPPORTING DOCUMENTS**

The defendant, National Railroad Passenger Corporation, ("the defendant") hereby opposes the plaintiff's Motion *In Limine* To Limit Dr. Pape's Testimony And Preclude Northwest Toxicology Drug Testing Report And Supporting Documents ("the plaintiff's motion") on the grounds that such evidence has been properly disclosed and any assertion to the contrary is wholly without merit. Indeed, conspicuously absent from the plaintiff's motion is the fact that the defendant supplemented its expert disclosure back in March 2006. As further grounds, the defendant states as follows:

A.   **Facts**

This matter arises out of a July 19, 2002 incident when the plaintiff fell at work during a routine task. Following the incident, as part of the standard operating procedures, the plaintiff submitted to a post-accident drug test pursuant to "Rule G" as set forth in the NORAC Operating Rules. The plaintiff tested positive for cocaine metabolites. On September 24, 2002, the plaintiff signed the "Amtrak Rule G Waiver Agreement" stating that he had violated "Rule G"

1189269v1

thereby admitting that he was "using or [was] under the influence of any drug, medication, or other controlled substance" while on duty.[1]

On March 1, 2005, the defendant served its Initial Disclosures pursuant to Fed.R.Civ.P. 26(a). (Exhibit A). The defendant produced the drug test results. The defendant further disclosed that an Amtrak representative would testify about the company's drug and alcohol testing program. The defendant also disclosed that the defendant reserved the right to introduce at trial the "plaintiff's additional medical records, if any, related to the plaintiff's positive drug test."

In addition, plaintiff's counsel admitted at the initial scheduling conference in this court that his client tested positive for drugs, that the plaintiff did not deny it, but that its relevance would be challenged.

On May 23, 2005, the defendant served its responses to the plaintiff's amended first set of request for documents. The defendant included in its responses various Amtrak alcohol and drug testing documents, including the drug test results, along with the plaintiff's signed "Rule G" waiver agreement. (Exhibit B).

On November 26, 2005, the defendant served a supplemental response to the plaintiff's request for documents. The defendant included in its responses the plaintiff's drug test results which revealed that the plaintiff had tested positive for cocaine. (Exhibit C).

On March 16, 2006, the defendant served its supplemental expert interrogatories which stated as follows:

> The defendant may call Brian Pape, PhD, 20 Tiger Road, Hudson, New Hampshire 03051. Dr. Pape is a toxicologist and is expected to testify concerning his education, training, and experience as a toxicologist. <u>He will testify in the area of the affects of drug use, common drug testing, and the affects of drugs, particularly cocaine.</u> Dr. Pape is expected to testify concerning the test that

---

[1] See Exhibits to defendant's opposition to plaintiff's Motion in Limine to preclude evidence of post accident drug use.

2

1189269v1

>was utilized on the date of the accident that detected cocaine use by the plaintiff. Dr. Pape is expected to testify in accordance with his report, which is forthcoming and this response will be supplemented.

(Exhibit D).

On April 28, 2006, the defendant served a copy of Dr. Pape's affidavit and *curriculum vitae*. In accordance with Fed.R.Civ.P. 26(a)(2)(B), Dr. Pape stated in his affidavit that in forming his report, he reviewed, *inter alia*, the results of the plaintiff's post-accident urine drug test as well as the AMTRAK Chain-of-Custody documents concerning same. The plaintiff never requested copies of these documents nor did the plaintiff ever seek to depose Dr. Pape.

**B.     Dr. Pape's Testimony Was Timely Disclosed**

The plaintiff seeks that Dr. Pape be precluded from testifying about "the body's metabolism of cocaine, and the effects of cocaine." In purported support of his position, the plaintiff states that the defendant did not disclose this area of testimony until October 11, 2006 through the Pre-Trial Memorandum. Because the defendant did in fact disclose this testimony back in March 2006, such a statement is at best misleading, and arguably, disingenuous.

Accordingly, contrary to the plaintiff's assertion, the defendant is not "elicit[ing] more surprise expert testimony." The plaintiff has known about this testimony for at least seven months and to assert otherwise is wholly without merit. Therefore, because this information has been timely disclosed, Dr. Pape should be allowed to discuss the body's metabolism of cocaine and the effects of cocaine.

**C.     The Toxicology Report and Supporting Documents Are Properly Admissible**

The plaintiff seeks to preclude the defendant from introducing the "Northwest Toxicology Urinalysis and supporting documents." ("the Northwest Toxicology Urinalysis documents"). The substantive documents concerning the plaintiff's positive drug test contained therein have previously been produced to the plaintiff back in May 2005 and November 2005.

3

1189269v1

(Exhibits B and C). Indeed, the only arguably "new" documents are those concerning the chain of custody of the urine sample and the manner of the testing the results of which notably have never been challenged. Indeed, the plaintiff signed the "Amtrak Rule G Waiver Agreement" stating that he had violated "Rule G" thereby admitting that he was "using or [was] under the influence of any drug, medication, or other controlled substance" while on duty and, plaintiff's counsel made a similar admission at the initial scheduling conference. Moreover, Dr. Pape stated in his report that he had reviewed, *inter alia*, these documents. The plaintiff never requested the chain of custody or testing documents nor did the plaintiff ever seek to depose Dr. Pape or Amtrak on the subject.

Therefore, the plaintiff cannot assert surprise concerning the defendant's introduction of evidence concerning the plaintiff's positive drug test. The defendant's discovery response have all made it clear that the defendant planned on introducing evidence concerning the plaintiff's positive drug test.

Moreover, as stated, the substantive documents contained therein had been previously produced. In fact, one of the documents the defendant produced as part of its supplemental responses was a July 23, 2002 inter-office memorandum from Margaret Ann Tierney to Patricia Mallon which states in pertinent part as follows:

> On July 19, 2002, Jeffrey Daniels . . . was tested for drugs during a Company, accident/injury testing event. This is to advise you that based on an analysis by a certified laboratory and a review by the Medical Review Officer (MRO), the result was reported by the MRO as positive for cocaine metabolites.

(Exhibit C). The plaintiff's attempt to preclude these documents by asserting some sort of surprise is wholly without merit and constitutes merely another attempt by the plaintiff to preclude any testimony or evidence concerning the plaintiff's drug use.

In the alternative, the plaintiff asserts that the Northwest Toxicology Urinalysis documents should not be admitted because they constitute inadmissible hearsay. However,

4

1189269v1

contrary to the plaintiff's assertion, the documents have been properly authenticated pursuant to Mass.R.Civ.P. 902.

Lastly, the plaintiff asserts that the Northwest Toxicology Urinalysis documents should not be admitted because they are not relevant and are "unfairly prejudicial" To the contrary, the plaintiff's positive drug test and the documents concerning same are highly probative and outweigh any possible prejudice. The defendant incorporates herein by reference all arguments set forth in the Defendant's Opposition To The Plaintiff's Motion *In Limine* To Exclude Evidence Of Post-Accident Drug Test And To Preclude Questions And Evidence Concerning Drug Use.

WHEREFORE, the defendant, National Railroad Passenger Corporation, respectfully requests that this Court deny the plaintiff's motion and adopt all positions set forth in the instant opposition.

The Defendant,
National Railroad Passenger Corporation,
By its attorney,

/s/ William Joseph Flanagan
_____
William Joseph Flanagan, BBO#556598
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Certificate of Service

I hereby certify that this document(s) filed
through the ECF system will be sent electronically
to the registered participants as identified on the
notice of Electronic Filing (NEF) and paper copies
will be sent to those indicated as non registered participants
on this 25th day of October, 2006.

/s/ William Joseph Flanagan
_____
William Joseph Flanagan, BBO#556598

5

1189269v1

1189269v1