UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12030MLW

| | |
|---|---|
| JEFFREY DANIELS,<br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT, NATIONAL RAILROAD PASSENGER CORPORATION'S, SUPPLEMENTAL RESPONSES TO THE PLAINTIFF'S REQUEST FOR DOCUMENTS

**Request No. 1**

The Defendant's Medical Department's/Occupational Health Services Department's full and complete medical file pertaining to the plaintiff, including but not limited to all notes, reports, emails, telephone logs, medical questionnaires and correspondence pertaining to the plaintiff.

**Response No. 1**

The medical file has been requested and this response will be supplemented.

**Supplemental Response No. 1**

    **ATTACHMENT 1**    The Medical Department's/Occupational Health Services Department's medical file pertaining to Jeffrey Daniels.

**Request No. 2**

All invoices, bills, receipts, or other documents evidencing medical and other services rendered to the plaintiff in connection with medical examinations or treatment for his alleged injuries resulting from the accident.

978668v1

**Request No. 6**

All medical, hospital, x-ray, MRI, and CT Scan records, reports, bills and treatment notes from any hospitals or physicians or other healing practitioners which you or your attorney obtained concerning any injuries or illnesses ever suffered or sustained by the plaintiff.

**Response No. 6**

See responses to request for production documents Nos. 2 & 3, and Exhibit "A" attached hereto.

**Supplemental Response No. 6**

    **ATTACHMENT 6**    Drug and alcohol testing results following the subject accident of July 19, 2002.

Any documents that presently exist and are in the defendant's possession, custody, and control have been produced.

**Request No. 8**

All prior inspection, maintenance and repair records, whether special or regular, regarding or referring to the accident site, appurtenances, and equipment involved in this accident for the period five years prior to the date of the plaintiffs injury up to the present.

**Response No. 8**

None, other than maintenance records relating to the truck that was involved in the alleged accident. A search is underway for the maintenance records for the truck and this response may be supplemented.

**Supplemental Response No. 8**

    **ATTACHMENT 3**    All EMIS and maintenance records for Truck No. TN69641.

**Request No. 9**

All EMIS records for any equipment involved in plaintiff's accident for a period of one (1) year preceding the accident and one (1) month after the accident.

**Response No. 9**

Objection: the abbreviation "EMIS" is undefined. Notwithstanding and without waiving the foregoing objection, the defendant refers the plaintiff to its response to request for production of documents No. 8.

**Response No. 14**

Objection: the request is improper in that it seeks disclosure of defendant's work product and/or mental impressions. Notwithstanding and without waiving the foregoing objection, please see the defendant's response to plaintiff's request for production of documents No. 11, and Exhibit "B".

**Supplemental Response No. 14**

      **ATTACHMENT 12**      Amtrak Readville B & B Department Daily Activity Report from July 15, 2002 through July 19, 2002.

Any documents that presently exist and are in the defendant's possession, custody, and control have been produced.

**Request No. 15**

All documents, notes, emails, electronic files or memoranda prepared after the accident by anyone involved in investigating the accident or reporting thereon.

**Response No. 15**

Objection: this request is improper in that it seeks disclosure of the defendant's work product, materials that contain the mental impressions of plaintiff's counsel, and/or materials that are protected by the attorney/client privilege. Notwithstanding and without waiving the foregoing objection, the defendant refers the plaintiff to its response to plaintiff's request for production of documents No. 11 and documents attached as Exhibit "B".

**Supplemental Response No. 15**

Notwithstanding or waiving this objection please see:

      **ATTACHMENT 9**    Interoffice Memorandum dated July 23, 2002 concerning positive drug test.

**Request No. 20**

All maps, drawings, diagrams, measurements, surveys, photographs, or other descriptions made either before, after, or at the time of the events in question concerning: the events and happenings alleged in the complaint, the scene of the accident, or the areas or persons or objects involved.

**Response No. 20**

None, other than those that are protected work product.

5

978668v1



**EHP EMPLOYEE HEALTH programs**

P.O. Box 2430
Bethesda, MD 20827
(301) 571-0057
Fax: (301) 571-0097

## MEDICAL REVIEW OFFICER
## DRUG TEST RESULTS

| COMPANY | |
|---|---|
| Amtrak North East Corridor<br>Atk0424c Milton Hospital,<br>2005 Market St<br>#510<br>Philadelphia Pa 19103<br>ATTN: Marilyn Mccouch<br>CONFIDENTIAL: TO BE OPENED BY ADDRESSEE ONLY | **DATE:** July 23, 2002<br>**I.D. NUMBER:** 015549444<br>**COC Number:** 30018205<br>**NAME (IF AVAILABLE):** Jeffrey A Daniels<br>**REASON FOR TEST:** Accident/Injury<br>**DATE AND TIME COLLECTED:** 07/19/2002 00:00<br>**LABORATORY:** Northwest |

| TEST NAME | RESULTS | INITIAL TEST LEVEL | CONFIRMATORY TEST LEVEL |
|---|---|---|---|
| SAP5-500 | | | |
| OPIATES | NEGATIVE | 2000 NG/ML | 2000 NG/ML |
| PHENCYCLIDINE | NEGATIVE | 25 NG/ML | 25 NG/ML |
| MARIJUANA | NEGATIVE | 50 NG/ML | 15 NG/ML |
| COCAINE | POSITIVE | 300 NG/ML | 150 NG/ML |
| AMPHETAMINES | NEGATIVE | 1000 NG/ML | 500 NG/ML |

Released:    July 23, 2002 11:31

I HAVE REVIEWED THE LABORATORY RESULTS FOR THE SPECIMEN IDENTIFIED BY THIS FORM IN ACCORDANCE WITH APPLICABLE REQUIREMENTS. MY DETERMINATION/VERIFICATION IS

**POSITIVE**

*(signed)* PATRICIA J. AUSMAN, D.O.
MEDICAL REVIEW OFFICER

# CONFIDENTIAL

## NATIONAL RAILROAD PASSENGER CORPORATION

## HUMAN RESOURCES – HEALTH SERVICES DEPARTMENT

Interoffice Memorandum

July 23, 2002

TO: Patricia Mallon

FROM: Margaret Ann Tierney
HR Consultant

SUBJECT: Drug Test Result for **DANIELS, Jeffery, SSN#: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**

On July 19, 2002, **Jeffery Daniels, (SSN#: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)** was tested for drugs during a **Company, accident/injury** testing event. This is to advise you that based on an analysis by a certified laboratory and a review by the Medical Review Officer (MRO), the result was reported by the MRO as positive for **cocaine metabolites**. Accordingly, the employee is medically disqualified from performing service.

In accordance with PERS-19, an employee who violates the Standards of Excellence is subject to dismissal. Your department is responsible for taking disciplinary action. If the employee is an agreement-covered employee, a union official or an excepted employee who still holds seniority in a craft, the disciplinary action must comply with the requirements of the applicable collective bargaining agreement. If you have any questions concerning the discipline process, please contact Labor Relations.

The result(s) of an employee's test should be kept confidential. However, evidence of the positive result(s) may be introduced into any discipline investigation that results from the test(s).

Further, please fax a copy of the hearing charges and/or signed Drug and Alcohol Waiver (if applicable) to my attention at ATS 777-2786 or Bell (202) 906-2786.

I am notifying you of the above facts in accordance with Amtrak policy so that you may initiate appropriate disciplinary actions.

cc: EAP Counselor
EAP Manager
Health Services – NEC