UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12030RBC

| | |
|---|---|
| JEFFREY DANIELS, <br> Plaintiff <br><br> v. <br><br> NATIONAL RAILROAD PASSENGER <br> CORPORATION, <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S OPPOSITION TO THE PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF POST-ACCIDENT DRUG TEST AND TO PRECLUDE QUESTIONS AND EVIDENCE CONCERNING DRUG USE**

The defendant, National Railroad Passenger Corporation, ("the defendant") hereby opposes the plaintiff's Motion *In Limine* To Exclude Evidence Of Post-Accident Drug Test And To Preclude Questions And Evidence Concerning Drug Use ("the plaintiff's motion") on the grounds that the plaintiff <u>admitted to drug use while on duty or reporting for duty</u>, and such evidence is clearly relevant to defend against the plaintiff's fall down claim. The defendant contends that the plaintiff was at fault for the fall down accident, and the plaintiff's positive post-accident drug test is clearly relevant to the issue of the plaintiff's mental alertness, exercise of judgment, and physical coordination. It therefore provides the jury with an explanation for the accident other than the defendant's alleged negligence. The relevance of this evidence far outweighs any possible prejudicial effect where it is offered only on the issue of the plaintiff's ability to appreciate his surroundings and exercise due care for his own safety at the time he was injured. As further grounds, the defendant states as follows:

1189154v1

A.   **Facts**

This matter arises out of a July 19, 2002 incident when the plaintiff fell at work during a routine task. He apparently slipped on a wet train rail or tie and fell. The evidence will show that the plaintiff was at fault for the incident due to his own inattentiveness and/or clumsiness.

Following the incident, the plaintiff submitted to a post-accident drug test pursuant to "Rule G" as set forth in the NORAC Operating Rules. "Rule G" is "an industry-wide operating rule promulgated by the Association of American Railroads, and [is] enforced, in various formulations, by virtually every railroad in the country." Skinner, Secretary of Transportation, et al. v. Railway Labor Executives Association, 489 U.S. 602, 607, 634 (1989) (holding that post-accident toxicological testing is constitutional). The plaintiff tested positive for cocaine metabolites. See Exhibit "A".

On September 24, 2002, the plaintiff signed an "Amtrak Rule G Waiver Agreement" admitting that he had violated "Rule G." (Exhibit B). "Rule G" provides in pertinent part as follows:

> G.   Drugs and Alcohol
>
> Employees are prohibited from engaging in the following activities while on <u>duty or reporting for duty</u>:
>
> 1. Using alcoholic beverages or intoxicants, having them in their possession, or being under their influence.
>
> 2. Using or being under the influence of any drug, medication, or other controlled substance—including prescribed medication—that will in any way adversely affect their alertness, coordination, reactions, response or safety.
>
> \* \* \* \*

(Exhibit C) (emphasis added). Thus, the plaintiff admitted to drug use "while on duty or reporting for duty." In addition, at the plaintiff's deposition, when the defendant asked the

2

plaintiff about drug use during the 24-48 hour time period before the accident, the plaintiff asserted the Fifth Amendment right against self-incrimination. He also asserted his 5th amendment privilege when asked if he used drugs <u>before</u> work during the days and weeks before the accident. See Exhibit D, P.35.

**B.     The Plaintiff's Positive Post-Accident Drug Test Results and Dr. Pape's Testimony Are Relevant**

Under the Federal Rules of Evidence, 'relevant evidence' means any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." <u>Johnson, et al. v. Washington Metropolitan Area Transit Authority,</u> 764 F.Supp. 1568, 1576 (D.C. Cir. 1991). The plaintiff's positive drug test in the instant matter is relevant because the results are some evidence that the plaintiff may have been under the influence of, or impaired by, drugs at the time of the instant matter, thereby causing, or at the very least, contributing to, the incident. Other courts have admitted such evidence under similar circumstances.

> Under this [FRE 403] definition, the drug results are clearly relevant. The positive drug test results are some evidence that [the defendant] may have been operating the train under the influence of, and impaired by, cocaine at the time of [the decedent's] death. Negative results would have excluded even that possibility.

<u>Johnson, et al.</u>, 764 F.Supp. at 1576 (admission of drug test performed day of train accident as part of post-accident medical examination proper even though test did not establish when during the previous week the drugs were ingested); <u>Simonson v. White,</u> 220 Mont.14, 713 P.2d (1983) (drug test results relevant when party alleged that the defendant's conduct caused the accident in question).

In <u>Johnson</u>, the defendant argued that the drug test results were not relevant because they did not independently show that the defendant was under the influence of, and impaired by,

3

1189154v1

cocaine at the time of the accident. The Johnson Court held that this argument was unmeritorious:

> Nevertheless, [the plaintiff] contends that the drug tests results are not relevant because they do not make it probable that he was impaired at the time of the accident. The [defendant] do[es] not, however, have to show that every piece of evidence they plan to present makes it more likely than not that [the plaintiff] was impaired at that time of the accident. As McCormack memorably put it, "A brick is not a wall." To be relevant, the evidence presented by the plaintiffs need only make [the plaintiff's] drug use more probable than it would be without that evidence.

Id. quoting McCormack on Evidence §185, at 436 (2d ed. 1972). The plaintiff's drug test results renders the plaintiff's drug use more probable than it would be without that evidence and therefore are relevant. Lentz v. Metropolitan Property and Casualty Insurance Company, 437 Mass. 23 (2002) ("Evidence is relevant if it renders the desired inference more probable than it would be without the evidence"). Indeed, the plaintiff has not presented any evidence to negate this inference. Indeed, his admission to a Rule G violation virtually compels it.

C.   **The Probative Value Of The Test Results Outweighs Any Alleged Prejudice**

In the alternative, the plaintiff alleges that the positive drug test results are inadmissible because any possible probative value is substantially outweighed by the danger of unfair prejudice. (Plaintiff's Motion, p. 3). In support of his position, the plaintiff states that because the test results do not show when the plaintiff ingested cocaine, the test results have little probative value. The Johnson Court, while conceding that in isolation, the drug test results suggest that the defendant may have used cocaine at any time during the previous week, held that when considered in the context of other evidence presented, the drug tests results became quite probative of the defendant's impairment at the time of the incident:

> While [the plaintiff's] assessment of the probative value of drug test results in isolation is undoubtedly correct, its argument suffers from the same flaw as its relevancy argument. Simply put, there is no reason to consider the drug test results in isolation. Indeed, it would be deceptive to do so: 'Few categories of evidence indeed

4

> could ever be ruled admissible if each category had to stand on its own, unaided by the process of cumulating information that characterizes the way any rational person uses evidence to reach conclusions.'  It is especially important to look to other information when, as here, multiple inferences can be drawn from a single piece of evidence.  When such evidence is considered in isolation, there are many potential inferences, each equally possible.  Other evidence can, however, exclude some of the possible inferences, increase the probability of others, and thereby show how probative a piece of evidence is in context.  In short, the balancing test of rule 403 requires that the judge consider the proffered evidence against the background of all of the evidence in the case.

Johnson, et al, 764 F.Supp. at 1576 (internal citations omitted).

In the instant matter, there is independent evidence to suggest that the plaintiff was under the influence of drugs at the time of the incident.  First, as stated, the plaintiff signed an agreement stating that he had violated Rule G thereby admitting that he was using or under the influence of drugs while on duty or reporting for duty on the date of the accident. (Exhibit A).

In addition, the plaintiff pleaded the Fifth Amendment against self-incrimination when asked about drug use over 24 hours before the accident, and before work during the days and weeks before the accident.  It has long been recognized that in civil cases, an adverse inference may be drawn against a party who invokes the Fifth Amendment privilege against self-incrimination.  Digital Equipment Corp. v. Currie Enterprises, et al., 142 F.R.D. 8, *13 (D. Mass. 1991) ("In a civil case, the finder of fact is not prohibited from making an adverse inference from a party's assertion of the fifth amendment privilege"); Lentz, 437 Mass. at 26; Kaye v. Newhall, 356 Mass. 300, 305-306 (1969).  Therefore, it is proper to infer that the plaintiff used drugs within, at the very least, 24-48 hours before the subject accident.

Therefore, when considered in the context of this other evidence, namely the fact that the plaintiff simply fell while performing a routine task, and his admission that he had violated Rule G, the drug test results are quite probative on the issue of the cause of the accident.  Johnson, et al., 764 F.Supp. at 1576 ("With the drug test results, however, these scattered facts become

5

1189154v1

important corroborating evidence in a cogent theory of [the plaintiff's] impairment"). Therefore, the drug test results, when taken in conjunction with the above-delineated factors strengthen the inference, and the defendant's position, that the plaintiff was impaired at the time of the accident. Accordingly, the drug test results are quite probative and on balance are properly admissible. Brunet v. United Gas Pipeline Co., 15 F.3d 500, 505 (5th Cir. 1994) (no abuse of discretion to admit drug test performed two days after boat accident).

D.  **The Defendant Can Properly Ask The Plaintiff About Drug Use Beyond The 24 Hour Time Period**

The plaintiff asserts in his motion that "questions about drug use beyond the 24 hour period before the accident should barred." [sic] (Plaintiff's Motion, p. 4). As stated, it has long-been established that the court in a civil matter can draw an adverse inference from a party's assertion of the fifth amendment privilege. Digital Equipment Corp., 142 F.R.D. at *13; Kaye v. Newhall, 356 Mass. 300 (1969). Similarly, it is also established that counsel has the right to call a party as a witness when it is known that that party will claim the privilege. Id. at 305. Therefore, the defendant is free to ask the plaintiff questions about his drug use. As outlined in greater detail above, such questions are probative to relevant facts of the case and are not outweighed by any claimed prejudice.

E.  **The Plaintiff's Objections On Page 52 Of Dr. Tilzey's Deposition Concerning The Admittance Of Milton Hospital Records Should Not Be Sustained**

Within the plaintiff's motion, the plaintiff seeks an Order sustaining the plaintiff's objections to the drug testing contained in the Milton Hospital Records. For all of the reasons outlined above, the defendant asserts that the contested Milton Hospital Records are relevant to this action. Therefore, the plaintiff's objection should not be sustained and therefore, the plaintiff's counsel's objections to same need not be redacted.

6

1189154v1

WHEREFORE, the defendant, National Railroad Passenger Corporation, respectfully requests that this Court deny the plaintiff's motion and adopt all positions set forth in the instant opposition.

The Defendant,
National Railroad Passenger Corporation,
By its attorney,

*/s/ William Joseph Flanagan*
_____
William Joseph Flanagan, BBO#556598
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Certificate of Service

I hereby certify that this document(s) filed
through the ECF system will be sent electronically
to the registered participants as identified on the
notice of Electronic Filing (NEF) and paper copies
will be sent to those indicated as non registered participants
on this 25th day of October, 2006.

*/s/ William Joseph Flanagan*
_____
William Joseph Flanagan, BBO#556598

1189154v1