UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12030RBC

| | |
|---|---|
| JEFFREY DANIELS, <br> Plaintiff <br><br> v. <br><br> NATIONAL RAILROAD PASSENGER CORPORATION, <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S RESPONSE TO THE PLAINTIFF'S DEPOSITION DESIGNATIONS AND DEFENDANT'S COUNTER DESIGNATIONS AND OBJECTIONS

The defendant, National Railroad Passenger Corporation, ("the defendant") hereby files and serves the foregoing response to the plaintiff's Deposition Designations, and the defendant submits its objections to portions of Dr. Tilzey's testimony.

**PLAINTIFF'S OBJECTION, PAGE 52**

To the extent that the plaintiff seeks a ruling on the plaintiff's objections on page 52,[1] lines 17-22 of Dr. Tilzey's deposition transcript, the defendant asserts that the contested Milton Hospital Records concerning the drub test are relevant to this action. Therefore, the plaintiff's objections should not be sustained. The defendant incorporates herein by reference all arguments set forth in the Defendant's Opposition To The Plaintiff's Motion *In Limine* To Exclude Evidence Of Post-Accident Drug Test And To Preclude Questions And Evidence Concerning Drug Use as well as the arguments set forth in the Defendant's Opposition To The Plaintiff's Motion *In Limine* To Limit Dr. Pape's Testimony And Preclude Northwest Toxicology Drug Testing Report And Supporting Documents.

---

[1] While the plaintiff's motion also references objections made on "page 82," based upon a reading of the motion, it appears that this was a typographical error.

1189398v1

With respect to the 1985 records, they reveal other injuries that are relevant to the accident, specifically a neck injury and cervical X-rays that demonstrate disc space narrowing (a degenerative condition). This reference to a degenerative condition is relevant to other medical evidence. See discussion of plaintiff's objection to Dr. Tilzey's testimony on page 82, discussed below.

**PLAINTIFF'S OBJECTION, PAGE 82**

The defendant questioned Dr. Tilzey concerning the fact that the plaintiff's neck condition is likely a long standing problem. This line of questioning addresses the plaintiff's claim that he also suffered a neck injury as a result of the accident, Indeed, his most recent treatment, that he claims is related to the accident, concerns a neck condition. Plaintiff's counsel clearly attempts to address the neck injury with Dr. Tilzey in an attempt have the doctor relate the condition to the accident. See transcript at P.91-92, Line 20. He should not later complain that this orthopedic surgeon is not qualified to offer any testimony on the subject.

**DEFENDANT'S OBJECTIONS**

**Page 34, Line 7 – Page 35, Line 1**

The plaintiff has never claimed any ongoing or permanent injury as a result of the subject accident, and this attempt to elicit such testimony is therefore improper. There was never any pre-trial disclosure of any expert opinion that the plaintiff has an ongoing or permanent injury. The subject testimony by Dr. Tilzey was never disclosed in any of his records (Dr. Tilzey never submitted an expert report nor were expert to interrogatories ever supplemented).

**Page 39, Line 12-23;   Page 84 Line 18-23;   Page 85, Line 13-19;   Page 88, Line 16-20**

Plaintiff's counsel is leading the doctor in a critical area of testimony concerning his interpretation of the plaintiff's shoulder x-ray. The X-ray report makes reference to previous trauma, and plaintiff's counsel is clearly suggesting to the doctor that the references to the

2

subject accident (and not to a previous accident as suggested by defense counsel during cross examination). This is a critical area of testimony in this case because the defendant contends that the plaintiff had a previous shoulder problem, and the September 5, 2002 Lahey Clinic x-rays support that contention. Plaintiff's counsel therefore should not be permitted to repeatedly lead the doctor, who may be unaware of the allegation of a prior injury, in this important area.

WHEREFORE, the defendant, National Railroad Passenger Corporation, respectfully requests that this Court adopt all positions set forth in the instant response.

The Defendant,
National Railroad Passenger Corporation,
By its attorney,

/s/ William Joseph Flanagan
_____
William Joseph Flanagan, BBO#556598
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Certificate of Service

I hereby certify that this document(s) filed
through the ECF system will be sent electronically
to the registered participants as identified on the
notice of Electronic Filing (NEF) and paper copies
will be sent to those indicated as non registered participants
on this 25th day of October, 2006.

/s/ William Joseph Flanagan
_____
William Joseph Flanagan, BBO#556598

3

1189398v1