UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

______________________________________X

JEFFREY DANIELS,

Plaintiff

VS.

NATIONAL RAILROAD PASSENGER CORPORATION,

Defendant

______________________________________X

CIVIL ACTION

NO. 04-12030-RBC

OCTOBER 27, 2006

**PLAINTIFF'S PROPOSED JURY CHARGES**

These Proposed Charges are based on the plaintiff's present understanding of the case and he reserves the right to submit additional proposed charges.

**OVERVIEW**

The plaintiff, Jeffrey Daniels, brings this action against the defendant, National Railroad Passenger Corporation (Amtrak) to recover damages for injuries he claims to have suffered as a result of an accident that occurred on July 19, 2002.

Mr. Daniels alleges the railroad was negligent in that it failed to provide him with a reasonably safe place to work and that the railroad's negligence caused him to fall and suffer tendonitis and impingement of his right shoulder and a herniated disc in his neck.

**FELA**

The plaintiff brings this action against the defendant railroad under the Federal Employers Liability Act or FELA. That act provides in substance that every railroad engaged in interstate commerce shall be liable in damages for injuries to its employees resulting in whole or in part from the negligence of any of its officers, agents or employees or from any defect or deficiency, due to its negligence, in its cars, machinery, track, roadbed or work areas.

The purpose "of the FELA legislation is to promote adequate recovery for negligently injured railroad workers and thereby promote safe operating conditions."[1]

[1] Kozar v. Chesapeake and Ohio Ry. Co., 320 F. Supp. 335, 387 (WD Mich. 1970), aff'd in part and vacated in part on other grounds, 449 F.2d 1238 (6th Cir. 1971). See House Judiciary Com. Rep., H.R. Rep. No. 1386, 60th Cong., 1st Sess., 42 Cong. Rec. 4434 et seq. (1908), Sinkler v. Missouri P. R. Co., 356 U.S. 326, 329-30 (1958), and Kernan v. American Dredging Co., 355 U.S. 426, 431-33 (1958).

**ELEMENTS**

In order to find the defendant liable to the plaintiff under the FELA statute, you must find by a preponderance of the evidence:

First, that the defendant is a railroad engaged in interstate commerce;

Second, that the plaintiff was an employee of the defendant in interstate commerce, acting in the course of his employment;

Third, that the defendant or one of its employees or agents was negligent; and

Fourth, that such negligence played a part, no matter how slight, in bringing about an injury to the plaintiff.[2]

The first and second elements are stipulated and agreed to in this case so you need not concern yourself with them.[3]

**NEGLIGENCE**

The third element is whether the defendant or its employees or agents were negligent.

The fact that plaintiff was injured during his employment does not automatically entitle him to recover from his employer. Plaintiff can only recover from the defendant if negligence and the other elements I will describe are established by a preponderance of the evidence.[4]

Negligence is simply the failure to use the same degree of care that a person or ordinary prudence would use in the circumstances of a given situation. It can be the doing of something that a reasonably prudent person would not have done or failing to do something that a reasonably prudent person would have done under the circumstances.[5]

---

[2] Williams v. Long Island Railroad, Co., 196 F.3d 402, 406 (2nd Cir. 1999); Ulfik v. Metro-North Commuter Railroad, Co., 77 F.3d 54, 58 (2nd Cir. 1996); Smith v. National Railroad Passenger Corp., 856 F.2d 467, 469 (2d Cir. 1988).

[3] Sand, 4 Federal Jury Instructions, § 89-2 (2004).

[4] Sand, 4 Modern Federal Jury Instructions, § 89-8 (2004).

[5] Sand, 4 Modern Federal Jury Instructions, §89-9 (2004).

**<u>NEGLIGENT ACTS OF CORPORATION AND ITS EMPLOYEES</u>**

Since a corporation can act only through its officers or employees, or other agents, the burden in on the plaintiff to establish, by a preponderance of the evidence in the case, that the negligence of one or more employees, or officers or other agents of the railroad was a cause of any injuries and consequent damages sustained by the plaintiff.

Any negligent act or omission of an employee, or officer or other agent of a corporation in the performance of his duties, is held in law to be the negligence of the corporation.[6]

[6] Devitt, Clackmar and Wolff, Federal Jury Practice and Instructions, Vol. 3 § 94.15, p. 605 (4th Ed. 1987)

**DUTY TO GUARD AGAINST FORESEEABLE RISKS**

The definition of negligence requires the defendant to guard against those risks or dangers of which it knew or by the exercise of due care should have known. In other words, the defendant's duty is measured by what a reasonably prudent person would anticipate or foresee resulting from particular circumstances.[7]

How do you determine whether the defendant railroad knew or, through the exercise of reasonable care, should have known of a particular risk or danger?

First, you may consider any evidence presented concerning the actual knowledge of the railroad or its foreman, employees or other agents.

Second, you may consider any evidence presented concerning whether the risk was brought to the attention of the railroad its foreman, employees or other agents, for example, through employees' statements, complaints or protests that a particular condition or assignment was dangerous.

Third, you may consider whether a reasonably prudent person would have performed inspections or tests that would have brought the dangerous condition to the defendant's attention or otherwise would have known of the condition.

If you find by a preponderance of the evidence that a reasonably prudent person would have taken reasonable precautions against the risk based on such actual knowledge, statements, complaints or protests or reasonable inspection, and you find that the defendant railroad failed to take such reasonable precautions, then you may find that the defendant railroad was negligent.[8]

---

[7] Sand, 4 Modern Federal Jury Instructions, § 89-10 (2004), Gallick v. Baltimore & Ohio Railroad Co., 372 U.S. 108, 120-21 (1963).

[8] Sand, 4 Modern Federal Jury Instructions, § 89-11 (2004).

**NOTICE**

The defendant Railroad has a continuing duty to exercise reasonable care to maintain such premises in a reasonably safe condition for use by its employees, which include a duty to exercise ordinary care to inspect and to discover any defect which would render such premises reasonably unsafe.

Actual notice is such notice as is proved to have been given to a party directly and personally, or such as he is presumed to have received personally because the evidence within this knowledge was sufficient to put him upon inquiry. Constructive notice is information or knowledge of a fact imputed by law to a person (although he may not actually have it), because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it. [9]

**DUTY TO PROVIDE SAFE PLACE TO WORK**

Thus, the Federal Employers' Liability Act imposed on the defendant railroad a duty to the plaintiff, and to all its employees, to exercise reasonable care to provide him with a reasonably safe place in which to work, reasonably safe conditions in which to work, and reasonably safe tools and equipment.[10]

---

[9] McKee v. New York Central Railroad Co., 355 F.2d 165, 166 (6th Cir. 1966).

[10] Sand, 4 Modern Federal Jury Instructions, § 89-13 (2004).

**NON-DELEGABLE DUTY TO PROVIDE SAFE PLACE TO WORK**

The Railroad's duty to provide its employees with a safe place to work is non-delegable, that is, it cannot be passed to another corporate entity or individual. This is so despite the fact that the Railroad may not own, control or be under the primary obligation to maintain the premises on which the employee is injured. The Railroad is not relieved from liability because of the existence of an unsafe condition was brought about through the act of a third party and without fault on the Railroad's part. The Railroad cannot legally delegate, that is pass its duty to another and escape liability to its employee.

Under the FELA the employer is the one owing the duty to the employee. The employee need not look elsewhere for his protection. He has the right to rely on his employer and none other. When the employer abdicates, or gives up its duty or control over the premises or the situation, the employer takes the risk, not the employee.[11]

**DUTY TO INSPECT**

This duty includes the responsibility to inspect the premises where the railroad's employees will be working and their equipment, and to take reasonable precautions to protect its employees from possible danger.[12]

**CONTINUING DUTY**

The defendant railroad's duty is a "continuing duty," from which the carrier is not relieved by the fact that the employee's work at the place in question is fleeting or infrequent. [13]

---

[11] Payne v. Baltimore & Ohio R.R. Co., 309 F.2d 546, 549 (6th Cir. 1962), cert. denied, 374 U.S. 827, 10 L. Ed. 2d 1051; Schiller v. Penn Central R. R. Co., 509 F.2d 263, 269 (6th Cir. 1975); Shenker v. Balt. & Ohio R.R. Co., 374 U.S. 1, 8-9 (1963).

[12] Sand, 4 Modern Federal Jury Instructions, §89-15 (1993); Cazad v. C & O, 622 F.2d 72, 76 (4th Cir. 1980); Shenker v. Baltimore & O Ry. Co., 374 U.S. 1, 7-8, 83 S.Ct. 1667 (1963); Nivens v. Southwestern Ry. Co., 425 F.2d 114, 120 (5th Cir.), cert. denied, 114 U.S. 879 (1970).

[13] Sand, 4 Modern Federal Jury Instructions, §89-16 (2004); Shenker v. Baltimore & O Ry. Co., 374 U.S. 1, 7-8, 83 S.Ct. 1667 (1963); Nivens v. Southwestern Ry. Co., 425 F.2d 114, 120 (5th Cir.), cert. denied, 114 U.S. 879 (1970).

**DUTY TO MAKE NECESSARY RULES**

It was the duty of the defendant railroad to make and to publish to its employees such sufficient and necessary rules and regulations and prescribe such proper and adequate procedures for them to follow as reasonable care required under the circumstances then and there existing. In other words, the railroad has a duty to exercise reasonable care for the protection of its employees.[14]

**DUTY TO WARN**

When a Railroad knows of a condition in the workplace that creates a danger to an employee doing his job, ordinary care imposes a duty on the Railroad to warn that employee of the presence of that danger.[15]

**DUTY TO INSTRUCT AND SUPERVISE**

The defendant railroad has a duty under the FELA to provide the plaintiff with a reasonably safe place to work by adequately supervising his work and by adequately instructing him as to how to perform his work.[16]

**PROCEDURES AND METHODS**

Similarly, you may find the defendant negligent if you find that it instructed its employees to perform tasks either with a number of employees or a procedure or method which it knew or in the exercise of reasonable care should have known, would result in injuries.[17]

---

[14] Ybarra v. Burlington Northern, Inc., 689 F.2d 147, 150 n. 1 (8th Cir. 1982).

[15] Holladay v. Chicago, Burlington & Quincy R.R. Co., 255 F. Supp. 879, 884-85 (SD Iowa 1966); Bassett v. New York, C. & St. L. R. Co., 235 F. 2d 900 (3rd Cir. 1956); Erie R. Co. v. Collins, 259 F. 172 (2d Cir.), aff'd, 253 U.S. 77 (1919).

[16] Lindauer v. New York Central R. Co., 408 F.2d 638, 640 (2d Cir. 1969), Erie R. Co. v. Collins, 259 F. 172, 177 (2d Cir. 1919), aff'd., 253 U.S. 77 (1920)

[17] Sand, 4 Modern Federal Jury Instructions §89-18 (2004).

**DUTY TO PROVIDE SAFE TOOLS, EQUIPMENT, PREMISES APPLIANCES AND MACHINERY**

The Railroad has a duty under the FELA to provide its employees with reasonably safe, suitable and adequate premises. Liability may be imposed for injuries resulting from premises that are not reasonably safe due to design or lack of maintenance.[18]

**NEGLIGENCE SUMMARY**

To summarize, if you find by a preponderance of the evidence that the defendant railroad or its employees failed to exercise reasonable care to provide the plaintiff with a reasonably safe place to work or with reasonably safe work conditions, or failed in any other way to exercise reasonable care in the circumstances, you may find that the defendant was negligent.[19]

**CAUSATION**

Another element to be determined is whether an injury to the plaintiff resulted in whole or part from the negligence of the railroad or its employees or agents. In other words, did such negligence play any part, even the slightest, in bringing about an injury to the plaintiff?[20] However, it is important to remember that there can be more than one cause of an injury. The involvement of any other cause does not prevent a finding for the plaintiff, as long as you find that the railroad's negligence played any part, even the slightest, in causing an injury to the plaintiff.[21]

---

[18] Shenker v. Balt. & O. R. Co., 374 U.S. 1, 8-9 (1963); Ragsdell v. So. Pac. Transp. Co., 688 F.2d 1281, 1282 (9th Cir. 1982).

[19] Sand, 4 Modern Federal Jury Instructions, § 89-21 (2004).

[20] Williams v. Long Island Railroad, Co., 196 F.3d 402, 406 (2nd Cir. 1999); Ulfik v. Metro-North Commuter Railroad, Co., 77 F.3d 54, 58 (2nd Cir. 1996); Smith v. National Railroad Passenger Corp., 856 F.2d 467, 469 (2d Cir. 1988).

[21] Sand, 4 Modern Federal Jury Instructions, § 89-22 (2004); Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 506, 77 S.Ct. 443, 448 (1957)

**CONTRIBUTORY NEGLIGENCE** [Only if the court rules that the defendant is entitled to a defense of contributory negligence].

In addition to denying that any negligence of the railroad caused any injury or damage to the plaintiff, the railroad alleges, as a further defense, that some contributory negligence on the part of the plaintiff was a cause of any injuries and consequent damages he may have sustained. Contributory negligence is a careless act or omission on the plaintiff's part tending to add new dangers to conditions that the employer negligently created or permitted to exist.[22] The burden is on a defendant, alleging the defense of contributory negligence, to establish, by a preponderance of the evidence in the case, the claim that the plaintiff himself was also at fault, and that such fault contributed to one of the causes of any injuries and consequent damages plaintiff may have sustained. You may not find contributory negligence on the part of the plaintiff, however, simply because he acceded to the request or direction of the responsible representatives of his employer that he work at a dangerous job, or in a dangerous place or under unsafe conditions.[23]

If you find that the plaintiff was in some respect contributorily negligent, this finding does not defeat his right to recover damages, rather it would result in a reduction of the plaintiff's damages in proportion to the amount of negligence attributable to the plaintiff.[24]

[22] Taylor v. Burlington Northern R.R., 787 F.2d 1309, 1316 (9th Cir. 1986).

[23] F.J.P.I. § 94.16.

[24] Almendarez v. Atchison, T. & S.F. Ry. Co., 426 F.2d 1095 (1970); Chicago, R.I. & P.R. Co. v. Powers Foundation Drilling Co., 294 F. Supp. 921, 924 (W.D. Okla. 1968).

**LACK OF CONTRIBUTORY NEGLIGENCE**

When a railroad employee is asked to assist other employees in need of help, it is part of his job to render such assistance and is not a matter of free choice on his part.[25] An employee is relieved of the imputation of contributory negligence for obeying an order of his employer which exposes him to danger, unless the danger is so obvious or glaring that no prudent person would follow the order.[26]

**EMPLOYEE'S RIGHT TO ASSUME**

An employee has the right to assume that the railroad has taken reasonable precautions to eliminate potential hazards at the work site.[27]

**DAMAGES**

If you decide for the plaintiff on the question of liability, you must then fix the amount of money that will reasonably and fairly compensate him for any of the following elements of damage proved by the evidence to have resulted from the railroad's negligence:

(a) You may include in your verdict the plaintiff's loss of earnings shown by the evidence in the case to be proximately caused by the injuries as a result of the incident in question to the present.[28]

---

[25] Wilson v. Burlington Northern, Inc., 670 F.2d 780, 783 (8th Cir. 1982).
[26] Gish v. CSX, 890 F.2d 989, 992-993 (7th Cir. 1989).

[27] Cazad v. C & O, 622 F.2d 72, 75 (4th Cir. 1980).

[28] Sand, Modern Federal Jury Instructions, § 89-33 (2004).

(b) In awarding damages, you may include in your verdict, a sum of money which reasonably compensates the plaintiff for any pain, suffering, mental anguish, loss of function, and inability to enjoy life's normal activities already suffered by him and proximately resulting from the injuries in question.[29]

Now, it is not necessary that any witness should have expressed an opinion as to the amount of such damages for such pain and suffering, but you, the jury, may estimate the amount of such damages, if any, by considering the facts and circumstances in evidence in light of your own knowledge and experience in the affairs of life. The law prescribes no definite measure of pain and suffering damages but leaves such damages to be fixed by you as your discretion dictates if, after considering all the circumstances that may be just and proper, you find for the plaintiff, Jeffrey Daniels, in this regard.[30]

**DEFENDANT MUST TAKE PLAINTIFF AS IT FINDS HIM**

A plaintiff's recovery for damages caused by a defendant's wrongful act may not be proportionately reduced because of a pre-existing weakness or susceptibility to injury.[31]

In other words, it is no defense that plaintiff, was more susceptible to injury than would be a normal person. The wrongdoer must take his victim as he finds him.[32]

**AWARD IS NOT TAXABLE**

If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.[33]

---

[29] Sand, Modern Federal Jury Instructions, § 89-29 (2004).

[30] 5 Am. Jur. Trials at 1023, 1026-27.

[31] Maurer v. United States, 668 F.2d 98, 100 (2d Cir. 1981); Wise v. Union Pacific Railroad Co., 815 F.2d 55, 58 (8th Cir. 1987); Stevens v. Bangor and Aroostook Railroad Co., 97 F.3d 594, 602 n.8 (1st Cir. 1996).

[32] Douthwaite, Jury Instructions on Damages in Tort Actions §4-13 (1981). See also 1 NY PJI 2d §2:283 (1974).

[33] Sand, 4 Modern Federal Jury Instructions, § 89-36 (2004).

**ATTORNEY INTERVIEWS**

An attorney has a right to interview a witness for the purpose of learning what testimony the witness will give. The fact that the witness has talked to an attorney and told him what he would testify to does not, by itself, reflect adversely on the truth of the testimony of the witness.[34]

**ATTORNEY STATEMENTS AT TRIAL**

Arguments, statements, and remarks of counsel are intended to help you in understanding the evidence and applying the law, but are not evidence. The dollar figure suggested by plaintiff's counsel as appropriate relief in this case is only a comment on the evidence or a suggestion. Such a suggestion is not evidence and you are not bound by it.[35]

**MITIGATION OF DAMAGES**

The defendant claims that the plaintiff did not use reasonable diligence to mitigate, avoid or minimize his damages. The burden is on the defendant to prove by a preponderance of the evidence that the plaintiff failed to act reasonably in minimizing his damages. If you find by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of any such opportunity. You are the sole judge of whether the plaintiff acted reasonably

---

[34] 45 U.S.C. §60; United Transportation Union et. al v. Metro-North Commuter Railroad Company, 862 F. Supp. 55, 57 (S.D.N.Y. 1994); International Business Machines Corp. v. Edelstein, 526 F.2d 37, 41-44 (2d Cir. 1975).

[35] Philadelphia & Reading Ry. v. Sherman, 247 F.2d 269, 271 (2d. Cir. 1917); Modave v. Long Island Jewish Medical Center, 501 F.2d 1065, 1079 (2d. Cir. 1974); Mileski v. Long Island Railroad Co., 499 F.2d 1169, 1172-74 (2d Cir. 1974); Lightfoot v. Union Carbide Corp., 110 F. 3d 989, 912 (2d Cir. 1997).

in avoiding or minimizing his damages. The plaintiff is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages.

In deciding whether to reduce the plaintiff's damages because of any failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied its burden of proving that the plaintiff's conduct was not reasonable.[36]

## AGGRAVATION OF PRE-EXISTING CONDITION

There was evidence that prior to the accident the plaintiff may have had a pre-existing condition that existed prior to July 19, 2002. The railroad is only liable for damages you find to be caused by the occurrence of July 19, 2002. If you find the plaintiff's pre-existing conditions, if any, made him more susceptible to injury than a person in good health, the defendant is responsible for all injuries suffered by the plaintiff as a result of the defendant's negligence, even if those injuries are greater than would have been suffered by a person in good health under the same circumstances.

If you find the defendant negligently caused further injury or aggravation to any pre-existing condition the plaintiff may have had, the plaintiff is entitled to compensation for all his damages caused by the incident, including further injury or aggravation.[37]

---

[36] Jones v. Consolidated Rail Corp., 800 F.2d 590, 593 (6th Cir. 1986); Schneider v. National Railroad Passenger Corp., 987 F.2d 132, 136 (2nd Cir. 1993) (stating Jones is the governing legal standard for the duty of mitigation of damages in FELA cases).

[37] Stevens v. Bangor and Aroostook Railroad Co., 97 F.3d 594, 601 (1st Cir. 1996)

FOR THE PLAINTIFF,

BY ____________________
Scott E. Perry
George J. Cahill, Jr. (BBO #069480)
CAHILL, GOETSCH & MAURER, P.C.
43 Trumbull Street
New Haven, Connecticut 06511
(203) 777-1000

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2006, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

____________________
Scott E. Perry