# United States District Court
# District of Massachusetts

JEFFREY DANIELS,
    Plaintiff,

v.                                    CIVIL ACTION NO. 2004-12030-RBC

NATIONAL RAILROAD
    PASSENGER CORPORATION
    ("Amtrak"),
        Defendant.

## *JURY INSTRUCTIONS*
## *ON SPECIFIC CLAIMS AND DEFENSES*

    I begin my instructions on the specific claims which have been brought in this case. And you have the jury verdict form, which is a series of questions, and as I give these instructions, I will be referring to the specific questions on the jury form. Basically the questions are in such a sequence that when you begin your deliberations you should consider the issues in the order which the questions are asked. You may take the written instructions and the jury verdict form to the jury room with you as you deliberate.

    One preliminary matter which I must mention to you. As I indicated

before in the earlier part of my instructions, the defendant in this case is a corporation, National Railroad Passenger Corporation. A corporation is a person under the law as I indicated, but a corporation in and of itself cannot act. It can only act through its officers or employees or other agents. And any act or omission of an officer or employee or other agent of the corporation in the performance of that agent's duties is held in law to be the act of the corporation.

When we talk about whether the defendant was negligent, for example, the negligence of the corporation is established by proof that an employee, officer or agent of the corporation in the performance of that officer, employee or other agent's official duties on behalf of the corporation was negligent and that negligence would be the negligence, in fact, of the corporation.

So when judging whether or not the corporation is liable, you judge the acts or failure to act of officers, employees or agents of the corporation who are acting for the corporation in the performance of their duties as officers, employees or agents of the corporation. And their acts are held to be acts of the corporation in those circumstances.

Plaintiff's claim is brought under a statute passed by Congress almost ninety years ago called the Federal Employers' Liability Act. It provides, in

pertinent part that:

> Every common carrier by railroad...shall be liable in damages to any person suffering injury while he is employed by such carrier...resulting in whole or in part from the negligence of any of the officers agents or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed,...or other equipment.

Now, what is negligence? Negligence is the violation of a duty. The duty is one imposed by law and is a duty imposed upon everyone to conform to the standards of a reasonably prudent person for the protection of others against the unreasonable risk of harm. As I have said, a corporation such as the National Railroad Passenger Corporation is thought of, and treated as, a person in the law. Negligence is the doing of some act which a reasonably prudent person would not do or the failure to do something which a reasonably prudent person would do when prompted by considerations which ordinarily regulate the conduct of human affairs.

In other words, negligence is the failure to use ordinary care under the circumstances in the management of one's person or property or of agencies under one's control.

Ordinary care is that care which a reasonably prudent person exercises in

the management of his or her own affairs in order to avoid an injury to themselves or their property or injury to the person or property of others.

Ordinary care is not an absolute term but a relative one. That is to say, in deciding whether ordinary care was exercised in a given case, the conduct in question must be viewed in light of all the circumstances as shown by the evidence in the case. Because the amount of care exercised by a reasonably prudent person varies in proportion to the danger known to be involved in what is being done, it follows that the amount of caution required, in the use of ordinary care, will vary with the nature of what is being done, and all the surrounding circumstances shown by the evidence in the case. To put it another way, as the danger that should reasonably be foreseen increases, so the amount of care required by law also increases.

Negligence is the failure to use ordinary care. The hallmark with respect to negligence is reasonableness in the circumstances. The defendant is under a duty to act reasonably. And a failure to act reasonably is negligence. Please note that the standard is objective, not subjective. You find what the reasonable person would do in the circumstances, and then determine whether the defendant acted in accordance with that standard. The standard is not subjective - it does not matter whether the defendant itself thought that it was

acting reasonably.  Rather, the test is whether from an objective point of view it adhered to the standard of the reasonable person in the circumstances.

In the context of a railroad as an employer, the duty to use ordinary care can be more specifically stated.  I instruct you that it is the continuing duty of the defendant, as an employer, at the time and place in question to use ordinary care in the circumstances in furnishing the plaintiff with a reasonably safe place in which to work, and to use ordinary care in the circumstances to maintain and keep such place of work in a reasonably safe condition.  This includes a duty to conduct reasonable inspections of the place where the employees will be working and to take reasonable precautions to protect employees from possible injury.  This does not mean of course that the employer is a guarantor or insurer of the safety of the place to work.  The extent of the employer's duty is to use ordinary care in the circumstances to see that the place in which work is to be performed is reasonably safe.  And "place of work" would include a railroad crossing when an employee, such as the plaintiff, is directed to perform his work for the railroad at the crossing.

When I say "in the circumstances" I mean that you must consider, among other things, the danger posed to employees working as the plaintiff was directed to work on the date in question.   The fact that dangerous situations

may arise which are the natural and normal consequences of climatic conditions beyond the employer's control does not necessarily imply negligence. You must consider the extent of the danger posed, and what an ordinarily prudent person would do relative to those dangers. You may consider that if a situation is very dangerous, an ordinarily prudent person might take greater steps to correct that situation than he would if the situation presented only a minimal danger. Consider the nature and extent of the danger posed by the situation and what a reasonably prudent person would do in those circumstances.

Although you may consider whether there may have been a better or safer way to accomplish the assigned work or that the danger may have been eliminated by performing the work in a different manner, the fact that there is an alternative way to perform the work does not, in and of itself, establish negligence. The question is whether a reasonably prudent employer would have performed the work in the manner which it did. The fact that reasonably prudent employers could direct that work be performed in different ways does not, in and of itself, render the way in which the employer chose to do the work negligent.

You must consider whether, in all the circumstances, a reasonable person would have foreseen the risk involved. If you find that the left rear tires of the

truck did lose traction in some manner and cause debris to be projected into the area behind the truck, you must consider if the risk of the tires throwing up debris was reasonably forseeable in the circumstances. The duty of the railroad is to guard against those risks or dangers of which it knew or should have known. In other words, the railroad's duty is measured by what a reasonably prudent person would anticipate or foresee in the circumstances.

Again, you should consider **all** the facts and circumstances in determining what a reasonably prudent person would have done or not done in those circumstances, and whether the defendant acted as such a reasonably prudent person would have acted in those circumstances.

If you find that an accident happened or an injury was sustained, either or both of those facts, standing alone, do not permit the jury to draw the inference that the accident was caused by anyone's negligence. A railroad is not liable for every injury incurred by one of its employees during the course of his or her employment. It is only liable if it was negligent, i.e., if it failed to use ordinary care in the circumstances.

So that's what negligence is. That's what the plaintiff alleges and has the burden of proving occurred, i.e., that the defendant railroad was negligent, that is, failed to use ordinary care in the process of attempting to put the truck on

the rails on July 19, 2002.

So Question # 1 puts the issue to you. It reads:

1. Has the plaintiff proven by a preponderance of the evidence that the defendant was negligent?

You answer that question "Yes" or "No."

If you answer Question # 1 "no," you need not answer any further questions. If you answer that question "yes," you must go on to Question # 2 dealing with the issue of causation. The plaintiff has the burden of proving by a preponderance of the evidence that the defendant's negligence was a cause of the injury which he suffered on July 19, 2002.

For the purpose of a claim under the Federal Employers' Liability Act, injury or damage is said to be caused or contributed to by an act or failure to act when it appears from a preponderance of the evidence in the case that the act or omission played any part, no matter how small, in bringing about or causing the injury or damage.

So if you find from the evidence in the case that any negligence of the defendant contributed in any way toward any injury or damage suffered by the plaintiff, you may find that such injury or damage was caused by the defendant's act or omission.

Stated another way, an act or omission is the cause of injury or damage if the injury or damage would not have happened but for the act or omission even though the act or omission combined with other causes.  Many factors or things or the conduct of two or more persons may operate at the same time either independently or together to cause injury or damage.

For the purpose of this claim, the plaintiff's burden is to show that the defendant was negligent and that that negligence, to whatever degree, was a cause of an injury to him.  The plaintiff does not have to prove that it was **the** cause or the major cause, just a cause of an injury to the plaintiff.

If you go to the jury verdict, you take a look at Question # 2, it sets out the causation issue.  The question reads:

2.  If the answer to Question # 1 is in the affirmative, has the plaintiff proven by a preponderance of the evidence that the negligence of defendant was a contributing cause of an injury to the plaintiff on July 19, 2002?

You answer that question "Yes" or "No."

If you have answered "no" to Question #2, you do not need to answer any further questions.  If you have answered "yes" to Question #2, you need to go on and answer Questions # 3 and # 4 which are the questions on whether or not the plaintiff himself was negligent, and if so, whether the plaintiff's own negligence caused his injury, and to what extent.

In addition to denying that it was negligent or that it caused any injury to the plaintiff, the defendant alleges as a further defense that some contributory negligence on the part of the plaintiff himself was a cause of any injuries and consequent damages plaintiff may have sustained.  Contributory negligence is fault on the part of the person injured which to some degree causes the injury.

By the defense of contributory negligence, the defendant in effect alleges that, even if it were guilty of some negligent act or omission, the plaintiff himself, by his own failure to use ordinary care in all the circumstances for his own safety, at the time and place in question, also contributed one of the causes of any injury he sustained.  Negligence in this context is defined in the same manner as I defined negligence above - the failure to use ordinary care - the care an ordinarily prudent person would use - in the circumstances at the time and place in question.

The burden is on the defendant alleging contributory negligence to establish by a preponderance of the evidence in the case that the plaintiff himself was at fault and that such fault was a contributing cause of the injury he sustained.

You have to consider all the evidence which bears on the issue, i.e.,  all

the evidence with respect to the circumstances in which the plaintiff found himself on July 19, 2002.

So the question of whether the plaintiff himself was negligent is put in Question # 3 which reads:

3.   If the answer to Question # 2 is in the affirmative, has the defendant proven by a preponderance of the evidence that plaintiff's negligence contributed to his injuries?

   Answer: _____   (Yes or No)

You answer that question "Yes" or "No". If you answer that question "no", you need not answer Question # 4 but may move directly to Question # 5 which deals with damages. If you answer Question # 3 "yes", you must go on to Question # 4 and determine the relative fault of the plaintiff and the defendant for the injury which the plaintiff sustained. This is expressed in terms of a percentage. You take as a given that the total fault is 100%. You then apportion a percentage to the plaintiff and apportion a percentage to the defendant such that the total fault equals 100%. The apportionment would depend on the extent to which each is at fault for the injury. If, for example, you find that the defendant's fault was greater than that of the plaintiff, the defendant's percentage would be higher than that of the plaintiff. On the other hand, if you find that the plaintiff's fault is greater than that of the defendant,

the plaintiff's percentage would be greater than that of the defendant. When you have made the determination, enter the percentages in the blank spaces next to the words "plaintiff" and "defendant" in Question #4 which reads:

4. If the answer to Question # 3 is in the affirmative, what is the proportion of the total negligence of the defendant and plaintiff which you apportion to each?

>   Answer:   Plaintiff   _____%
>             Defendant   _____%
>             _____
>             Total        100 %

If you have answered "yes" to Question # 2, you need to go on and decide what the damages are. I am going to tell you what the law is with respect to damages now.

With respect to damages the first principle that you must keep in mind is that the damages awarded must be reasonable. If you should find that the plaintiff is entitled to a verdict, you may award only such damages as will reasonably compensate him for the injury he suffered which were caused by the defendant's negligence.

You are not permitted to award speculative damages and you are not entitled to award punitive damages, that is, moneys to punish a party. The hallmark is compensatory damages. In other words, the effort, if you found

liability, is to compensate the plaintiff by a monetary figure for those losses he suffered as a result of the accident that would reasonably compensate him for the losses that he has sustained or as near as possible as can be done with money put him in the position that he would have been in had the accident not occurred.

Again, the damages must be reasonable; but on the other hand, the plaintiff is, if liability is found, entitled to a full and fair damage award which reasonably compensates him for all losses which are found to have been caused by the accident in question.

What damages should be awarded? In this case, plaintiff seeks damages for lost wages and pain and suffering which he has endured in the past, that is, from the date of injury to the date he returned to work.

Now, let's break these down.

We talked about past loss earnings.

The period for which the plaintiff is claiming past lost earnings is the period of approximately eighteen months from July, 2002 to January, 2004. The amount of the wages plaintiff claims was lost is $54,250 which represents the wages which the plaintiff would have earned from the railroad if he had worked during that period. And in that respect, he is entitled to an award of

that amount if you have found liability and find that, in fact, the injury caused the him to be unable to work during the period.

Now as to pain and suffering, the plaintiff is entitled to damages which will compensate him reasonably for any pain, suffering or mental anguish already suffered by him caused by the injury in question.

The terms physical pain and suffering are terms which I think the jurors can fairly understand. What is included in mental anguish is any mental suffering or emotional distress as distinguished from physical pain and suffering. The term embraces such states as fright, nervousness, grief, anxiety, worry, mortification, humiliation, embarrassment, apprehension, fear, things of that sort, if you, in fact, find that the plaintiff has suffered any of those, in the past.

As is obvious, I cannot give you a formula to ascertain the amount of these damages. There are no objective guidelines by which you could measure the money equivalent of these elements of injury. The only real measuring stick is the collective enlightened conscience of the jury and the common sense of the jury to determine the amount of these damages.

In this difficult task of putting a money figure on an aspect of an injury that does not readily lend itself to evaluation in terms of money, you should try

to be objective, calm and dispassionate and not to be unduly swayed by considerations of sympathy. On the other hand, you should bear in mind that although intangible, the plaintiff is entitled to be compensated in a reasonable amount for past pain and suffering and mental anguish which are caused by injury in question.

If you find that the plaintiff had a preexisting condition with respect to those points in his body where he was injured on July 19, 2002 and that the incident on July 19, 2002 caused the defendant to endure more pain and suffering than he would have had he not had the preexisting condition, the defendant is liable for the full amount of damage even though the pain and suffering was greater due to the preexisting condition. This is because, under the law, one who is negligent and thereby causes injury "takes the victim as he or she finds him or her." In other words, one who is negligent is responsible for injuries caused by the negligence, even if those injuries are greater because of some preexisting condition.

Now this does not mean that one who is negligent is responsible for pain and suffering that a person would have had anyway if the accident had not happened because of a preexisting condition which causes pain. One who is negligent is only responsible for the pain and suffering caused by his or her

15

negligence. However, under the law, if you find that the plaintiff would have experienced pain and suffering as a result of a preexisting condition even if the accident had not happened, and the jury is unable to apportion how much pain was caused by the accident and how much pain the plaintiff would have endured if the accident had not occurred, the plaintiff is entitled to an award which compensates him for all the pain and suffering which he had to endure after the accident regardless of whether or not he would have had to endure some of the pain if the accident had not occurred because of a preexisting condition.

Three last points: First, any award you make is not subject to either federal or state income taxation. Therefore, you are not to add any amount to your award to compensate the plaintiff for taxes which he might have to pay on the award.

Second, you may not include any amount in your award for court costs, interest or attorney's fees.

Third, in arriving at an amount for lost wages, you are not to consider any disability benefits which the plaintiff may have received. The interface between any disability benefits which the plaintiff may have received and any amount you award for lost wages is a matter of law which the Court will deal with after

trial. Therefore, you should not consider any issue with respect to any such payments in arriving at the amount of damages which you award to the plaintiff for lost wages.

So Question # 5 puts the issue of the damage award to you. It reads:

5.  If the answer to Question #2 is in the affirmative, what is the amount of damages which you award to plaintiff to compensate him for past lost wages and past pain and suffering of which the defendant's negligence was a contributing cause?

    Answer: $_____    (Indicate a dollar amount)

You answer the question by putting a dollar amount in the space provided.